Hung Ha
P. O. box 367
Berkeley, CA 94701-0367
E-mail address: seasprout9@yahoo.com **E-filing**

**FILED**
JUL 2 3 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

1 Plaintiff in Pro Per
Date:   July 23, 2007, Monday

2

**C07-03777 SBA**

3

UNITED STATES DISTRICT COURT

4

IN AND FOR NORTHERN CALIFORNIA

5

DISTRICT __

6

7

Hung Ha,
8       Plaintiff/Petitioner

Case no.: ▉▉▉▉▉▉▉

9       vs.

COMPLAINT AND PETITION FOR INJUNCTION

10  William E. McGuiness, Diana Herbert,
State of California,
11       Defendants/Respondent

12

13

14  <u>Date of incident/event</u>

15  July 26(plus five days' extension authorized by Cal. CCP sec.1913 ) 2006

16  <u>Location</u>

17       Court of Appeal in and for California, at 350 McAllister Street, SF,

18  CA  94102.

19  <u>Who</u>

20       William E. McGuiness, Administrative Justice of above mentioned Court of

21  Appeal

22       Diana Herbert, Clerk of Court of above mentioned Court of Appeal

23       State of California (respondent)

24  <u>Nature of this case</u>

25

26

27       A       remedy sought is injunction prohibiting Court of Appeal in and

28  for California from enlarging CCP sec.391 et seq (known as vexatious

Ha v. McGuiness, et al

1  litigant statute)  to encompass appeals.

2      This action as Petition for injunction seeks injunctive order prohibiting

3  State of California from employing/using a plainly illegal procedure under

4  CCP s.391.7 against indigent "vexatious litigants"  who seek appellate

5  review of trial court orders, judgments, and the like.The illegal procedure

6  employed by defendants and respondent is this: they refuse to allow the

7  "vexatious litigant" appellant to have record on appeal (consisting Clerk's

8  Transcript and Reporter's Transcripts), refuse to let him write his

9  Opening Brief and submit it to the court of appeal as a proposed Opening

10  Brief in support of  his application for leave to appeal, and then denies

11  his statutory right to appeal on the  ground that he fails to show by evidence

12  (which is the record on appeal,by definition) and  analysis of law and evidence

13  that that there are reversable errors, assuming for the sake of discussion

14  that judicial officers of the state court of California had the power to

15  enlarge (if not constrict/reduce) the explacit language and intent of

16  statutes of California, such as CCP s.391.et seq.

17      This action seeks injunction against McGuiness, prohibiting him from

18  holding the office of the Administrative Justice of Court of Appeal for

19  the First Appellate District.

20      This action seeks relief prohibiting defendnats from giving effect to

21  two court documents which are absolutely no evidence of anybody's right

22  or my obligation under CCP sec.391 et seq, whether or not it may  be

23  enlarged (if not constricted/reduced) in scope by judicial officers to

24  encompass appeals: namely, documents which purport to be order declaring

25  Hung Ha a vexatious litigant and a Prefiling Order to which Hung Ha is

26  being subjected to.

27

28

2

Ha v. McGuiness, et al

1                            Allegations RE Jurisdiction

2          This Court has jurisdiction for the following reasons:

3      (1)   28 USC sec. 1331 (federal question);

4      (2)   28 USC sec.1334 (civil right jurisdiction);

5      (3) 42 USC sec.1983 (injunctive reliefs).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuiness, et al

## Allegations RE Parties and Capacities

1) Petitioner is Hung Ha, who represent myself in this action.

2) Respondent is William E. McGuiness, who is employed as the Administ-ive Justice of  Court of Appeal in and for California located at 350 McAllister Street, SF, CA 94102.

3) Diana Herbert is another respondent, employed as Clerk of Court of said court of appeal.

3) State of California is Respondent.  It would be represented in this action by Justice Department of California.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ha v. McGuiness, et al

1                          Allegations RE duties/Obligations

2        1)   Plaintiff has no plain, speedy, and adequate remdy in the

3   ordinary course of law, other than the relief sought in this petition, in

4   that Respondents freely enlarge the scope and alter the purpose of CCP sec.391

5   et seq. to encompass appeals, in violation of the doctrine of separation of power,

6   in that Respondents emplye/use a plainly illegal procedure against those

7   dubbed "vexatious litigants", in that Respondents continue to giv e effect

8   to two documents which purport to be orders of Superior Court of California

9   where they are, in truth, not court orders at all and are deemed reversed by

10  operation of law as of Jan. 23, 2007 pursuant to Cal. CC s.1511, and

11  sec. 1512.

12       2)   Respondents are under duty to  act within the scope of alw which

13  is defined by Cal. CC sec.22and sec.22.1 plus CC sec.22.2.   Respondents'

14  acts complained herein are outside the boundaries of law defined as such.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuiness, et al

1                          Allegations RE Definition

2    (1)    "White collar crime"

3        See please Edwin H. Sutherland, White Collar Crime: The Uncut Version

4    7 (1985); see also Bureau of Justice Statistics, US Department of Justice,

5    Dictionary of Criminal Justice Data Terminology 215 (2d ed. 1981).

6        A white collar crime is typically a crime committed by a person of great

7    respectability and great social-economic status, by means of deception,

8    using his professional or special skill, knowledge, organizational resources

9    for financial gains/advantages or other personal interests unauthorized by

10   law.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuiness, et al

1                          Allegations RE Background

2          In the background of this proceeding, there is an on-going conflict

3     between me (petitioner) and those who have committed very violent crimes

4     on March 4, 2001 in two minutes between 6:45 p.m. and 7:00 p.m.

5     on the second floor of Dwinelle Hall, UC Berkeley, and  the subsequent

6     white collar crimes intended to cover up those violent crimes on an innocent

7     victim and innocent witness. This description is based on  court records

8     of all cases to which I am a party since March 6, 2001 plus additional court

9     records which may  come into existence.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## Allegations RE Respondents' Activities

2    On July 26, 2006, a mail was postmarked, and it was delivered to me

3    on the next day, July 27, 2007 at P. O. box 367, Berkeley, CA 94701,

4    containing what purported to be Order of Court of Appeal, issued by

5    Justice McGuiness, Administrative Justice of that court, and served on

6    me by diana Herbert, Clerk of Court, in/pertaining to Ha v. Ross,et al.

7    That  document says that I was found by Judge James A. Richman on

8    motion made by the State of California appearing by Justice Department

9    of California, to be a "vexatious litigant", and was subject to a prefiling

10   order executed by Judge Richman, in Ha v. Ross. I allege that is false.

11   I allege that both orders do not exist at all as of July 26, 2006.

12   That aforesad order issued by Justice McGuiness says  that CCP sec.391.7

13   encompass appeals.  I allege that is false; I allege that by plain language

14   rule of statutory construction, CCP sec.391 et  seq. is simply not applicable

15   to appeals.

16   The procedure which Herbert and Justice McGuiness impose on an

17   indigent appellant, who proceeds in forma pauperis, is this:  they deny

18   to him the record on appeal (which is the evidence for  him to substantiate

19   statements in his application for leave to appeal), deny to him the

20   opportunity to propose a Opening Brief (submit a proposed opening brief),

21   yet despite his explanation of why he should be allowed to appeal is valid,

22   terminate his appeal on the ground that his explanation fails to show by

23   producing evidence and legal analysis that he does have a valid legal

24   argument  in support of his intent to appeal trial court orders, rulings,

25   judgment.   I allege that such a procedure is plainly unauthorized by law.

26   I allege that the proper procedure is this: the indigent appellant be provided

27   with the record on appeal, submit a proposed  opening brief in support of

28   his written explanation of why he has a valid legal argument in support of

Ha v. McGuiness, et al

(Activities, cont)

1    his intention to appeal.  Then the Administrative Justice looks at the

2    proposed OB. If the Administrative Justice finds it containing a valid

3    argument in support of the intent to appeal, then Justice orders that the

4    Proposed OB be filed, and a briefing schedule be issued so that Respondent

5    is obligated to respond to that filed OB. The procedure used by respondents

6    differents greatly, fundamentally from that one I envision (out of common

7    sense).  I allege that Respondent's procedure is plainly illegal and

8    as such, it has no force of the law.

9    By the aoresaid "order" of Justice McGuiness's, my appeal in Ha v. Ross

10   was terminated.   That effect further paved way for another effect, which

11   materialized on Jan. 23, 2007, on which justices of Division one of said

12   court of appeal "granted""motion" by Patton Wolan  & Boxer for order of

13   dismissal in Ha v. Ross.   The "order" dated July 26 2006 (postmark date)

14   was essential to the aforesaid subsequent "order" dated Jan. 23, 2007.

15   By Jan. 23, 2007, one can tell what the prior order, dated July 26, 2007

16   (postmark date) could be intended to achieve.

17   One thing was or could be accomplished by the "order" dated as of

18   July 26, 2006: i.e., to keep the "orders" making me a vexatious litigant

19   under a prefilng order from direct attack on appeal or, where appeal is

20   recharacterized as a writ proceeding, a petition for a writ.

21   In a larger context than that of the preceeding paragraph, an effect

22   of the order dated July 26, 2006  is to shield the defendants to Ha v. Ross,

23   Ha v. Harrison, and similar related cases from the reach of the law,

24   the law of  California and the law of U.S.

25   Ca

26

27

28

Ha v. McGuiness, et al

Allegations RE Causes of Action

1

2  Allegations RE 42 USC sec. 1983:

3       I am a U.S. citizen at all time RE period concerned in this proceeding.

4       Respondents' acts or omission have been under color of state law,

5  usage, customs.

6       42 USC sec.1983 may be invoked to redress  wrongdoing via injunction,

7  where respondents are state government or its officials.

8       My causes of action are based on First Amendment, 4th Amendment,

9  14th Amendment (due process, and equal protection of law), in connection

10  with 42,USC sec.1983.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuiness, et al

1                      Allegations RE Reliefs Sought

2          Wherefor, Petitioner prays:

3      1)  Respondents cease enlarge CCP  sec. 391 et seq. to encompass appeals;

4      2)  respondent provide vexatious litigant appellant (a) with record on

5      appeal (where he is proceeding as indigent appellant, in forma pauperis),

6      (b) with the opportunity to write his Opening Brief and submit it as

7      Proposed Opening Brief in support of his application for leave to appeal:

8      i.e., a different procedure from what has been imposed on me;

9      3)  respondents cease to give effect to two legal documents which purport

10     to be order of state of California declaring Hung Ha a vexatious

11     litigant and its concomittant Prefiling Order, made out by Judge James A,

12     Richman.
                              -er
13     4)  Respondent allow Petition to proceed with his appeal in Ha v. Ross

14     to its logical cconclusion, where Petitioner's has perfected his appeal

15     but for Respndents' unlawful activities.

16     5)  monetary damages in the sum of ____, and

17     6)  costs of this proceeding (including reimbursement to the federal court

18     for all fees waived).

19

20     Date: July 23, 2007

21     _____

22     Hung Ha
       Petitioner in Pro Per
23

24

25

26

27

28

                              11

Ha v. McGuiness, et al

## Verification

1

2    I, Hung Ha, am the Petitioner in this proceeding.  I have read the

3    foegoing petition and know its content.  The facts stated herein are

4    true and are within my personal knowledge.

5    I declare under penalty of perjury under the law of U.S. that the

6    foregoing is ture and correct, on this July 23, 2007, in Berkeley,City,

7    Alameda County, California State, U.S.A.

8

9    _____

Hung Ha

10   Declarant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28