**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| HUNG HA, | No. C 07-3777 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 2] |
| WILLIAM E. MCGUINESS, et al., | |
| Defendants. | |

This matter comes before the Court on plaintiff Hung Ha's Application to Proceed *In Forma Pauperis* on Appeal [Docket No. 2]. For the following reasons, the Court DENIES plaintiff's application.

## **LEGAL STANDARD**

The benefit of proceeding *in forma pauperis* is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1121, 1231 (9th Cir. 1984). Pursuant to 28 U.S.C. § 1915(a)(1), "[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, the statute also authorizes the district court to dismiss a claim filed *in forma pauperis* "at any time" if the Court determines that: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

*Pro se* pleadings must be liberally construed. *Balisteri v. Pacifica Police Depot*, 901 F.2d 696, 699 (9th Cir. 1988). However, when reviewing a complaint the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("conclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim"); *Sprewell v. Golden State Warriors*, 266 F.3d

1187 (9th Cir. 2001); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim"). Leave to amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 659 (9th Cir. 1992). But if a plaintiff's complaint is found to be deficient and an amendment could possibly cure the deficiency, the complaint must be dismissed with leave to amend. *See Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

## ANALYSIS

### A.  Plaintiff's IFP Application

The benefit of proceeding IFP is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1121, 1231 (9th Cir. 1984). To obtain this privilege, Ha must demonstrate, to the Court's satisfaction, his inability to pay the requisite fees and costs. *See Williams v. Marshall*, 795 F. Supp. 978, 979 (N.D. Cal. 1992). A statement of poverty is sufficient if it demonstrates that the applicant cannot pay court costs and still be able to provide himself with the necessities of life. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). The facts concerning the applicant's poverty must be stated with some "particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). The Court has discretion to make a factual inquiry into Ha's financial status and to deny his request to proceed IFP where he is unable or unwilling to verify his poverty. *Id*. If the Court determines that Plaintiff's allegation of poverty is untrue, it shall dismiss the case. 28 U.S.C. § 1915(e)(2).

Here, Ha's IFP Application, taken at face value, demonstrates that he is unable to pay the requisite fees and costs. Ha alleges that he is not employed, has no income, and has monthly expenses ranging from $350-$400. Assuming that Ha is being truthful in his IFP application, which he signed under penalty of perjury, based on the foregoing, the Court concludes that Ha is unable to pay the filing fee.

### B.  Plaintiff's Complaint

However, Ha's complaint fails to state a claim upon which relief can be granted. The

2

1 District Court is statutorily directed to dismiss a claim filed *in forma pauperis* if the Court
2 determines that the action fails to state a claim.  *See* 28 U.S.C. § 1915(e)(2).

3 Here, it is unclear what causes of action, if any, Ha is seeking to present to this Court.
4 However, construing the allegations in the light most favorable to Ha, it appears that Ha is asking
5 this Court to do either one or both of the following: 1) review a prefiling order of the California
6 Court of Appeal denying Ha's request to file an appeal in a state court lawsuit because he has been
7 declared a vexatious litigant; and 2) declare that the California Vexatious Litigant Statute, California
8 Code of Civil Procedure §§ 391 *et seq.*, is unconstitutional insofar as it encompasses appeals.
9 These, however, the Court cannot do.

10 To the extent Ha is seeking review of a state court order, Federal district courts may not
11 exercise appellate jurisdiction over state court judgments. *See Worldwide Church of God v. McNair*,
12 805 F2d 888, 890-891 (9th Cir. 1986).  To the extent Ha is seeking that this Court declare the
13 California Vexatious Litigant Statute unconstitutional, this Court has previously analyzed this issue
14 in depth and determined that it is not unconstitutional. *See Wolfe v. George*, 385 F.Supp.2d 1004,
15 1014 (N.D. Cal. 2005) (Armstrong, J.) (California Vexatious Litigant Statute does not violate the
16 First, Fifth, Eighth or Fourteenth Amendments).

17 Consequently, the Court concludes that Plaintiff's complaint fails to state a claim.

## **CONCLUSION**

19 IT IS HEREBY ORDERED THAT Ha's IFP Application is DENIED WITHOUT
20 PREJUDICE and the Ha's complaint is DISMISSED WITHOUT PREJUDICE.  Ha is granted leave
21 to re-file his IFP Application and to file an amended complaint, by no later than 30 days from the
22 date of this Order, that specifically sets forth each cause of action that Ha seeks to bring against each
23 defendant and factual allegations sufficient to support each cause of action.  If Ha fails to file an
24 amended complaint that complies with this Order within the time period allotted herein, this action
25 shall be dismissed without further notice to Ha pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

26 IT IS HEREBY ORDERED THAT a Case Management Conference is scheduled for **March**

1 **5, 2008 at 2:30 p.m.** The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order For All Judges Of The Northern District Of California and the Standing Order of this Court. Plaintiffs shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.

Date:   10/22/07

*Saundra B Armstrong*
Saundra Brown Armstrong
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

HUNG HA,

          Plaintiff,

v.

WILLIAM E. MCGUINESS et al,

          Defendant.

Case Number: CV07-03777 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 24, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Hung Ha
P.O. Box 367
Berkeley, CA 94701-0367

Dated: October 24, 2007

          Richard W. Wieking, Clerk
          By: LISA R CLARK, Deputy Clerk

5