Hung Ha
P. O. box 367
Berkeley, CA 94701-0367
U.S.A.
Plaintiff in Pro Per
Nov. 26, 2007

FILED

NOV 2 6 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

1

2

3

4   UNITED STATES DISTRICT COURT

5   IN AND FOR NORTHERN CALIFORNIA

6

7   HUNG HA,  on behalf of himself and all others similarly situated
           Plaintiffs/petitioners

8

        vs.

9

10

William E. McGuiness, Diana Herbert, Stein, Swager, Margulies, Marchiano,
11  Donald M. George, Pat Sweeten, April Boekl, Ruby Atwal, Robert L. Dondero,
Gordon Park-Li,  Jerry Brown, U.S. Department of Justice, U.S. Department
12  of Education, U.S. State Department, Bank of Ameirca, NYU School of Law,
           Respondents

13

14

15   FIRST AMENDED complaint/petition

16

17

18

19

20  Plaintiff demand jury trial on (issues of facts)

21

22   Case #: C07-03777 SBA

23

24   [signature]

25   _____
     Hung Ha

26

27

28

Topical Index/Table of Content

1  abbreviations p. 2
2  directory p 3
   statement of case p 4
3  allegations re jurisdiction p 5
   venue p 6
4  statute of limitation p 7- p 9
   doctrine of absolute immunity p 10- p 11
5  immunity as to McGuiness and Herbert p 12

6  invalidity of vexatious litigant orders  p 13
   demand for jury trial  p 14
7  definitons p 15 to p 25
   plaintiff/petitioner and capacities p 26
8  class A p 27- p 39
   class B p 40
9  class c  p 41
   class  D   p 42
10  class e  p 45
   class f   p 46
11  defendants/respondents and capacities  p 47 to p 59
   COA A claim 1 p 60
12         2 73
           3 p 77
13         4  80
           5   84
14         6   88
           7   92
15         8   96
           9  101
16        10  107
          11  109
17        12  111
          13  113
18        14  130
          15  139
19        16  143
          17  163
20        18  165
          19  167
21  COA B Claim 1  p 171
   COA C        p 172
22  D  p 175
   E    178
23  F    182
   G    184
24  H    187
   I    170|
25  J    192
   K    194
26  L    196
   M    204
27  N    206
   O    209
28  injuries, obligations, indebtedness, damages, losses  p 212
   reliefs sought  p 223 (blank)
   verification  p214

Ha v. McGuiness et al, C07-037777 SBA

1                          Abbreviations Used in Pleading

2    APJ          the Administrative Presiding Justice of a district court of
                  appeal in and for California (e.g., APJ William E. McGuiness
3                 of first appellate court of appeal, SF, CA).

4    P.J.         the Presiding Judge of a county's Superior Court of California
                  (e.g., Alameda County Superior Court at 1225 Fallon St.,
5                 Oakland, CA 94612, P.J. George Hernandez, at Dept. 1).

6    OB           Opening Brief submitted in a misdemeanor appeal to the
                  appellate department of a county's superior court, or
7                 in a civil appeal from superior court to a district court
                  of appeal in and for California.

8    DCA          District Court of Appeal (e.g., Court of Appeal for the
                  First Appellate District, located at 350 McAllister Street,
9                 San Francisco, cA 94102).

10   CT           Clerk's Transcript, which, along with Reporter's Transcripts,
                  make up the record on appeal.

11   JN           Judicial Notice

12   RJN          Request for Judicial Notice

13   RT           Reporter's Transcript, which, togather with CT, makes up
                  the normal record on appeal

14

15   COA          Cause of Action   See Witkin's Civ.Proc.4th Ed. Pleading,
                  section 26, at p.ii; s.24, at p.85. (defition/meaning).
16

17   SMJ          Subject Matter Jurisdiction

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuiness, et al, C07-037777 SBA

1    <u>Directory</u>

2    Hung Ha                    P. O. box 367, Berkeley, CA 94701-0367
                                <u>www.jamesha@planet-save.com</u>

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuiness, et al, C07-037777 SBA

<div align="center">Statement of the Case</div>

1

2    This action consists of one main action and several smaller

3    actions.

4        In the main action, Plaintiff/petitioner's primary right arises

5    from the truth that I, Hung Ha, is under no obligation imposed by

6    operation of the vexatious litigan t statute, CCP s.391.et seq.I

7    do not owe such an obligation arising under CCP s.391.7 to the state

8    government of California.  Thus, I have the primary right to sue to

9    stop its officials from imposing on me a CCP s.391.7 obligation on

10   teh ground that the federal alw provides appropriate remedies.

11       A number of small actions result from theoperation of the

12   doctrine of absolute immunity for judicial officers, adopted by

13   California court .or adopted by its  judicial officers. As the

14   dotrine costs my lawsuits in Ha v. Ross, et al, 2002074172 (Alameda)

15   and Ha v. Harrison et al, 2002077102 (Alameda), equity demands

16   allevation of hardship and misfortune that the doctrine's operation

17   causes to me.

18       There is also a number of small actions for the purpose of

19   initiating investigation of high crimes.

20       There are about three small light-hearted actions requiring
     Clerks of courts for Alameda County and SF County to do something
21   pretty simple if/although, in the situation
     of Alameda County's Clerk, fairly laborious, tedious,
22

23       To about two minutes between approxmiately 6:45 p.m. and 7:00 p.m.

24   on March 4, 2001, Sunday, on the second floor of Dwinelle Hall of

25   UC Berkely, may this action be traced to, through  the shadowy

26   courthouses where the First appellate district court of appeal,

27   Supreme court of California, and Alameda. Can paper wrap fire?  Yes or no?

28   Court records of my cases filed in that period show  that paper can wrap  fire.
     That already has happened in state courts.  How about federal court?

<div align="center">p. 4</div>

Ha v. McGuiness, et al, C07-037777 SBA

1                        Allegations RE
                   Subject Matter Jurisdiction

2        This Court has original jurisdiction by reason of 28 USC s.1331,

3    as more fully set forth hereinafter.  Moreover, the Court has jurisdiction

4    by reason of 28 USC s.1332, as more fully set forth hereinafter (diversity).

5        The Court also has jurisdiction by reason of 28 USC s.1367

6    (supplemental jurisdiction) as more fully set forth hereinafter.

7

8

9        The Court has SMJ by reason  of 28 USC s.1334 (civil rights).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuiness et al, C07-037777 SBA

1                    ,       Venue, Allegations RE

2          Hung Ha, who suffers from the wrongful acts of Justice McGuiness

3    et al, has been residing in Alameda Count, California, throughout

4    the entire period concerned in this action.

5          The wrongful acts complained herein have occurred and have been

6    occuring in Alameda County and San Francisco County, and

7    more specifically, in downtown Oakland and downdown San Francisco.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuiness et al, C07-037777 SBA

1              <u>Statutes of Limitation, Allegations RE</u>

2         This action was filed on July 23, 2007.

3         On July 25, 2005 (twenty fifth of July), Post Office of

4    San Francisco postmarked a first class mail containing what purported

5    to be an order issued by APJ McGuiness in connection with Ha v.Ross, et al,

6    2002074172 (Alameda Superior Court, Dec. 2, 2002 filing date),

7    A114018 (1st DCA), and said "order" purported to deny Hung Ha's

8    "application for permission to appeal" a portion of the same

9    underlying superior court action to which portion A114018 was

10   assigned by the First District Court of Appeal of California.

11   CCP s.1013 extends time in which to respond by five days from

12   the date of postmark which was, here, July 25, 2006.    (Thus,

13   the filing date of July 23, 2007 was within one year of July 25, 2006.)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuiness et al, C07-037777 SBA

1                    SOL, Allegations RE (cont)

2    RICO

3        For RICO as applied in California, the statute of limitation

4    is four years, and it may be tolled,

5        Wrongful acts involved in this action began at about 6:45 p.m.

6    and 7:00 p.m. on March 4, 2001, continuing through the present and

7    beyond.

8        I allege or claim that SLO was tolled till February 16, 2005, as

9    to wrongful acts which had occurred since March 4, 2001 and up to

10   Feb. 15, 2005.

11       From July 2003 to Feb. 16, 2005, I survived, because  of good luck

12   or lucky breaks.

13

14   People v. Ha, 166802 (Alameda)

15       Pronounced on January 9, 2002, judgment of conviction became

16   final on the date when remittitur was issued on Dec. 18, 2006.

17       It is a thoroughly fraudulent document, within the meaning

18   of mail fraud.

19

20   vexatious litigant orders

21       It was on Jan. 24, 2005, Judge James A. Richman executed

22   an order declaring Hung Ha a vexatious litigant, and a prefiling

23   order.

24       Such and related documents are within the meaning of mail fraud

25   and wire fraud.

26   APJ McGuiness's orders

27       These orders have been issued within the past two years.  They

28   are within the scope of mail fraud and wire fraud.

Ha v. McGuiness, et al, C07-037777 SBA

1                              SOL, Allegations RE   (cont)

2        Ripeness

3            The controversy involved in this action was unripe till my

4        appeals in Ha v. Ross, et al, 2002074172 (Alameda Superior court)

5        and Ha v. Harrison, et al, 2002077102 (Alameda) have been finished

6        or otherwise come to the deadend.   That is because primarily both

7        cases are really same action technically split/distinguished as

8        two cases, and it was in that case/action, Judge James  A. Richman

9        executed an order declaring me a "vexatious litigant" and a Prefiling

10       order on the motion of three "state defendants", who were apparently

11       Judge Winton McKibben, Judge Thomas Reardon, and the State of

12       California. There are no  other order declaring me a vexatious

13       litigant, and no other prefiling order executed bewteen then and the

14       presnet.

15           The wrongful acts of McGuiness et al involved in this action

16       are based on said declarative order and prefiling order.

17           Some of those acts had occurred more than one year  prior to

18       July 25, 2006, on which aforesaid order in connection to Ha v. Ross,

19       A114018 was apparently issued by Justice McGuiness.

20

21

22

23

24

25

26

27

28

Ha v. McGuines~~~ et al, C07-037777 SBA

1              Doctrine of Absolute Immunity
               for Judicial Officers,
2                   Allegations RE

My/our Position

3       I claim that the doctrine of absolute immunity for judicial

4  officers of the State of California is absolutely illegal.

5       I claim that said doctrine is neither legal, nor is it necessary.

6       I, as an individual and as the representative of Class which

7  consists of Californians, and the representative of Class that

8  consists of the population of U.S., reject the rationale advanced

9  by the justices of the U.S. Supreme Court, with, of course, great

10  deal of respect to said justices.

11  limit on standing

12      My standing in this matter is limited to challenge to the said

13  doctrine as it relates to trial court judges and court of appeal

14  justices in the state court system of California.

15      I have standing to mount this challenge because I am aggrieved

16  by the wrongful acts of said judicial officers of California in these

17  cases of mine: People v. Ha, Ha v. Rhoden I, Ha v. Rhoden II, Ha v. Aranas,

18  Ha v. Kochis, Ha v. Fry, Ha v. Alameda (petition for relief from tort

19  claim procedure), Ha v. EDD (or Ha v. CUIAB), Ha v. Alameda (regular

20  lawsuit), Ha v. Ross, et al, Ha v. Harrison, et al, so forth.

21

22  Evidentiary basis

23      My evidence primarily consists of court records of above referenced

24  cases (including petitions for review submitted to the Supreme Court

25  of California), in the period which commenced on March 6, 2001 on

26  which date Complaint of People v. Ha, 166802 (Alameda) was filed against

27  me.

28  Coup and treason

Ha v. McGuiness et al, C07-037777 SBA

1   <u>coup/treason</u> (cont)

2       I claim that a shadowy, illegitimate government has been

3   created, preserved, maintained, in continuous operation,by judicial

4   officers of state court of California, who falsiy court records and

5   use the armed force of sheriff departments and police departments

6   throughout California. (See, e.g., Cal. Gov. C. s.6200, re

7   falsification of court records.)

8       The constitution and statutes of Califronia abolished, via

9   deception, by the aforesaid shadowy, illegic government.   (An

10  assumption is made that said Constitution and statutes are

11  sufficiently wholesome.)

12      The Constitution and statutes of U.S. as applicable to

13  California are in effect abolished, via deception, by the aforesaid

14  shadowy, illegitimate government/enity.

15

16  <u>impenetrable armor</u>

17      To the extent that Amor is virtually impenetrable, the wrongdoing

18  approaches infinity.    The doctrine of absolute immunity forges

19  such Armor, or creates a reasonable possiblity that such an armor

20  can be forged.

21

22  <u>rationale of our position</u>

23

24

25

26

27

28

Ha v. McGuiness, et al, C07-037777 SBA

1

                    Allegations RE Absolute Immunity
                       as to APJ McGuiness and
2                          Ckerk of Court
                    _____

3          Even if the doctrine of absolute immunity were not invalid, I

4     claim that the said doctrine does not shield APJ Mcguiness from being

5     sued in federal court in this action, nor Herbert for her

6     participation in APJ McGuiness's activities against me, in

7     connection with CCP s.391.7 proceedings.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuines⌣ et al, C07-037777 SBA

1
2                                    Invalidity of Vexatious Litigant
                                    Orders, Executed on 1/24/05
                                    by Judge J.A. Richman,
                                    Allegations RE

3      <u>Claim</u>

4              I claim that the Order executed on January 24, 2005 by Judge
         C
5      James A. Richman declaring Hung Ha a "vexatious litigant" and the

6      Prefiling Order executed by the smae on the same day are void

7      on the face of judgment roll, or record, or on the very face of

8      the document itself.

9              I support of the aforesaid claim, I allege facts as follows.

10     <u>Facts</u>

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27     footnote:  This matter is potentially critical because federal court
       has the rule  that it does not review state court judgments, if, as
28     I may add, said judgments are not void on face of judgment rolls or
       the very documents evidencing said judgments.

p. 13

Ha v. McGuiness et al, C07-037777 SBA

1              <u>Allegations RE Demand for Jury Trial</u>

2         I, Hung Ha, demand jury trial on issues of facts on behalf of

3    myself and similarly situated persons in class action.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuines~ et al, C07-037777 SBA

1                     Allegations RE Definitions (judicial notice)

2    "white collar crimes"

3         See Edwin H. Sutherland, White Collar Crime:  The Uncut Version

4    7 (1985);  see also Bureau of Justice  Statics, US Department of

5    Justice, Dictionary of Criminal Justice Data Terminology 215 (2d ed,

6    1981).

7         A white collar crime is typically a crime committed by a person

8    of great respectability and great socio-economic statuts, by means of

9    deception, using his/her professional or special skill, knoledge,

10   organization's resources or power/authorityto advance interests

11   unauthorized by law or unacceptable in ethics.

12   "adjudicate" or "adjudication"

13        "the determination of a controversy and pronouncement of a

14   judgment based on evidence presented; implies a final judgment of

15   the court or other body deciding the matter, as opposed to a

16   proceeding in which the merits of the cause of action were not

17   reached. . . ." Barron's Law Dictionary.  Steven H. Gifis (copyright

18   1984), p.11.

19   " administration" (adjective: "administrative")

20        "The management of affairs"; The management of any institution,

21   public or private"; "the term of office of an executive officer

22   or body".  THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE,

23   NEW COLLEGE EDITION. (copyright: 1969 to 1978), p.17.

24   "abuse"

25        "To use wrongly or improperly; misuse" ;  "To hurt  or injure

26   by maltreatment".  "To assail with contemptuous, coarse, or

27   insulting words; revile".  American, supra.

28

Ha v. McGuiness et al, C07-037777 SBA

1    (definitions, cont)

2    "vexatious litigation"

3        "civil action shown to have been instituted maliciously and

4    without probable cause, and one which may be protected against by

5    injunction.  See 11 N.Y.S.2d 768, 772". Barron's, supra.

6        See also Cal. Const. art. 1, s.2(a); CCP s.425.16(a) and (e).

7    "judge"

8        "'Judge' means judges of the superior courts, and court commis-

9    ssioners and referees".  CCP s.170.5(a). STANDARD California Codes,

10   2006 Edition, CCP section p.35. The term "judge" does not include

11   justices of court of appeal in and for California; nor the justices

12   of the Supreme Court of California.  Nor does the term, "judge",

13   encompass the presiding administrative justice of a district court

14   of appeal in and for California.

15   "evidence"

16       "all the means by which any alleged matter of fact, the truth of

17   which is submitted to investigation at judicial trial, is established

18   or disapproved. . . . Evidence includes the testimony of witnesses,

19   introduction of records, documents, exhibits, objects or any other

20   probative matter offered for the purpose of inducing belief in

21   the party's contention by the fact-finder.  An allegation is not

22   itself evidence but rather is something to be proved or disaproved

23   through the introduction of competent admissible evidence".

24   Barron's, supra, p 165.

25   "allegation" in pleading

26       "an assertion of fact; the statement of the issue which the

27   contributing  party is prepared to prove".  Id., p.19.

28

Ha v. McGuiness, et al, C07-037777 SBA

(Definitions, cont)

1   "record on appeal" as evidence

2        For purpose of appeal, record on appeal is the evidence which

3   is admitted in the court of appeal.  See Cal. Rules of Court, rule 5

4   (Clerk's Transcript); rule 9 (pr-or to 2007 renumbering rules).

5   "litigation"

6        "a controversy in a court; a judicial contest through which

7   legal rights are sought to be determined and enforced.  The term

8   refers to civil actions. 34 F.Supp. 274, 280".  Barron's, supra, 275.
        See CCP s.391(a).
9        See also CCP s.391.7(d).The term "includes  any petition,

10  application, or motion other than a discovery motion, in a proceeding

11  under the Family Code or Probate Code, for any order".

12  "new"

13       "Of recent origin; having existed only a short time; lately

14  made, produced, or grown . . . "  "Net yet old; fresh; recent. . . "

15  "Freshly introduced; unfamilar; unaccustomed".  "Begun afreshstarted in

16  repetition. . . "  "Different and distinct+from what was before." . . ' '

17  America, supra, pp 883-4.

18       these words, "new", "novel", "original", are synonyms. Id. p 884.

19       See CCP s.391.7(a).

20  "appeal"

21       The term, "appeal", means "a resort to a higher court for the

22  purpose of obtaining a review of a lower court decision and a reversal

23  of the lower court's judgment or the granting of a new trial . . . .

24  Barron's, supra, p 24.

25       "Appeal is the submission of a lower court's disposition of a

26  matter to the review of a higher court.  One purpose of appeal is to

27  assure the correctness of lower court dispositions. . . . Another

28  purpose of appeal is institutional review to assure uniformity in

Ha v. McGuiness, et al, C07-037777 SBA

1    (Definition, cont)

2    the application of law and to furnish guidance to the lwoer courts".

3        See also People v. Carpenter,36 CA2d 760, 765 (1939).  There

4    the Court of Appeal said: "Law exist to promote justice; courts of

5    appeals are provided to render justice doubly sure".

6    review"

7        The term, "review", means "judicial reexamination of the

8    proceedings of a court or other body; a reconsideration by the same

9    court or body of its former decision; often used to express what

10   an appellate court does when it examines the record of a lwoer

11   court or agency determination on appeal". Barron's, supra, p 414.

12   "appellate court"

13       The phrase menas "a court having jurisdiction to review

14   the law as applied to a prior determination of the same case; 'not a forum

15   in which to make a new case.  It is merely a court of review to

16   determine whether or not the rulings and judgment of the court

17   below upon the case were correct.! 24 S.E. 913 A trial court first

18   decides a law suit in most instances, with review then available

19   in one or more appellate courts". Barron's, supra, p.25.

20

21   "action" (pendency)

22       CCP s.1049 provides: "An action is deemed to be pending from

     the time of its commencement until its final determination upon

23   appeal, or until the time for appeal has passed, unless the

24   judgment is sooner satisfied." Standard California Codes, 2006 edition.

25   CCP p.416.  (See also CCP s.577. Id. p.196 [judgment defined];see definition
26   or elements of "malicious prosecution".)

27   "commencement"

28       CCP s.411.10 provides: "A civil action is commenced by filing a
     complaint with the court". Id., CCP p.100.

1  (Definitions, cont)

2  "final determinations"

3      CCP s.577 provides: "A judgment is the final determination of the

4  rights of the parties in an action or proceeding".  Id., CCP p. 196.

5  See also CCP s.391(b).  Id., p.83.

6

7  "litigation" (additional)

8      CCP s.391(a) states: "'Litigation' means any civil action or

9  proceeding, commenced, maintained or pending in any state or

10  federal court".  Id., p.83 .

11  "merits"

12      The term, "merits", means "the substance of a litigant's claim

13  or refutation of a claim; the various elements that enter into or

14  qualify plaintiff's right to the relief sought, see 271 U.S. 228, or

15  defendant's right to prevail in his defense; the totality of the

16  elements of a party's claim that tend to establish or refute the

17  validity or credibility of his cause; the grounds of an action

18  or defense.  112 F.2d 886, 887".  Barron's, supra, p.292.

19      Whether a party's legal action "has merits" refers to

20  whether it is intended to seek social justice and due administration

21  of law , as opposed to or distinguished from the purposes of

22  "malicious prosecution". (See PAJ McGuiness's "orders".)

23  "to show" or "showing"

24      The term, "showing", means "[a] presentation of evidence, facts,

25  or figures".  American, supra, p.1200.

26      See Sanders  v. Warren, 106 CA2d 707 (1951).

27      (See PAJ McGuiness' "orders", requiring "showing".)

28

Ha v. McGuiness, et al, C07-037777 SBA

1    (Definitions, cont)

2    "Explain:"

3        "To make plain or comprehensible; remove obscurity from;

4    elucidate".  "To define; explicate; expound".  "To offer reasons

5    for or a cause of; answer for; justify".  Aerican, supra, p.462.

6        These synonyms, "explain, elucidate, expound, explicate, interpret,

7    construe", "mean to make the nature or meaning of something clear.

8    Explain  is most widely applicable, since it has the fewest

9    special implications".  Id.

10        (See Herbert's forms  for the requirement of explanation.)  (E#_ )

11

12    "absolute"

13        "1. Perfect in quality or nature; complete.  2.  Not mixed;

14    pure; unadulterated.  3. a. Not limited by restrictions or exceptions;

15    unconditional.  b. Unqualified in extent or degree; total;  4. Not

16    limited by constitutional provisions or other restraints.  . . . 6. Not

17    to be doubted or questioned; positive; certain. . . .  9. Law. Complete

18    and unconditional; having no encumbrances; final".  American, supra,

19    pp.4-5.

20        For example, judicial immunity is said to be"absolute".

21    Litigation privilege codified as Cal. CC s.47 is also said to be

22    "absolute".  As exercised by an attorney of California in representing

23    someone, CC s.47 privilege is "absolute".

24

25

26

27

28

Ha v. McGuiness, et al, C07-037777 SBA

1    (Definition, cont)

2    "kill"

3    "—tr.1.a. To put to death; slay; b. To deprive of life. . . . 2.

4    To put an end to; extinguish.  3. To harm greatly; to ruin. . . .

5    6. To cause extreme pain or discomvoft to. . . . —intr. To be

6    fatal; cause death or extinction. . . . 2. To commit murder".

7    Aerican, supra. p. 720.

8          "Murder is the unlawful killing of a human being . . . with

9    malice aforethought".  Cal. PC s.187(a). California PENAL CODE,

10   2000 Desktop Edition, p.57.  See also PC s.189 (degrees of murder);

11   PC s.188 (malice defined).  Id. PC s.21a defines "attempt".  Id. p7.

12         To attempt to kill may be, therefore, defined as above.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuiness, et al, C07-037777 SBA

1   (Defintions, cont)

2   "property"

3       A person's cause of action is property within the meaning of

4   the 14th Amendment.

5       It is anything but "think air", which can be trashed, for any

6   reason or no reason, or in a manner that is arbitary, capricious,

    whimsical.

7

8       Think of how Justice McGuiness et al treat my causes of

9   action in my civil rights actions, which are related to matters of

    People v. Ha, 166802 (Alameda 2001), 4529 (app. dept.).  I claim

10  taht they treat aforesaid causes of action of mine no better than

11  "thin air", and I allege that they do treat my causes of action

12  in such a manner, while one needs to keep in mind that I calim

13  that they are committing a fraud on me.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuiness, et al, C07-037777 SBA

1                    Definition (cont)

2  "void judgment" (and orders)

3        "A void judgment is one that has merely the semblance of a

4  judgment, without some essential element or elements on which its validity as

5  as such depends". 50 C.J.S. JUDGMENT section 546, p.101.

6        "A judgment is void on its face when that fact appears

7  affirmatively from inspection of the judgment roll".  Id.

8        A void judgment "is a mere nullity".  Id.

9        "A void judgment . . . may be attacked at any time by anyone. . .

10  and may be impeached in any action, direct or collateral.  It is

11  not necessary to take any stepts to vacate or avoid a void judgment;

12  it may be simply be ignored".  Id., p.102

13        "All subsequent actions predicated on a void judgment are

14  tainted by the judgment's nullity and are similarly without effect".

15  Id.

16        "A judgment obtained by fraud may . . . be void . . . where

17  such fraud appears on the face of the record or goes to the method of

18  acquiring jurisdiction". Id., p.88.

19

20  "extrinsic fraud"

21        "The extrinsic fraud which is required as a basis for collateral

22  attacks on judgments is defined as fraud which is collateral to the

23  issues tried in the case where the judgment is rendered". Id., p.89.

24  "illegitimacy"

25        A shadowy illegitimate government run by judicial branch renders and

26  protects void judgments and orders, which are void for the reasons

27  stated in C.J.S., supra, p.101.  It deliberately makes erroneous, voidable

28  orders, rulings, judgments contrary to the mission of ensuring a free and
    just society under (secular) law.

Ha v. McGuiness, et al, C07-037777 SBA

1    (Definitions, cont)

2    "war"

3    "1.a. A state of open, armed, often prolonged conflict carried on

4    between nations, states, or parties. b. The period of such conflict.

5    2. Any condition of active antagonism or contention. . . 3. The

6    techniques or procedures of war . . . " American, supra, p.1444,

7        "War, it can be won or lost via deception." Suntze, Art of War.

8    "coup d'etat" or "coup"

9        "A sudden stroke of state policy involving deliberate

10   violation of constitutional forms by a group of persons in authority".

11   Id., 304. (Think of the doctrine of absolute judicial immunity.)

12   "polics"

13       "5. Partisan or factional intrigue within a given group".

14   Id., p.1015.

15

16   "persecute"

17       "1. To oppress or harass with ill-treatment".  Id., p.977.

18   "political persecution"

19       (See "political" and "persecute" above.)

20

21

22

23

24

25

26

27

28

Ha v. McGuines~ et al, C07-037777 SBA

1                           Definitions (cont)

2      "obligation"

3          The term, "obligation", is defined in Cal. Civ. C. sec.1427,

4      s.1428.  STANDARD California Codes, 6-in-1.  2006 Edition. Civil p.216

5      (Matthew Bender).  (Subsequent references to STANDARD are to this

6      edition.)

7

8      "law"

9          The term, "law" as it refers to the law of California State,

10     is defined in CC s.22, sec. 221.1, and sec. 22.2.  STANDARD,

11     supra, p.3 (civil).

12

13     "Cause of action"

14         In the law of California, cause of action is defined by the

15     "primary right theory".  See Witkin's Civ. Proc. 4th ed. Pleading,

16     sec. 24, at p.85; sec.26, p.88 ; sec.39 at p.99; sec.49 at p.99 to

17     p.41; sec.41 at p.100; sec.44 at p.102.

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuiness, et al, C07-037777 SBA

Allegation RE Plaintiffs and Capacities

1

2   (1)   Plaintiff/petitioner or the lead Plaintiff/Petitioner is

3   Hung Ha, aka James Ha, and James Hung Xia.  Business/mailing add-

4   -ress of Hung Ha is P. O. box 367, Berkeley, CA 94701-0367, and

5   e-mail address is jamesha@planet-save.com.

6   Capacities

7       Hung Ha is filing this complaint/petition in the capacity of

8   a natural person, on behalf of himself.

9       Hung Ha is also filing this complaint/petition in the

10  capacity of a business person who is licensed to practiced law

11  by the state bar of California.  Hung H a's California state

12  bar number is 166112.

13      Hung Ha is filing this complaint/petition also in the

14  capacities  in other fields of endeavors than that of a California

15  -licensed lawyer.  One of such capacities is that of a professio-

16  nal writer and publisher.

17      Another of said capacities is that of a court-room interpre-

18  ter as to English-Chinese (Cantonese and Madarine).  Hung Ha is

19  also a translator in English-Chinese (or Chinese-English).

20      Another of Hung Ha's capacity is that of international trade/

21  commerce.

22

23  RE 42 USC s.1983  and sec. 1 of 14th Amendment

24      Hung Ha is a"naturalized"  U.S. citizen and has been within

25  the jurisdiction of U.S. for the entire period concerned in this action.

26  Said period began on March 4, 2001, about 6:45 p.m.

27  (2)  Plaintiffs/petitioners of a given class in this action are

28  set forth hereinafter, at pp.____

Ha v. McGuiness et al, C07-037777 SBA

1      <u>Allegations RE Plaintiffs/Petitioners</u>

2      <u>Class A</u>

3                          <u>Class Members Numberous</u>

4          There are numberous persons branded, labeled, dubbed "vexat-

5      ious litigants" under CCP s.391 et seq., who appeal trial court

6      judges' rulings, orders, judgments to the Court of Appeal  in

7      and for California throughout California.

8          Notice must be taken that given the increasing complexity of

9      law, complexity of society, the Trial Court-Delay-Reduction Act

10     of 1986, increasingly assertive assertive roles which trial court

11     judges play in litigation,  and complicated combinations of

12     various factors, more pro se litigants who lack familiarity of

13     California law, lack resources, lack expertise, lack

14     sophistication, lack practice, and the like, will lose their

15     cases; so the pool of pro se litigants who are potentially "vexa-

16     tious litigants" will become larger, such that the number of

17     vexatious litigant appellants in teh State Court of Appeal will

18     increase through time.

19         In addition, as the records of my California state cases show,

20     what kind of persons a judicial officer (judge, research

21     attorney for a judge or justice) is does affect the number of pro

22     se litigants dubbed "vexatious litigants" per California CCP

23     sec.391 et seq.  The prevailing moral condition of a county's

24     superior court, likewise, affects the number of pro se litigants

25     dubbed "vexatious litigants".

26         Politics is a driving foce motivating trial court judges to

27     dub a pro se litigant "vexat-ous litigant", which label means a

28     public offense.    So does partisan politics judges play.

Ha v. McGuiness et al, C07-037777 SBA

1   (Allegations RE Class, cont)

2         The quanity and quality of public employees and public

3   entities that are sued by pro se litigants  affect the size of the

4   pool of potential "vexatious litigants".  Some public employees

5   who are sued by pro se litigatns are more important than others;

6   likewise, some public entities which are sued by pro se

7   litigants are more important, resourcesful, powerful than others.

8         Money is a potent driving force behind trial court

9   judges' decision to dub a pro se litigant "vexatious" per

10  CCP s.391 et seq.

11        Note that although unscrupulous pro se litigants do exist for

12  sure who abuse the substantive law of California and U.S. in state

13  court of California, so do other participants of litigations (def-

14  endants, their counsels, trial court judges), who abuse the vexat-

15  ious litigant statute in frustrating, destroying a good-faith,

16  meritorious lawsuit of a pro se litigant by playing a purely

17  procedural game.

18        The description above is neither exaustive, nor entirely

19  satisfactory.  It nonetheless brings attention to the allegation

20  that class members are numberous, as to the common questions

21  which are described below.

22

23

24

25

26

27

28

Ha v. McGuiness et al, C07-037777 SBA

(Allegations RE Class A, cont)

## Common Questions

The following questions are common to Class A.

(1)    whether judicial officers, or administrative employees, of the Court of Appeal have the legislative power to alter, change, enlarge the purpose and language of the vexatious statute, CCP sec.391.7 in particular, to encompass appeals?    Are appeals from trial court of unlimited jurisdiction to court of appeal subject to CCP s.391.7, where the appellants are dubbed by trial court a "vexatious litigant"?  Does CCP s.391.7 enpower the Presiding Administrative Justice of a district court of Appeal, such as the Honorable William E. McGuiness, to subject the appeal of a pro se litigant, who is branded a "vexatious litigant", to CCP s.391.7 ?    Under the plain language rule of statutory construction, is CCP s.391.7 applicable to appeals? By the same toke, is the Presiding Administrative Justice of a district court of appeal within themeaning of "the Presiding judge of the court where the litigation is proposed to be filed"?  Is an appeal "new litigation"?  If "appeal" is not within the meaning of "new litigation" under the plain language rule of statutory construction, does the court or do its employees have the legitimate power under the doctrine of separation of powers to enlarge the meaning of "new litigation" to encompass appeal (which, by definition, is re-examination of questions of law about a trial court judges' rulings, orders, judgments)?

(2)    Is the filing of notice of appeal (with appellant's designation of record for Clerk's Transcript and designation of

Ha v. McGuiness, et al, C07-037777 SBA

1   (Class A, cont)

2   Reporter's Transcripts) within the meaning of, in the langauge of

3   CCP s.391.7, "litigation is proposed to be filed", "the filing of

4   that litigation" "the litigation has merit" and the like, assum-

5   ing for the sake of discussion that by its plain language CCP ...

6   sec.301.7 refers not only to superior court but also to court

7   of appeal and  the supreme court of California, and assuming

8   for the sake of discussion that court of appeal in and for

9   California had the legitimate power to brush aside the dostrine

10  of separation of power and to enlarge CCP s.391.7 to refer to

11  also court of appeal and to encomplass appeal (i.e., to apply

12  CCP s.391.7 to appeals)?    On the basis of such assumptions,

13  in other words, does the langauge of "filing a new litigation

14  refer to a proposed opening brief, but not the filing of notice

15  of appeal by the pro se litigant dubbed "vexatious litigant"?

16  Is a proposed opening brief of a "vexatious litigant" appellant

17  the functional equivalent of a proplsed complaint, a petition,

18  or a different type of pleading that a trial court has original

19  jurisdiction to handle, assuming that court of appeal of California

20  may legitimately enlarge CCP s.391.7 to cover appeals?

21

22

23

24

25

26

27

28

1   (Class A, cont)

2        (3)    Is a vexatious-litigant appellant entilted to propose

3   his/her opening brief, in support of his explanation that his

4   appeal is seeking social justice and due administration of law

5   In other words, is he entitled to submit, in addition to a written

6   explanation that his appeal seeks justice and due administration

7   of law, a proposed Opening Brief?    (This is based on the assump-

8   tion that justices or other employees of Court of Appeal of Cali-

9   fornia have the legitimate power to enlarge and legislative

10  intent and scope of CCP s.391.7 and the entire vexatious

11  litigant statute to encompass appeals to the court of appeal,

12  and, similarly, the Supreme Court of California similarly has the

13  legitimate power to enlarge said provision and statute to

14  encompass appeals from court of appeal of California to the

15  Supreme Court of California.)

16

17

18

19

20       (4)    Does the Court of Appeal's Clerk of Court (here,

21  Mrs. Diana Herbert) has the legitimate authority to direct

22  Clerk of Court of the trial court not to  prepare the Clerk's

23  Transcript and Reporter's Transcript (i.e., not to prepare the

24  record on appeal, and upon completion of said record, provide a

25  copy of it to the "vexatious-litigant" appellant)?

26       In the language of CCP s.391.7, does the term, "clerk of

27  the court", refer only to trial court's clerk of court but

28  does not refer to the Clerk of Court of a district court of
    appeal, not the Clerk of Court of the Supreme Court of California?

1  (Class A, cont)

2  CCPs.391.7 neither encompass appeals from trial court to court of

3  appeal, nor appeal from court of appeal to the Supreme Court of

4  California. Nor is said enlargement "reasonable". Cal. CC  s.3542.

5  (iii)   Assuming that (a) said enlargement were within plain

6  language rule and "reasonable" stretch of explicit language of

7  CCP s.391.7, and (b) in the alternative, appellate courts have

8  the legitimate power to alter the legislative intent and

9  scope of CCP s.391.7, such that a "vexatious litigant" appellant

10  may be required by the presiding administrative justice of court

11  of appeal to apply for permission to appeal, my answer is that

12  the vexatious litigant appellant is absolutely entitled to write

13  up his proposed opening brief in support of his short

14  explanation that his appeal is intended to seek social justice and

15  due administration of law, not to accomplish abusive purposes.

16  Said proposed OB shows that his written explanation which is sub-

17  mitted to the appellate court states the truth.

18      Importantly too, the proposed Opening Brief is not required

19  to ensure that the appeal will prevail; all it is required is that

20  the argument is valid.  One is entitled to be stupid, or less

21  intelligent, less sophisticated, less experienced, less

22  knowledgeable than is the presiding administrative justice of the

23  Court of Appeal of California.  Honest imperfections are excusable;

24  they cannot be ground for denial of right to hearing on merits of

25  appeal.

26      So, if the presiding administrative justice finds the proposed

27  OB a valid argument in support of a written explanation, His Honor

28  orders Clerk of Court to file said OB, so Respondent is obligated to respond.

1    (Class A, cont)

2    (iv)  The court of Clerk of Court of Appeal entirely has no

3    authority under CCP s.391.7 to direct trial court's clerk of court

4    not to prepare the record on appeal and not to send a copy of

5    said record on appeal to the vexatious-litigant appellant.

6        The functional equvalent of a pleading (e.g., complaint

7    filed at superior court) is the proposed opening brief, which

8    must be based on "evidence" taht is the record on appeal, assuming

9    that intent and scope of CCP s.391.7 may be enlarged by court of

10   appeal to encompass appeals.  Without facts, a complaint

11   cannot be drafted; with record on appeal, a proposed opening

12   brief cannot be written.  Here, the facts on basis of which a

13   complaint is drafted, and the record on appeal on basis of

14   which a proposed opening brief is written are essentially the

15   same: evidence,that is admissible.

16       Thus, court of appeal's Clerk of Court cannot direct

17   trial court's clerk of court to stop preparing record on appeal

18   and to refuse to provide the vexatious litigant appellant with

19   a copy of said record on appeal.

20   (v)  If the appeal of a vexatious litigant appellant must

21   get prior approval by a judicial officer, the trial court judges

22   or its presiding judge is the one to OK request by the plaintiff

23   to appeal; similarly, if the trial court judge whose rulings, orders,

24   and judgments are being sought to be reviewed authorizes or agrees with

25   the plaintiff's needs to appeal, that is sufficient for the appeal

26   to proceed, and the court of appeal has no power to block said appeal.

27   If the trial court judge(s) have told me to appeal his/their

28   decisions, that is enough for my appeal to proceed to the end.

Ha v. McGuines et al, C07-037777 SBA

1    (Class A, cont)

2                          Typicality

3         Plaintiff/petitioner's claims are typical of Class A.    The

4    final decision of this Court on the common questions of law sett-

5    -le them for the entire class A's members.(whether the justices

6    and/or other employees of an appellate court have the legitimate

7    power to enlarge the legislative intent and scope of the vexatious litigant

8    statute and CCP s.391.7 to encompass appeals, whether  a "vexatious-

9    litigant" appellant entitled to submit a proposed Opening

10   Brief in support of his written explanation that his appeal

11   is intended to seek social justice and due administration but

12   not for improper purposes, whether he is entitled to preparation

13   of record on appeal by trial court's clerk of court).

14        Hung Ha's answers to the main categories of aforesaid

15   questions of law are the following:

16   (i)  Justices of the Court of Appeal do not have legitimate

17   power to enlarge the legisaltive intent and scope of CCP s.ec 391

18   et seq (particularly, s.391.7) to encompass appeal; similarly,

19   nor does the Supreme Court of California have legitimate power to

20   enlarge the statute to encompass appeals or petition for

21   review.  That is because the doctrine of separation of powers

22   prohibits such alteration, or, in other words, self-aggrandiseme-

23   -nt of power.  To enlarge the intent and scope of CCP s.391.7 to

24   encompass appeals is a legislative function, reserved to only the

25   Legislature of Calfornia.

26   (ii) Under the plain language rule of statutory construction,

27   the entire vexatious litigant statute (or, statutory scheme) and,

28   in particular, CCP s.391.7 is limited to trial court's business, and

1   (Class A, cont)

2                        Adequacy of Representation

3       Plaintiff/petitioner Hung Ha will fairly and adequately

4   protect the interests of Class A.

5       The common questions of law are identical for all class mem-

6   bers of Class A, such that the court's adjudication of Hung Ha's

7   rights in connection to these questions of law necessarily can

8   adjudicate the same rights for each and every one of Class A.

9       In addition, Hung Ha is better educated, trained than the

10  adverage pro se litigants who appeal trial court judges'

11  rulings, orders, and judgments.  Hung Ha is admitted to practice

12  law by the state bar of California; Hung Ha also has substantial

13  experience in state court litigation.

14      Hung Ha is highly motivated to litigate in this court about

15  the aforesaid questions of law because of the enormous

16  injustice and abuse of power that Hung Ha has suffered from the

17  hands of state court employees; one can read the records  of

18  Hung Ha's cases in the state courts of California commenced on

19  and since March 6, 2001.

20      Hung Ha has abundant evidence showing the wrongfulness of

21  state officials in connection to the aforesaid questions of

22  law affecting Class A.

23

24

25

26

27

28

Ha v. McGuiness, et al, C07-037777 SBA

1    (Class A, cont)

2                        Risk created by separate actions

3                        (Rule 23(b)(1)(A) and (B)

4    incompatible standards of conduct

5        If class members prosecute their similar actions on their

6    own, and if district courts of U.S. throughoutout California

7    reach different decisions on the merits and producing different

8    outcomes, the disctrict courts of appeals for various districts

9    of California and their Clerks of Court will be subject to

10   different standards of conduct (as ordered by various district courts

11   of U.S.  Rule 23(b)(1)(A).

12

13   disposing all similar grievances of whole class

14       The outcome reached by this Court on the aforesaid

15   questions of law under the U.S. Constitution and statute will

16   in effect dispose all the esentially identical interests of

17   class members other than Hung Ha, who are not parties to this

18   action.  Rule 23(b)(1)(B).

19

20

21

22

23

24

25

26

27

28

Ha v. McGuiness, et al, C07-037777 SBA

1    (Class A, cont)

2                    superior method for litigating claims

3        The aforesaid questions of law are at the heart of this

4    action.  They remain the same in the claims of class A;

5    although facts of each member's situation necessarily differ from

6    those of another member, all the claims are essentially the

7    same in terms of rules of law, or legal principles.  This court's
                                               will
8    disposition of Hung Ha's core claim thus dispose all of the claims

9    of the whole class A.  Rule23(b)(3).

10       Therefore, class action as to the aforesaid issues/questions

11   of law is a superior method of fair and economical/efficient

12   adjudicating the controversy (that is at the core of this

13   action).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuiness, et al, C07-037777 SBA

(Class A, cont)

1

Respondents' Acts/omission
on grounds applicable to
whole class (rule 23(b)(2) )

2

3      Defendants/respondents have acted against the entire class

4    as a whole, in the following manner:

5    (i)  enlarging unlawfully CCP s.391.7 to encompass appeals from

6    trial court to court of appeal, in violation of the dosctrine of

7    separation of powers among three branches of the government;

8    (ii)    defendants/respondents have adopted an illegal procedure,

9    by which appellants who are dubbed "vexatious litigants" are

10   subjected to CCP s.391.7 or an illegal process in the disguise of

11   CCP s.391.7 proceeding;

12   (iii)   defendants/respondents direct trial court's clerk of

13   court not to prepare record on appeal and not to provide the

14   appellant (who are dubbed vexatious litigants) with a copy of

15   record on appeal (to which they are entitled), depriving class

16   A members' property right or entitlement in record on appeal

17   (primarily, we are concerned with what is called Clerk's Transcr-

18   -ipts).

19

20      The ground, on which defendants/respondents justify such

21   acts/omissions to act are applicable to the whole class, to each

22   and every one of Class A.

23

24

25

26

27

28

Ha v. McGuiness, et al, C07-037777 SBA

1  (Class A, cont)

2                        Jurisdiction

3        This Court has jurisdiction by reason of 28 USC s.1331 .

4  The remedies which are being sought (injunctions and/or

5  declaratory reliefs) are within the scope of 42 USC s.1983 in

6  connection with Amendments to the U.S. Constitution.

7  Amendment IV

8        Defendants/respondents violate Class A's 4th Amendment

9  right to be free from unreasonable search and seizure, and the right

10  to be secure in their persons, houses, papaers, and effects.

11

12  Amendment XIV (procedural due process)

13        Defendants/respondents' acts or omissions to act violate

14  Class A's 14th Amendment rights, depriving each and every one

15  of them of life, liberty, and property without due process of

16  law.

17

18  Amendment XIV (Equal protection)

19        Defendants/respondents deny to each and every one of Class A

20  of the equal protection of the laws, by the acts and omissions

21  complained of herein.

22

23  Amendment XIV and Amendment I

24        By their acts and omission to act, defendants/respondents

25  violate the First Amendment right of each and every Class A to

26  freedom of expression, freedom of the press, petitioning the

27  government for a redress of grievances.

28

Ha v. McGuiness et al, C07-037777 SBA

1    Allegations RE Class B

2

3    Allegations of Class A are re-alleged hrein for Class B, except

4    that the following are alleged:

5    Numerousity

6    In the pool of pro pe litigants, some (if not all) are indigent

7    who proceed in forma pauperis, and they have been granted waiver

8    of costs of the trial court Clerk's preparation, transmital  etc

9    of Clerk's Transcript  (note: reporter's transcripts are not part

10   of Clerk's Transcript although they are part of record on appeal

11   if available).

12   Common question(s)

13   Whether the indigent "vexatious litigant" appellant is

14   entitled to Clerk's Transcript (to be provided by trial court's

15   Clerk's of Court), where he has applied at trial court for waiver

16   of costs of Clerk's Transcript per Cal. Gov. C. sec.68511.3(e)(1)and

17   CRC, rule 985(i)(9), and said application has been granted?

18   Whether the Court of Appeal's Clerk of Court has the legitimate

19   power to prevent or stop the aforesaid class members from receiving

20   his copy of the Clerk's Transcript, assuming that he is entitled to

21   submit a proposed Opening Brief in support of his written explanation

22   that his intended appeal is intended to seek social justice and due

23   administration of law, and is not intended to harass or delay the

24   opposing party?

25   Is said class members' entitled to his copy of the Clerk's

26   Transcript as his proper within the meaning of the 14th Amendment,

27   provided that his application for free Clerk's Transcript has been

28   granted by the Superior Court?

Ha v. McGuiness, et al, C07-037777 SBA

1    Allegations RE Class C

2        This Class consists of all the pro se litigants in the state

3    superior courts of California who have filed at least one notice of

4    appeal in their civil cases in which there might be multiple notices

5    of appeal, who seek appellate review of the orders branding them

6    "vexatious litigants", and who have timely submitted their opening

7    briefs on appeal.

8        numerosity

9        There would be, cought be many pro se litigants in the superior courts

10   of California who, being branded "vexatious litigants", seek

11   appellate review of not only the judgment of dismissal ordered

12   per CCP s.391.4 (failure to post security) but, more importantly,

13   the order branding them "vexatious litigants".

14       In the past, at the present, and in the future, there were, are,

15   will be pro se litigants in the superior courts of California, who

16   appeal in the cases, in which they are branded "vexatious litigants",

17   seeking to review not only the final judgemtns but also the orders

18   branding them "vexatious litigants".

19

20       Common Questions of Law

21       The following are common questions.

22   (1)  Whether the rule must be uniformly applied that all appellants

23   who have filed at least one timely notice of appeal in the case in which

24   they are branded "vexatious litigants" are entitled to appeal of

25   the vexatious litigant declarative order and final judgments?

26   (2)  whehter the rule must be uniformly applied that where the appellate

27   Justices refuse or would not review the final judgment(s), the pro se

28   appellants are entitled to review by recharacterizing the appeal as writ
     petition.

Ha v. McGuiness et al, C07-037777 SBA

1    Class D

2                          Numerosity

3        Class D consists all members of the State Bar of California

4    who have never been disciplined by the said state bar for any

5    type of misconduct, and have never been suspended or disbarred by

6    the Supreme Court of California.

7        In addition, Class II includes those state bar members who

8    had at least disciplined once in the remote past, well over seven

9    years ago.

10       Class D include both active and inactive members of the Bar.

11

12

13                    Common Questions of Law

14       The following are common questions of law:

15   (1)   Whether Class mambers are immune from the vexatious litigant

16   statute because in the five or more cases which they suffered

17   losses of the suit they represented themslves within the  purview

18   of Cal. CC s.47(a) (proper discharge of official duty of representing

19   the client, who happens to be himself)? Whether Cal. CC s.47(a) is

20   applicable to a proceeding  initiated under CCP s.301 et seq, where

21   the accused is a mamber of this Class?

22   (b)   whether members of this class are immune from the

23   vexatious litigant statute because in the five or more cases

24   in which they represented themselves and lost the suits, they did

25   so within the purview of Cal. CC s.47(b), subpart (2) (judicial

26   proceeding), (4) proceeding aurhorized by law and reviewable

27   pursuant to CCP s.1048, et seq)?

28   (3)   Whether class members are bounded by the same rules of professional

Ha v. McGuiness, et al, C07-037777 SBA

1   (Class D, cont)

2   conduct when they are representing themselves as they are representing

3   other peoples, to the effect that they (class members) must be

4   at least zealous in representing themselves as they would be when

5   representing other peoples Whether it is a matter of course that

6   class members will advocate more zealously in representing themselves

7   than they would in representing others, where the wrong they have

8   suffered and the wrongs which their clients are essential the same,

9   all other factors being equal?

10  (4)  Whether being branded a vexatious litigant is no less harmful

11  to a class member's professional career as a member of the bar than

12  a severe suspension or disbarment by the State bar of California and

13  the Supreme Court of California?

14  (5)  Whether class members are entitled under contract law (based on

15  their consideration of annual membership due) to be disciplined by

16  the state bar and Supreme Court of California for engaging in "vexatious

17  litigation" through the standard procedure of teh state bar, instead

18  of a vexatious litigant proceeding?  If somebody accuse a member of

19  the class, of engaging in "vexatious litigation", is it within the

20  right of class member to have the accusation of vexatious litigation

21  be reported to the state bar for disciplinary action? If a defendnat

22  in a civil suit prosecuted by a class member accuses him/her of

23  advocating outside the boundaries of reason and ethics required by

24  rules of professional conduct, can the accuser circembent the authority

25  of the state bar and the Supreme Court by way of initiating a motion

26  proceeding to have said class member be declared a "vexatious litigant"?

27  (6)  Is the vexatious litigant statute a functional equivalent of

28  criminal statute as to class members?

1   (Class D, cont)

2                           Typicality

3       Hung Ha's claims are typical of class members, such that

4   the Court's disposition of these claims set down the law for the

5   entire class.

6       Hung Ha is a member of the state bar of California.   No

7   complaint of violation of professional ethics has ever been

8   lodged with the state bar against Hung Ha in the seven years preceeding

9   this lawsuit, and no disciplineary action has ever been taken against

10  Hung Ha for any violation of professional ethics  in the entire

11  membership record of Hung Ha's.

12      To be branded a "vexatious litigant", Hung Ha suffers the kind of

13  harms as a class member sould suffer because of conviction of a serious

14  public offense (a felony).

15      In the five cases which were used by defendnats ina civil suits

16  to obtain an order declaring Hung Ha a vexatious litigant, Hung H

17  advocated zealously on his behalf under rules of professional ethics

18  and responsibility, performing his function as a California lawyer would

19  perform.  In those and other cases cited by defendants, Hung Ha

20  exercised his professional judgment as to what courses of action were

21  the best for his client, within bounds of reason and ethics, where

22  the said client happened to be himself.(thus imposing a greater

23  "obligation" to advocate zealously as a matter of natural law).

24

25

26

27

28

Ha v. McGuines  et al, C07-037777 SBA

1                              Allegations RE Class

2    Class E

3                                   Numerosity

4           Class E consists of all California Citizens who wants to

5    live in a society that is going to be free and just under secure law.

6

7                                Common Questions

8           The following questions are common:

9    (1)    Is the doctrine of absolute immunity for judicial officers

10   which shield them from civil actions for liability as long as

11   there is not a clear absence of all jurisdiction to commit the

12   acts that are the subject of potential lawsuits, regardless of

13   the judicial officers' malice, oppression, corruption, invalid as

14   a matter of law.

15   (2)    Is it legal that the Supreme Court justices have adopted the

16   aforesaid doctrine from the U.S. Supreme Court?

17   (3)    Has the adopted dotrine opened the floodgate of evil, such

18   that the constitutions and statutes of states and U.S. are being

19   abolished via deception by shaowy, illegitimate government which

20   co-exists like a shadow to a courthouse (e.g., RCD Alameda Courthouse)

21   with the legitimate government, which exists when judicial ofifcers

22   switch to faithful construction and application of law?

23

24                                    Typical

25          My cases are typical as to class E.

26

27

28

Ha v. McGuiness, et al, C07-037777 SBA

1                          Allegations RE Class F

2    Class F

3                              Numerosity

4          Class consists of U.S. population who desire to and think that

5    they are going to live in a "free and just society under [secular] law".

6

7                          Common Questions

8          The following questions are common to Class F.

9    (1)    Do the justices of U.S. Supreme Court have the power to

10   abolish the Constitution and statutes via the doctrine of absolute

11   immunity for judicial officers?

12   (2)    Does the doctrine result or will foreseeably result in

13   fundamental alteration of the constitutional form of government?

14   (3)    Does the said doctrine in effect abolish the constitution and

15   statutes of each and every one of the states which make up the

16   Union?

17   (4)    Do the Justices of U.S. Supreme Court have the legitimate power

18   to create fatal self-contradiction within the U.S. Constitution via

19   adoption of the doctrine of absolute  immunity as to judicial officers

20   of lower courts?  Do the Justices have created such a self-contradiction?

21   Are the immunity and privileges clauses blank checks for unlimited

22   amounts to be drawn?

23

24

25

26

27

28

Ha v. McGuiness et al, C07-037777 SBA

1                        Allegations RE Defendants/respondents
                              and their capacities
2

3    Employees at Court of Appeal

4       Diana Herbert          Clerk of Court for Court of Appeal in and for
                               First Appellate Appellate District, located at
5                              350 McAllister Street, San Francisco, CA 94102.
                               Tel (415) 865-7201 (mail line); fax: (415)
6                              865-7309.  Internet e-mail address for
                               Clerk's Office: first.district@jud.ca.gov.
7
                                        Capacities
8                              Diana  Herbert is in this action in private
                               capacity with reference to her official duties
9                              as Clerk of Court, because her acts and omissions
                               to act complained herein violate the U.S.
10                             constitution thereby making her acts/omissions
                               her personal activites as opposed to the State's.
11
                                        immunities
12                             Whether Diana Herbert is immune from suit (or
                               liability) in this action is treated elsewhere.
13                             in this pleading.

14

15   William E. McGuiness      Presiding Administrative Justice at the
                               First Appellate District Court of Appeal
16                             303 2nd Street, South Tower, Suite 600, SF,CA 94107

17                                      Capacities
                               The Honorable McGuiness is in this action
18                             in His Honor's private, individual, personal
                               capacity in connection with acts and omissions
19                             to act which occur when His Honor has been
                               apparently performing the duties of his  office
20                             as an administrative official.  His Honor's acts
                               and omissions to act as complained herein
21                             violate the U.S. Constitution, thereby
                               stripping him of the mantel  of the state of
22                             California.  Also, Respondent is in administrative
                               capacity.
23                                      immunities
                               Allegations RE question of whether His Honor
24                             is immune in this action are treated elsewhere.

25   Does ## (who are          These are research attorneys assisting justices
     research attorneys)       at the Court of Appeal of First Appellate District,
26                             participating in Ha v. Ross and Ha v. Harrison.

27

28

Ha v. McGuin___, et al, C07-037777 SBA

| | |
|---|---|
| 1 | **Allegations RE Defendants/respondents**<br>**and Their Capacities** |
| 2 | |
| 3 | Stein      Justice for division one of Court of Appeal<br>for the First Appellate District, located at |
| 4 | 350 McAllister Street, San Francisco, CA 94102.<br>(Note: other justices of the same division are<br>described below.) |
| 5 | |

                                     <u>capacity</u>

6      Justice Stein is in this action in his official
capacity under 42 USC s.1983 for equitable

7      reliefs, such as prospective reliefs. That is
stated under the authority of Will v. Michigan Dep't

8      of State Police, 491 U.S. 58, 71 n.10 (quoted in
Wolfe v. Strankman, 392 F.3d 358, 365 (9th Cir. 2004).

9                              <u>prior to Jan. 24, 2005</u>  (petition)

10      Justice Stein participated in Ha v. Alameda, A103014,
Ha v. Aranas, A102919, Ha v. Fry, A103923, Ha v. Kochis,

11      A103651, Ha v. Rhoden II, A103127, Ha v. Berkeley
Bowl Marketplace, A107343Ha v. Alameda, A106387 (suit),

12      and Ha v. Rhoden I, A106389.
    The first five of those cases were relied on by

13      "Justice" Department for vexatious litigant
orders, which were issued/exeucted on Jan. 24, 2004.

14      Swager      division one, as above described.

15                              <u>capacity</u>

16      The above RE Justice Stein is realleged.

17                          <u>prior to Jan. 24, 05</u>
His Honor participated in Ha v Alameda (petition),

18      Ha v. Arans, Ha v. Fry, Ha v. Kochis, Ha v. Rhoden II
Ha v. Rhoden I.

19     

20      Margulies      Justice for Division one, as above.

21                              <u>capacity</u>
Essentially the same as alleged above RE

22      Justice Stein, and that is realleged here.

23                          <u>pre 1/24/05</u>
His Honor participated in Ha v. Ha v. Alameda (petition),

24      Ha v. Aranas, Hav. Fry, Ha v. Kochis, Ha v. Rhoden II,
Ha v. Berkeley Bowl Marketplace, Ha v. Alameda,

25      Ha v. Rhoden I.

26      Marchiano      Justice for division one, like Justice Stein.

27                              <u>capacity</u>
Above allegation RE Justice Stein is realleged here

28      as applicable to Justice Marchiano.
    Participated in Ha v.Alameda (suit), Ha v. Rhoden I.

Ha v. McGuin~~~, et al, C07-037777 SBA

1    Allegations RE Defendants/respondents
2                    and Their Capacities

3    Donald M. George    Chair of the Judicial Council of California
                         California Judicial Council
4                        Administrative Office of the Courts
                         303 Second Street, South Tower
5                        San Francisco, CA 94107

6                        Office of the General Counsel
                         455 Golden Gate Avenue
7                        San Francisco, CA 94102-3688
                         Tel (415) 865-7446
8                        Fax (415) 865-7664

9                            Capacity
     The Honorable George is in this action in the
10   capacityof administrative official, who
     keeps a list of "vexatious litigants" and
11   distributes said list to the superior courts
     for all the counties throughout California.
12        On January 24, 2005, Judge James A. Richman
     executed what purported to be order declaring
13   Hung Ha a "vexatious litigant" and what purported
     to be a Prefiling order prohibiting Hung Ha from
14   "filing any new litigation in propria persona in
     the courts of California without approval of the
15   presiding judge of the court in which the action
     is to be filed". (See language of said prefiling order.)
16        The Honorable George is, therefore, a proper
     party in this action seeking equitable relief
17   under 42 USC s.1983, per holding of Wolfe v. Strankman,
     392 F.3d 358 (9th Cir. 2004).   Judicial notice
18   may be taken of said holding.
          Equitable reliefs may be granted by this Court
19   directing George to cease violating Hung Ha's
     constitutional rights under U.S. Constitution.

20

21

22

23

24

25

26

27

28

1          Allegations RE Respondrets and their Capacities

2    Pat S. Sweeten    Executive Officer of Superior Court in and for
                       Alameda County, located at 1225 Fallon Street,
3                      Suite 206, Oakland, CA 94612.  Clerk of Court
                       Her deputies in appeal unit are in this action.
4                          Capacity
                       Pat S. Sweeten is in this action in the capacity of
5                      her official position, as Clerk of Court for
                       Superior court in and for Alameda County, or its
6                      Executive Officer.  Her violation of U.S. constitution
                        and law removes her mantel of state authority, such
7                      that she may be subject to 42 USC s,1983 claims.

8    Deputies          These are deputies of Ms. Sweeten at Appeal Unit, who
       --April Boelk   are directly responsible for prepration of record on appeal
9      --Ruby Atwal    in cases of unlimited jurisdiction.
       --Jane Doe (supervisor of appeal unit)

10                         capacities
                       These deputies of Sweeten are in this action in their
11                     official capacities, but their mantel of state  authority
                       is removed because teir acts/omissions to act
12                     complained herein violate U.S.Constitution and law.

13

14   Diana Herbert     Executive Officer, also known as Clerk of Court, of
                       Court of Appeal of First Appellate District, located
15                     at 350 McAllister Street, San Francisco, CA 94102.

16                         Capacity
                       Herbert is in this action in her official capacity
17                     but her mantel of state authority is removed
                       because her acts/omissions to act violate the U.S.
18                     Constitution and statutes, where she caused the
                       Clerk of Court of the trial court, Pat S. Sweeten
19                     (and her deputies) to fail to prepare record on
                       appeal in Hung Ha's cases following Ha v. Seth's, et al,
20                      RG03116298 (Alameda), and denying to Hung Ha all of
                       theClerk's Transcripts in cases of appeal subsequent
21                     to Ha v. Seth's, including Ha v. CUIAB, Ha v. Northside,
                       Ha v. Harrison, et al, 116354, Ha v. Ross, et al,
22                     A117817, Sullivan v. Ha, BG06-251784 (Berkeley),
                       A114993.
23                          I, Hung Ha, allege that I am entitled to Clerk's
           transcripts in my appeals initiated following Ha v. Seth's, referenced
24         in the preceding paragraph.  (I received CT of Ha v. Seth's, and
           the portion of Ha v. Ross, et al, that was identified as A114018 (1st DCA).
25         For my other, subsequent appeals, Clerks of Court have refused to
           provide me with the record on appeal, primarily Clerk's Transcripts,
26         but, as I allege, I am entitled to free copies of them because my applications
           for waivers of costs had been granted by trial court.  Note, if the
27         Clerks of court disagree, please allege contrary facts.)

28

1                    Allegations RE Respondents & Capacities

2    Robert L. Dondero    Presiding Judge of Superior Court in and for San
                          Francisco County, located at 400 McAllister Street,
3                         San Francisco, CA 94102, Dept. 206.

4
                                   Capacity
5                         P.J. is in this action in official capacity, but the
                          mantel of state authority is removed because
6                         acts/omissions to act complained of herein violate
                          U.S. Constitution and statutes.
7                            This action as to P.J. is seeking the reliefs that
                          my two blocked cases be filed, for the actions to
8                         commence.

9                         Note: P.J. might be different Judge by now.

10   Gordon Park-Li       Executive Officer, or Clerk of Court, of Superior Court
                          in and for San Francisco County.

11
                                   capacity
12                        Clerk of Court is in this action for the same reason
                          described above, in official capacity.

13                        Note: Clerk might be different person by now.

14

15                    Blocked cases in SF superior court

16       I, Hung Ha, allege the following:

17   (1)  On Nov. 14, 2005, Monday, I personally presented my new litigation,

18   Hung Ha v. Victim Compensation & Government Claims Board, for filing

19   in Dept. 206, at 400  McAllister Street, San Francisco, CA 94102.

20   Dpet. 206 was where the courtroom of the Presiding Judge of Superior

21   Court in and for San Francisco County was.  The courtroom clerks there

22   received my aforesaid Petition for a peremptory writ of mandate.

23   (Please see Exhibit # 1 .)  I concurrently submitted to that Court        (E#_ )

24   a document titled as "Petitioner's Letter to the Presiding Judge or,

25   in the Alternative, application for leave to File  Petition".

26   (Please see Exhibit 2 , a true and correct copy of the original.)       (E#  )

27   Whereas my Petition was dated Nov. 10, 2005, my Letter to the P.J. was

28   dated Nov. 14, 2005.  Court room clerk did not stamp "RECEIVED" on

1  (RE SF Superior Court's act/omission to act) cont)

2  the documents because, as she told me, that her court did not have

3  the practice of using RECEIVED' stamp (unlike Alameda Superior Court).

4

5  (2)  On I presented a new litigation, titled as Hung Ha v. James A.

6  Richman, Amy L. Lo, et al, for filing at Dept. 206 of SF Superior

7  Court.  (Please see Exhibit 3, a true and correct copy of the       (E#   )

8  original.)  At the same time, I concurrently submitted to the

9  Presiding Judge of SF Superior Court a document titled as Plaintiff's

10  Letter to the Presiding Judge or, in the Alternative, Application for

11  Leave to File Complaint. (Please see Exhibit #4, a true and correct    (E#   )

12  copy of aforesaid Letter/application.)

13      In addition, judicial notice may be taken that Ha v. Ross, et al,

14  2002074172 (Alameda 2002) has been appealed to the Court of Appeal,

15  under A111966, A112095, A114018, A117819.  In those appeals, further,

16  plaintiff-appellant Hung Ha had submitted multiple petitions for review

17  to the Supreme Court of California.  Hung Ha's petition of  A117819

18  was denied by the Supreme Court on Oct. 10, 2007, under Supreme Case

19  number, S155684. (Oct. 10, 2007 was almost two years after Nov. 14, 2005.)

20      I, Hung Ha, do not abandon those two cases.  This action is an

21  attempt to prosecute said cases presented to SF Superior Court for

22  filing in Nov. 2005.

23

24

25

26

27

28

Ha v. McGuine , et al, C07-037777 SBA

| | | |
|---|---|---|
| 1 | ... | __Allegations RE Respondent & Capacity__ |
| 2 | Jerry Brown | Attorney General of  California |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | __Capacity__ | on behalf of Justice Department of California |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

Ha v. McGuines et al, C07-037777 SBA

| | |
|---|---|
| 1 | <div align="center">Allegations RE Respondents and Capacities</div> |

2    U.S. Department of      Oakland Office
     Justice or Attorney        Clay Street, Sute __
3    General of U.S. Dept. Oakland, CA 94612
     of Justice

4                            Capacity
                         Attorney General of U.S. Department of Justice
5                        is in this action on behalf of U.S. Department
                         of Justice or, rather, U.S. Government.

6

7                            Reasons
                         I explain why U.S. Government is in this action
8                        as follows.
                         (1)  18 USC s.1964(b)( authorize the Attorney
9                        General to "institute proceedings under" sec.1964.
                            Here in this pleading, Plaintiff Hung Ha allege
10                       and claims that defendnats/respondents' acts
                         and omissions to act fall within the purview of
11                       18 USC s.1962(c)   (a pattern of racketeering
                         activities") and (c) (conspiracy to violate
12                       subsection [c]).

13                       (2)   It appears to me at this point in time that
                         defendnts/respondents, to the main action commit and/or
14                       have been committing acts and omissions ot act
                         within the purview of 18 USC s.1962(b) and (d),
15                       provided that the invalid judgments rendered by
                         trial court and district court of appeal in
16                       Ha v. Ross, et al, 2002074172, A111966, A112095,
                         A114018, A117819, and Ha v. Harrison, et al,
17                       2002077102 (Alameda) are within the meaning of
                         "unlawful debt[s]", and the meaning of "enterprise"
18                       of s.1962(d) covers Patton Wolan & Boxer (or, after
                         name change in Feb. 2007, Patton Wolan & Carlise, LL.P)
19                       and its clients and their co-conspractors of other
                         organizations (e.g., law departments of governments).

20                       (3)   On other  grounds than that which is stated in
                         preceding (2), McGuiness's et al's unlawful
21                       acts and omissions to acts possibly fall into the
                         scope of 18 USC s.1962(b) ("through a pattern of
22                       racketeering activity . . . to acquire or maintain. . .
                         any interest in or control of any enterprise") and
23                       (d) (conspiracy).

24                       (4)   Justice Department shall determine whether I,
                         Hung Ha, is free from or potentially guilty of
25                       RICO and banking law in terms of frauds, where I,
                         Hung Ha, request judicial reliefs that my creditors
26                       who are financial institutions cancel their claims,
                         and where I am unable to pay off their claims and
27                       repudiate under Cal. CC s.1511, s.1512  said claims.
                         Jurisdiction arises from 18 USC s.1341, RICO, and
28                       18 USC s.1344 (bank fraud).

Ha v. McGuire, et al, C07-037777 SBA

| | Allegations RE Respondent & Capacity |
|---|---|
| 1 | |
| 2 | U.S. Department of Education |
| 3 | |

U.S. Department of Education

c/o Collection Company of America
PO Box 5369
Norwell, MA 02061-5369
Toll Free: 1-800-896-4539

NATIONAL PAYMENT CENTER
U.S. DEPARTMENT OF EDUCATION
PO BOX 4169
GREENVILLE TX 75403-4160

Account #: 19-887189
Client Reference #: G199905007914601
Total due: over $73116.33 according to respondent's claim

capacity

U.S. Government is respondent in this action. Respondnet in connection with relevant portion of this action is the U.S. Government.

Reasons

U.S. Department of Education is a proper party to this action insofar as Hung Ha request equitable reliefs that it or its clients cancel all claims against Hung Ha within the purview of the 14th Amendment in connection with Cal. Const. art. 1, sec. 28 (bill of right for innocent victim and witness of violent crimes) and Cal. PC s.679 et seq.

U.S. Department of Education and U.S. (which issues passports) are respondent to this action in connection with Hung Ha's request for equitable reliefs that in addition to cancellation of all valid claims against Hung Ha which are guaranteed by the U.S. Government, restriction placed on Hung Ha's application for U.S. passport be removed, and be unconditionally, permanently removed, which the U.S. Department of Education is entitled to place on its debtors.

U.S. State Department  (That which issues U.S. passports)

Ha v. McGuines, et al, C07-037777 SBA

1

## Allegations RE Respondnet & Capacity

2  Bank of America         Respondent is BANK OF MAERICA, N.A. (U.S.A)
   (credit card company)   P. O. box 22021, Greensboro, NC 27420-2021
3                          (attn: Nancy Criss, Customer Assistance Dep't,
                           [apparently] Vice President).  Website address
4                          is www.bankofamerica.com.  Another address
                           provided by said Vice President is P. O. box
5                          15726, Wilmington, DE 19886-5726.
                               In addition, said Respondent is apparently
6                          represented in the related matter by the
                           following attorneys:
7                          Attn: Dennis E. Henry, Esq.,
                           Frederick J. Hanna & Associates, P.C.
8                          Attorneys at Law
                           1655 Enterprise Way,
9                          Marietta, GA 30067
                           Tel. (770) 916-9220
10                         Fax: (770) 980-0528
                           Toll Free: (800) 450-6575

11                             I allege that Respondent is a citizen of
                           another state, not the state of California.
12                             I allege that I have a credit card account with
                           said Respondent, B of A, a citizen of another
13                         state that is not California.  I allege that
                           my account number of said account is this:
14                         4888931073768025.
                               I allege that the file number  which
15                         Frederic (for Frederick J. Hanna & Associates, P.C.)
                           matains in connection with said account is this:
16                         07316113.
                               I allege that according to Mr. Henry's letter
17                         dated apparently Oct. 3,2007 and postmarked
                           Oct. 4, 2007 claims that I, Hung Ha, owes
18                         Respondent $12098.85.  I allege, in addition,
                           that under Respondent's regular accounting practice,
19                         said amount has been increasing until something
                           happens that changes the nature of respondent's
20                         claim.

21                             Note, please, that it is irrelevant whether I,
                           Hung Ha, as an account holder, dispute any portion
22                         or entire amount of said claim's total sum; what is
                           relevant here is the existence of such a claim
23                         against me. See Cal. CC s.1428, s.1427, in
                           STANDARD California Codes, 2006 Edition, Civil p.216.
24                         (definition of obligation).

25  Capacity              Respondent is in this action in the capacity of
                           a private business, a "legal person".

26

27  reasons               (1) McGuiness et al (Stein, Swager, Margulies,
                           Marchian, and others) have blocked Ha v. Ross, et al,
                           2002074172 (Alameda 2002) and Ha v. Harrison, et al,
28                         2002077102 (Alameda 2002), thereby preventing me
                           from satisfying Respondent's claim, in part or in full,
30                         with money judgments in said cases.

56

1                          Allegations RE Respondent & Capacity

2        (B of A, cont)

3                              JN may be taken of the prospsition that, if that
                               aforesaid reason states the truth, Justice McGuiness
4                              et al did so, or have done so, or will do so
                               solely or primarily because they think that
5                              the doctrine of absolute immunity granted by
                               the U.S. Supreme Court to federal courts and
6                              adopted by California Supreme Court frees them
                               from financial consequences from any type of
7                              misconduct committed under the cover of any
                               degree of judicial acts and/or omissions to act.
8                              I claim, therefore, such thinking is fundamentally
                               unfair to its victims, like me, assuming that
9                              I am such a victim.
                                   I claim, thus, that under equity principle,
10                             Respondent B of A is under an obligation
                               to forgive the entire claim which it is
11                             or will be making against me, with respect to
                               the account of mine referenced above, under
12                             Cal.CC s.1511, within the purview of Cal. Const.
                               art. 1, sec. 28 (bill of rights for victims of
13                             violent crimes), and Cal. PC s.679 et al.
                                   In support of aforesaid claim, I, Hung Ha,
14                             claim that records of both Ha v. Ross, et al, and
                               Ha v. Harrison, et al, clearly show that I am
15                             an innocent victim and innocent witness to
                               violent felonies committed by Ofc Mark Rhoden
16                             and Ofc Jason Collom on March 4, 2001, in about
                               two minutes between 6:45 p.m. and 7:00 p.m.
17                             on Berkeley Campus of the University of California,
                               and related white-collar/cover-up crimes
18                             that, as I allege, have been ongoing since
                               the time of said incident such as the totally false
19                             trial of People v. Ha, 166802 (Alameda 2001). Further,
         I claim that records of People v. Ha are such showing.
20                                 I allege that it is solely because of said
                               violent felonies and white-collar, cover-up
21                             crimes, I, Hung Ha, have incurred the entire
                               amount of whatever B of A is claiming against me.

22                                 I request judicial relief as to the issue of
23                             whether my conduct to which said claim of B of A
                               is related is withint or, by contrast, without
24                             the scope of 18 USC sec. 1344 (bank fraud),
                               and/or RICO statute in connection with mail fraud
25                             and wire fraud. (Note, these statutes are part of
                               reasons of subject matter jurisdiction of this
26                             Court of U.S.) Thus, B of A is in this action.

27                             (2) If possible, declarative relief may be
                               granted declaring that Justice McGuinuess et al
28                             who take advantage of absolute immunity have a moral
                               obligation to pay off Hung Ha's debts owed to B of A,

Ha v. McGuiness, et al, C07-037777 SBA

1  (B of A, cont)        U.S. Department of Education, NYU, so forth.
                         This equitable relif is based on ethics, especially
2                        in light of ethics required of judicial officers
                         as lawyers, as employees of the state court of
3                        California, and as judges or justices.

4                        (3)  Equitable reliefs may be granted such that
                         justices of court of appeal for the first
5                        appellate district acknowledge the voidness of
                         orders which block Hung Ha's appeals in Ha v. Ross,
6                        A111966, A112095, A114018, A117819, nad Ha v.
                         Harrison, A109984, A110044, A113102, A116354,
7                        so that it will become possible for Hung Ha to
                         pay B of A's claim referenced above out of
8                        money judgments obtained, if at all, in said
                         cases.

9
                         (4)  Equitable reliefs may be granted such that
10                       the Presiding Judge and Clerk of Court of
                         Superior Court in and for San Francisco County
11                       will file Hung Ha's Petition, Ha v. Board as deemed
                         filed on/about Nov. 14, 2005 (please see exh. #__).

12                       (5) Declarative reliefs that if it is not
13                       possible that SF superior Court allow Ha v. Board
                         to proceed because of Judge James A. Richman's
14                       vexatious litigant orders executed on Jan. 24,
                         2005, McGuiness and the justices of division one
15                       have moral obligation to pay B of A as to its
                         claim against Hung Ha, as well as to pay the
16                       claims which other creditors of Hung Ha have
                         against me.

17                       (6)  Before I, Hung Ha, exit the U.S.A. (and California)
18                       for any reason or purpose, I want to ensure that
                         B of A's claim against me, to the extent that
19                       it is valid, be fully satisfied.  Insofar as my
                         right under Cal. Const. art. 1, sec.28, plus Cal.
20                       PC s.679 et al, and Cal. Const. art. 1, sec.2(a)
                         (freedom to express subject to limit on abuse of
21                       right) are within the 14th Amendment, on the basis
                         of court records (e.g., People v. Ha, Ha v. Ross,
22                       Ha v. HarrisonHa v. Aranas, Ha v. Fry, Ha v. Kochis,
                         Ha v. Alameda [petittion]), equitable reliefs
23                       be granted to accomplish this purpose.

24

25

26

27

28

Ha v. McGuiness, et al, C07-037777 SBA

1                                Allegations RE Respondent & Capacity

2    NYU School of Law    40 Washington  Square, NY NY 10003

3                        c/o Loan Servicing Office
                         7 East 12th Street, Suite 1222
4                        New York, NY 10003-4475
                         Tel: (212) 998-2850
5                        Fax: (212) 995-3473

6    capacity            NYU School of Law is in this action in the
                         capacity of a private "legal person".

7    reasons             NYU School of Law is a proper party b to this action
                         because I, Hung Ha, owes a lot of money to NYU
8                        School of Law, and I am requesting equitable
                         reliefs that judicial officers of California who
9                        have blocked my appeals in People v. Ha, 4529 (app. dept.)
                         Ha v. Rhoss, et al, 2002074172 (Alameda), and
10                       Ha v. Harrison, et al, 2002077102 (Alameda) pay off
                         my financial obligations owed to Respondent or, in
11                       the alternative, Justice McGuiness et al have a
                         moral obligation are under moral obligation to pay
12                       off the debts that I owe to Respondent, or in the
                         alternative, Respondent cancel its legal obligation
13                       known as NDSL (over $3312.56). In addition, or, in the
                         alternative, NUY School of Law is Party in Interest.
14   debts               I allege that I owe no less than $3312.56 in NDSL
                         to NYU School of Law.
15                       In addition, I owe more than $ 62,000 in scholarship
                         and  stipend  ($400 per week for 52 weeks for
16                       May 1990 to May 1991, as fellowship). For each of my
                         semester there as a student, I received thousands (seven?)
17                       of dollars in scholarship. I allege that these
                         monies are interest-free loans, with unlimited
18                       grace period in which to pay off such persoanl
                         debts. I allege that every oen of my schoolmates
19                       pay off entirely such loans that they owe to the
                         school.
20   Reliefes soughts                    I request the relief that
                         these judicial officers pay $62,800.oo to NYU S of L.
21                       I am requesting the equitable reliefs that judicial
                         officers who block People v. Ha, Ha v. Ross, et al,
22                       and Ha v. Harrison, et al, pay off my NDSL under
                         moral obligation, and the rest of the personal loans
23                       be deemed forgiven or satisfied.

24

25   jurisdiction        This Court of U.S. Has jurisdiction by reason of
                         diversity citizenship and aggregated amount exceeding
26                       $75,000.
     limited appearance    If made, the appearance of NYU School of Law in this
27                       action does not mean its consent to lawsuit by me
                         against NYU School of Law on separate causes of action,
28                       in the state of California. Its participation in
                         this action does not make it to suit on separate COA.
                                          subject

Ha v. McGuin____, et al, C07-037777 SBA

1    Cause of Action #<u>A</u> : Claim # <u>1</u>

2    <u>Table of Content</u>

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuiness, et al, C07-037777 SBA

1  Cause of Action #A : Claim # 1

2  Nature  of Claim

3      violation of Amendment XIV , IV,   (unreasonable Seizure),
   Concise Statement of Claim
4  Clerks of Court and Administrative Presiding Justices of California
   Court of Appeal alter and enlarge Legislative Intent and scope of
5  CCP s.391.7 to encompass appeals and writ petitions of a pending
   trial court action. Herbert and McGuiness subject my appeals and petitions
6  Parties        illegally to CCP s.391.7, violating separation of power
                  doctrine.
7      Hung Ha and similarly situated class members assert this claim as to:

8  Diana Herbert, the Honorable William E. McGuiness , and all
   Clerks of Court and Administrative Presiding Justices of all
9  district courts of Appeal in and for California.

10

11  Jurisdictional Basis

12     The Court has jurisdiction over this claim by reason of

13  28 USC s.1331 with 42 USC s.1983 for violation of 14th Amendment (due

14  Process of law), 4th Amendment (unreasonable search and seizure).

15     (This part will be set forth more fully hereinfater.)

16  Reliefs Sought

17     --injunction

18     --declarative

19     --any other and any number of equitable reliefs

20

21  (This part will be set forth more fully hereinafter.)

22

23

24

25

26

27  facts/reasons

28     (Allegations of facts and description of reasons follow.)

Ha v. McGuiness et al, C07-037777 SBA

1  Cause of Action #__ : Claim #__ (alteration of CCP s.391.7)

2  <u>Relief Sought</u> (cont)

3       --injunction

4  (1)  Plaintiffs/petitioners seek that Herbert and McGuiness, et al

5  are enjoined from illegally altering the legislative intent and

6  scope of CCP s.391.7 to encompass appeals and petitions for review

7  of interlocutory orders within a pending case.

8  (2)  --Class    seeks injunction prohibiting the Court of Appeal in

9  and for California from altering and enlarging the legislative intent

10  and scope of CCP s.391.7 to encompass, include, cover appeals and

11  petitions for writs (latter including petitions for review of

12  interlocutory orders within a pending case).

13  (3)  --Hung Ha seeks injunction prohibiting Herbert and McGuiness et al

14  from subjecting his appeals and petitions for writs to CCP s.391.7

15  proceedings.

16  (4)  --Class    seeks injunction prohibiting all district courts

17  of appeal in and for California from subjecting their appeals and

18  petitions for writs to CCP s.301.7 proceedings.

19

20       --declarative relief

21  (1)  In subjecting Hung Ha's appeals and petitions for writs, Herbert

22  and Justice McGuiness have acted outside the boundaries of their

23  legitimate authority in violation of the doctrine of separation of

24  power.

25  (2)  In subjecting Class   appeals and petitions for writs, various

26  Clerks of court for the district courts of appeals and their presiding

27  administrative justices have no legitimate power to alter and enlarge the

28  Legislative intent and scope of CCP s.391.7.

Ha v. McGuine_ et al, C07-037777 SBA

1    Cause of Action #__ : Claim #__ (as to intent and scope of CCP s.391.7)

2    facts/reasons described
                        invalid enlargement
3         I claim that CCP s.391.7 does not encompass appeals, nor does

4    it encompass petitions for review within a pending case (e.g.,

5    petition for review of order denying the plaintiff's challenge

6    for cause as to the qualification of a trial court judge).

7         Under the plain language rule of statutory construction,

8    CCP s.391.7 authorize only the presiding judges of various county Sup-
                                        the application of
9    erior courts of California to entertain/handle a prospective

10   plaintiff of a proposed "litigation"  for leave to file/commence

11   the action.

12        Defendants/respondents enlarge the legislative intent of CCP s.391.7

13   to encompass, include, cover, appeals (from trial courts to court

14   of appeal for the first appellate district), and petition for review

15   within a pending case (e.g., Ha v. Harrison, et al, 2002077102 [Alameda],

16   A109984 (1st DCA), S133887); A110044, S1344424).

17        Dft/resp (for defendants/respondents) enlarge the scope of

18   plain language of CCP s.391.7 to encompass, cover, include appeals

19   and petitons for review within a pending case.

20        Under the doctrine of separation of power, employees (including

21   justices and judges) have no legitimate power to alter Legislative

22   Intent and scope of statutes.  (See, e.g., Alferitz v. Boywardt,

23   126 Cal. 201, 208 [1899]Boags v. Municipal Court, 197 CA3d 65 (1987].)

24   Herbert, McGuiness et al are not on legislature when they construe

25   CCP s.391.7 to apply it to writs and appeals.

26        CCP s.391.7 does not even authorize trial court's presiding judges

27   to require and determine application for leave to appeal rulings, orders

28   and judgments from a pro se litigant dubbed "vexatious litigant".

Ha v. McGuine~, et al, C07-037777 SBA

1    Cause of Action #__ : Claim #__ (CCP s.391.7, alteration thereof).

2        Trial court judges who participated in a case which is being appealed

3    know better than the Court of Appeal's Clerk of Court and Presiding

4    Administrative Justice (possibly) do about whether the pro se

5    plaintiff (dubbed "vexatious litigant) is honestly, in good faith,

6    sincerely seeks social justice and due administration of law in

7    appealing, rather than harassing or delaying the opposing party (and

8    counsel); so does the presiding judge of the superior court know

9    better than the presiding Justice of a district court of appeal could

10   possible know concerning the aforesaid concern.  Thus, if the plain

11   language of CCP s.391.7 could be legitimately stretched to encompass

12   appeals and petitions for review of interlocutory orders (e.g., "order"

13   denying challenge for cause per CCP s.170.3 procedure), it would

14   be the presiding judge of a superior court of a county who is authorized

15   to entertain the pro se plaintiff's application for leave to appeal.

16       Thus, where trial court judges have directed the pro se plaintiff

17   to appeal, or urged the latter to appeal, the said plaintiff would be

18   entitled to appeal, assuming that CCP s.391.7's plain language may

19   be legitimately be stretched to encompass, include, cover appeal snad

20   petition for review of interlocutory orders, rulings, so forth.

21       Justice McGuiness, Herbert, et al did not even bother to inquire

22   what the trial court judges are thinking concerning the validity and

23   legitimacy of my appeals and petitions for review of intercutory

24   orders; they made their own decisions even where trial court judges

25   had directed me to appeal.

26       Justice McGuiness and Herbert's first appellate district court of

27   appeal is not the only Court of Appeal which enlarge the legislative

28   intent and plain-language scope of CCP s.391.7; all district court of appeal do

Ha v. McGuiness et al, C07-037777 SBA

1  Cause of Action #___ : Claim #___ (alteration of CCP s.391.7)

2  I assume and allege that the procedure outlined in Herbert's letters to

3  me reflects a practice common in all district courts of appeal in and for

4  California. Therefore, the letters to me from Herbert show that

5  the Court of Appeal in and for California as a single court unit

6  assumes the legislative function of amending CCP s.391.7 and the

7  executive function of the Governor's signing a new bill or proposed

8  legislation or legislative amendment.    For the foregoing

9  reason, the procedure outlined by Herbert's letters addressed to me is

10  completely unauthorized by law.

11      Thus, the aforesaid procedure is unlawful violating  the

12  Constitution of the U.S.

13      In the cases identified below, I have been subjected unlawfully

14  to CCP s.391.7 by Herbert and McGuiness, on the ground that the

15  Court of Appeal's employees (including judicial officers) have

16  altered the legislative intent and scope of CCP s.391.7.

17  Petition for review of interlocutory orders

18      --Ha v. Harrison, et al, 2002077102 (Alameda), A109984;

19      --Ha v. Harrison, et al, 2002077102, A110044 (1st DCA)

20

21  Appeals
    --Sullivan v. Ha, BG6251784, A114993 (1st DCA)
22  --Ha v. Seth's, et al, RG03116209 (Alameda), A110655 (1st DCA)

23      --Ha v. Ross, et al, 2002074172 (Alameda), 111966 (1st DCA)

24      --Ha v. Ross, et al, 2002074172, A112095

25      --Ha v. Ross, et al, 2002074172, A114018
    --Ha v. Ross, et al, 2002074172, A117819
26  --Ha v. Harrison, et al, 2002077102, A113012
    --Ha v. Harrison, et al, 2002077102, A116354
27  --Ha v. CUIAB, 2002068505, A113101

28  --Ha v. Northside, et al, RG04183049, A116777
    --Ha v. Northside, et al, RG04183049, A117820

Ha v. McGuiness et al, C07-037777 SBA

1    Cause of Action #__ : Claim #__ (alteration of CCP s.391.7)

2    facts/reasons--due process

3        Alteration of the legislative intent and scope of CCP s.391.7

4    (i.e., subjecting appeals to CCP s.391.7 proceeding) subject pro

5    se appellants who are dubbed vexatious litigants to denial of

6    procedural due process and substantive due process, stated below.

                         procedural due process

7        As to procedural due process, the CCP s.391.7 proceedings imposed

8    by employees of court of appeal are completely unauthorized by

9    state law.  Therefore, the proceeding's process is not due.  There is

10   not any reasonable possibility that the proceedings to which Herbert and

11   the Presiding Administrative Justice Hung Ha (and class members) could

12   be due.

13       A plaintiff-appellant's case which he/she appeals to the court of

14   appeal in and for California involves his/her "life, liberty, and

15   property" within the meaning of the 14th Amendment.  It has been held that

16   one's causes of action are tangible property within meaning of 14th.

17   To prosecute one's case(s) is within scope of one's "liberty".  One's

18   cases can be of such importance to  one's life that they are within

19   the meaning of "life" of the 14th amendment.

20       The risks which the challenged act of alteration poses to

21   one's life, liberty, property are sufficiently denial of such, and

22   actual termination of a pro se litigant's appeal is denial of such

23   interests.

24       Therefore, I allege that Herbert and PAJ have denied and have been

25   denying of life, liberty and property without due process of law within

26   purview of 14th amendment,  as denial of procedural due process.

                         substantive due process

27       As to substantive due process, the challenged alteration of CCP s.391.7

28   deprive me and class members of 1st amendment right to petition , speach, press

Ha v. McGuiness et al, C07-037777 SBA

1    Cause of Action #__ : Claim #__    (alteration of CCP s.391.7)

2 immunity

3    For the following reasons, Herbert and McGuiness et al are not

4 entitled to absolute immunity, assuming that the doctrine of absolute

5 immunity as adopted by the federal court system is unquestionably valid.

6    --legislative function

7    Herbert and Justice McGuiness et al are engaged in making legislat-

8 ion.  To alter and enlarge the legislative intent and scope of CCP s.391.7

9 so as to encompass appeals and writs on the level of court of appeal of

10 California by Clerks of Court and Presiding Administrative Justices of

11 various district courts of appeal is a legislative function.  They amend

12 in effect CCP s.301 et seq, notably sec.301.7 to "authorize" themselves

13 to subject pro se appellants and petitioners to CCP sec.391.7

14 procedeedings.

15    --administrative function

16    Herbert and Justice McGuiness et al are performing

17 administrative function when they subject pro se litigants to CCP s.391.7.

18 The judicial appearance of CCP s.391.7 proceeding is a deceptive mantel

19 beneath the truth of the matter about CCP s.391.7 proceeding is really

20 how the court runs its business contributing to GNP.  The two-thronged

21 test is (i) whether the statelaw authorize the challenged act, and (ii)

22 whether Herbert and Justice McGuiness acted, and the parties dealt with

23 the, in their judicial capacities.  (See, e.g., Huminski v. Corsones,

24 396 F.3d 53, 76 (2nd Cir. 2005). As to (i), the plain language of

25 CCP s.391.7 does not authorize them to act. and As to (ii), if they refuse

26 to process/file my notice of appeal, I would not even be a party, and

27 certainly my opponants in the action would not be party , and Herbert and

28 Justice McGuiness et al do not adjudicate issues of law and facts which would be argued in Opening Brief, Reply Brief, and Appellant's Reply.

Ha v. McGuiness, et al, C07-037777 SBA

1    Cause of Action #__ : Claim #__ (alteration of CCP s. 391.7)

2    facts/reasons--4th amendment

3      The challenged alteration of CCP s.391.7 constitute unreasonable

4    search and seizure of my and  similarly situated persons' persons,

5    papers, and effects within the purview of 4th Am.

6      Than Herbert and PAJ McGuiness imposed and continue to impose

7    CCP s.391.7 to my appeals and petitions for review make my person,

8    papers, and effects insecure within purview of 4th Am.  My cases (appeals, e.g.)

9    involve the very existence of me, i.e., my person.  The papers

10   of my appeals and petitions for review are within meaning of "paper"

11   of 4th Am.  And my cases and papers are my "effects".

12     Indeed, I allege that my entitlement to Clerk's Transcript and,

13   generally speaking, record(s) on appeal, is my "paper" and/or "effects"

14   as these terms appear in the language of 4th Am.  Such that Herbert's

15   and PAJ McGuiness's denial of my right to receive such papers from

16   trial court's clerk of court violate my 4th amendment right to be

17   "secure' in my oerson, papers, effects against unreasonable search

18   and seizure.   Herbert and PAJ force me to explain to them, in no

19   more than three pages, in no more than 10 days from the date of Herbert's

20   letter, without record on appeal, without a chance to submit a proposed

21   OB or filed OB is unreasonable search and seizure.  That is because

22   they have no authority to do so under state law; besides, their

23   procedure is clearly out of bounds of reasons and ethics.   Their

24   procedure is completely unreasonable,and complete ly unethical.

25   The mere fact that a pro se appellant who has been branded "vexatious

26   litigant" is no ground to deny to him/her fundamental fairness and justice.

27     Herbert's and PAJ's alteration of ccp s 391.7 makes me insecure

28   in my person, papers, and effects within 4th Am.

29    Class members are similarly affected.

Ha v. McGuiness et al, C07-037777 SBA

1    Cause of Action #__ : Claim #__   (enlargement of  CCP s.391.7)

2    (facts/reasons,cont)

3    1996 amendment to s.1983

4        To alter legislative intent and scope of CCP s.391.7 by

5    administrative officials of court of appeal in and for California

6    (e.g., Herbert and PAJ McGuiness) are not within the meaning of

7    "judicial capacities" of the 1996 amendment to sec.1996.

8        Moreover, even if we assume that judicial officers were deemed

9    to be exercising judicial power when they alter the legislative intent

10   and scope of CCP s.391.7, declarative reliefs are inadequate even if

11   possible, such that injunctive reliefs should be authorized by

12   s.1983 under the circumstances.

13       To enlarge CCP s.391.7 to include, cover, encompass appeals and

14   petitions for writs within the same pending case is not within

15   the meaning of "judicial capacity," even when such action is performed

16   by a top ranked official whose title of office is that of a judical

17   officer.

18       The said 1996 amendment does not bar this Court from enjoining

19   Herbert and PAJ McGuiness from aggrandizing their authority in

20   their aggrandizing CCP s.391.7, as to Hung Ha and similarly situated

21   class members.

22       Similarly, said amendment to s.1983 does not bar this court from

23   enjoining all Clerks of Court and Presiding Administrative Justices

24   df all district courts of appeal in and for California from aggrandizing

25   CCP s.391.7.

26   11th Amendment bar

27       11th Amendment does not bar this court from granting injunctions

28   or equitable reliefs not involving monetary compensation against state

29   officials, such as Herbert and PAJ McGuiness.

Ha v. McGuine~ et al, C07-037777 SBA

1    Cause of Action #__ : Claim #__  (enlargement of CCP s.391.7)

2    (facts/reasons, cont)

3                              mootness/ripeness

4        I reallege my petitions for writs and my appeals which I had

5    alleged heretofore, in this claim, theory.

6        I allege that in each and every one of them I timely submitted

7    my petitions for writs, and filed notices of appeal, and I

8    allege that in each and every one of those cases of mine, I was not in

9    any default (e.g., default of failing to designate Clerk's Transcript).

10       I allege that in each and every one of said cases or portions of

11   a case, my timely filed notices of appeal has vested jurisdiction

12   in the court of appeal in and for California. In Ha v. Ross, et al,

13   2002074172, there are four appeals: A111966, A112095, A114018, A117819.

14   In Ha v. Northside, et al, RG04183049, there are two  appeals:

15   A116777, and A117820.

16       In Ha v. Harrison, et al, 2002077102, I had four matters

17   before the court of appeal: A109904, A110044, A113012, A116354.

18       In particular, I allege the following.  In Ha v. Ross, et al,
                                         A114018
19   2002074172 (Alameda 2002), Judge Lee ruled repeatedly that my

20   notices of appeal as filed on Sept. 29, 2005 and Oct. 12, 2005

21   (which amended the former) were timely and sufficient such that her

22   court was divested of jurisdiction to entertain my motions and

23   defendants' motion, on Jan. 6 to Jan. 27 and 27, 2006.  I allege

24   that defense lawyers, Andrea S. Carlise appearing at hearing

25   physically, argued both orally and in writing that Judge Lee was right

26   in that regard.  On Jan. 17, 2006, Carlise, Maureen Duffy,

27   Steven Craig Wolan of Patton Wolan & Boxer submitted to Judge Lee

28   a supplemental brief arguing that my Oct. 12, 2006 notice was timely and
29   sufficient to the effect that Judge Lee was correct about lack of juridiction.

                              p. 70

Ha v. McGuiness, et al, C07-037777 SBA

1    Cause of Action #__ : Claim #__ (alteration of CCP s.391.7)

2    (facts/reasons, mootness/ripeness, cont)

3    I timely filed notices of appeal at to Judge Lee's rulings and

4    judgments if any, on March 16 and 22, 2006.  That notice of appeal

5    was assigned with A114018.

6        In all the aforesaid petitions and appeals, I timely submitted

7    applications for waiver of filing fees to the court of appeal; any

8    delay was excusable because it was caused by Herbert and PAJ McGuiness

9    et al.(also trial court clerk's error and misunderstanding of the

10   procedure).

11       I do not abandon any of the said petition for writ within a

12   pending case (ile., two in Ha v. Harrison, et al, 2002077102),

13   and my appeals.

14       They are all being blocked by Herbert and McGuiness et al,

15   who refuse to act within scope of law, but, rather, acting outside

16   it as described and alleged above, heretofore.

17       I allege that I have more appeals and petitions for writs to submit to

18   the court of appeal controlled by Herbert and PAJ McGuiness.

19       I allege the existence of applicable law, i.e., when there is no

20   ground to dismiss an appeal (or petition for writ within a pending

21   case), the court of appeal retains jurisdiction such that the

22   matter remains pending in that court.  Therefore, when the trial

23   court provide me with my copy of record on appeal, and when I

24   am notified of deadlines for submitting my OBs, I will complete my

25   appeals and submit my OBs in timely manner.

26       For my two petitions in Ha v. Harrison, et al, A109904 and

27   A110044, I had submitted my petitions (written arguments).already.

28       Thus, all those matters are actually pending.

Ha v. McGuiness, et al, C07-037777 SBA

1    Cause of Action #__ : Claim #__

2                        Reliefs Sought

3    <u>injunctions</u>

4        Injunction be issued enjoining/prohibiting APJ McGuiness from

5    contruing CCP s.391.7 to appeals.

6        Injunction be issued enjoining APJ McGuiness from contruing CCP

7    s.391.7 to writ petitions in a pending case, which seek immediate

8    review of interlucotory orders or rulings or judgment (partial).

9        Injunction be issued prohibiting APJ McGuiness from contruing and

10   applying CCP s.391.7 to petitions for writs.

11       Injunctions be issued prohibiting all APJs and Clerks of

12   Court of all district courts of appeal in and for California

13   from altering and enlarging the Legislative Intent and scope of

14   the explcit language of CCP s.391.7 to encompass appeals and

15   writ petitions of a pending case (e.g. of the writ petitions

16   are two in Ha v. Harrison, et al, 2002077102,filed/submitted for

17   filing on May 2, 2005 and May 9, 2005).

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuir___, et al, C07-037777 SBA

1    Cause of Action # A : Claim # 2

2    Table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuiness et al, C07-037777 SBA

1    Cause of Action #A : Claim #2

2    <u>Nature of Claim</u>

3        violation of Amendment XIV (procedural due process), IV
     <u>Concise Statement of Claim</u>

4        If/assuming that CCP s.391.7 may be stretched to encompass appeals
     and writ petition(s) of a pending case, it is the presiding judge of

5    a county superior court who is authoirzed to permit plaintiff to
     seek appellate review, not the Administrative Presiding Justice of  DCA.

6    <u>Parties</u>

7        Hung Ha and similarly situated class members assert this claim as to:

8    Diana Herbert, the Honorable William E. McGuiness, and in a class action,

9    all the clerks of court and Administrative Justices of all district

10   courts of appeal of California.

11   <u>Jurisdictional Basis</u>

12       The Court has jurisdiction over this claim by reason of

13   28 USC s.1331 with 42 USC s.1983 for violation of 14th Amendment (due

14   Process of law), and 4th Amend.

15       (This part will be set forth more fully hereinfater.)

16   <u>Reliefs Sought</u>

17       --injunction

18       --declarative

19       --any other and any number of equitable reliefs

20

21   (This part will be set forth more fully hereinafter.)

22

23

24

25

26

27   <u>facts/reasons</u>

28       (Allegations of facts and description of reasons follow.)

p. 74

Ha v. McGuinea, et al, C07-037777 SBA

1    Cause of Action #A : Claim # 2

2    facts/reasons described

                              facts

3         The facts are primarily what CCP s.391.7 says on its face.

4    (Please see Exh. #__, a true and correct copy of the text as it    (E#__)

5    was in 2006.)    The Legislature vests subject matter jurisdiction

6    RE CCP s.391.7 proceeding in trial court in and for a particular

7    county's presiding judge.    CCP s.391.7 does not create subject matter

8    jurisdiction in court or appeal of California.  nor does CCP s.391.7

9    create subject matter jurisdiction in the Supreme Court o f California.

10         By statutory definition, a justice on court of appeal

11   in and for California is not a judge of a superior court in and for

12   a county.

13        By definition, "new litigation" does not mean appellate review

14   of trial court's rulings, orders, judgments.
                proposed
15    The new litigations are those pleadings proposed to the presiding
            ^
16   judges of superior courts.

17

18

19

20

21

22

23

24

25

26

27

28