Ha v. McGuin__, et al, C07-037777 SBA

1    Cause of Action #__ : Claim #__

2                              Reliefs Sought

3    Injunctions

4         Injunction be issued enjoining Clerks of court and APJs of all

5    district courts of appeal of California from taking the subject matter

6    jurisdiction that Legislature of California vests in superior courts of

7    counties, such as Superior Court of California in and for Alameda

8    County located at 1225 Fallon Street, Oakland, CA 94612, Dept. 1 on

9    2nd floor, assuming that it is reasonable  to construe CCP s.391.7

10   to encompass appeals and, within a peading case, petition for writs to

11   review an interlocutory order.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuines, et al, C07-037777 SBA

1    Cause of Action #＿ : Claim # 3

2    Table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuiness, et al, C07-037777 SBA

1     Cause of Action #＿ : Claim #3

2     <u>Nature of Claim</u>

3        violation of Amendment XIV (procedural due process), 4th, & 1st.

4     <u>Concise Statement of Claim</u>
             In Ha v. Harrison, et al, 2002077102, A113654 (1st DCA),
5     Justice McGuiness et al illegally block my appeal where trial court
     has specifically directed me to appeal its rulings, orders, judgments,
     assuming that CCP s.391.7 may be enlarged by court
6     <u>Parties</u>   to   encompass appeals and writ petitions of a pending case.

7        Hung Ha and similarly situated class members assert this claim as to:

8     Diana Herbert, the Honorable William E. McGuiness, and in class action,

9       all Administrative Presiding Justices of all district courts of

10     appeal of California.

11     <u>Jurisdictional Basis</u>

12       The Court has jurisdiction over this claim by reason of

13     28 USC s.1331 with 42 USC s.1983 for violation of 14th Amendment (due

14     Process of law), 4th amendment, 1st amendment (petition government for
     redress of grievances).
15        (This part will be set forth more fully hereinafter.)

16     <u>Reliefs Sought</u>

17       --injunction

18       --declarative

19       --any other and any number of equitable reliefs

20

21     (This part will be set forth more fully hereinafter.)

22

23

24

25

26

27     <u>facts/reasons</u>

28        (Allegations of facts and description of reasons follow.)

1    Cause of Action #__ : Claim #__

                 facts,      Sept. 22, and

2       At the "hearing" on my numerous motions on Oct. 3, 2006, Judge

3    Wynne Carvill specifically told me to appeal, instead of moving the

4    trial court to alter prior rulings, orders, judgments.

5       Judge Carvill said at the "hearing" that assuming that the

6    trial court has equitable jurisdiction to grant my motions for

7    reliefs, he was not going to exercise it until he is directed by

8    the court of appeal to do so. (See RT, Sept. 22, 2006, if available.)

9       At that "hering", Judge Carvill did not discuss the numberous

10    issues raised and argued in my motion papers.  Defense counsel

11    had failed to oppose my motions.  At hearing, Defense counsel did

12    not argue the issues which I raised and argued in my numerous

13    motion papers. (See RT, Oct. 3, 2006, if available.).

14       The errors which were raised in my papers were not merely

15    those which would be reversable for abuse of discretion or incorrect

16    application of law or incorrect findings of facts, but included

17    void/invalid rulings, orders, jdugments of dismissal, and void final

18    judgment.

19       On Oct. 3, 2006, Judge Carvill went so far as "ordering" me

20    not to file any more motion but, instead, if I wanted to seek relief

21    from trial court rulings, orders, and judgments, to appeal.

22       So I filed notice of appeal in timely manner, without

23    filing more motions at trial court.

24

25

26

27

28

Ha v. McGuine___, et al, C07-037777 SBA

1    Cause of Action # A : Claim # 4

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuiness, et al, C07-037777 SBA

1    Cause of Action #1 : Claim #4

2    Nature of Claim

3        violation of Amendment XIV (procedural due process), 4th, & 1st.
     Concise Statement of Claim

4        In Ha v. Ross, 2002074172, A117819,

5        Justice McGuiness et al illegally block my appeal where trial court
     has specifically directed me to appeal its rulings, orders, judgments,
     assuming that CCP s.391.7 may be enlarged

6    Parties    to encompass appeals and writ petitions of a pending case.

7        Hung Ha and similarly situated class members assert this claim as to:

8    Diana Herbert, the Honorable William E. McGuiness, and in class action,

9    all Administrative Presiding Justices of all district courts of

10   appeal of California.

11   Jurisdictional Basis

12       The Court has jurisdiction over this claim by reason of

13   28 USC s.1331 with 42 USC s.1983 for violation of 14th Amendment (due

14   Process of law), 4th amendment, 1st amendment (petition government for
     redress of grievances).

15       (This part will be set forth more fully hereinafter.)

16   Reliefs Sought

17       --injunction

18       --declarative

19       --any other and any number of equitable reliefs

20

21   (This part will be set forth more fully hereinafter.)

22

23

24

25

26

27   facts/reasons

28       (Allegations of facts and description of reasons follow.)

p. 81

Ha v. McGuiness et al, C07-037777 SBA

1     Cause of Action #__ : Claim #__

2                              facts

3         At the "hearing" on March 1, 2007, Judge Frank Roesch refused to

4     consent to disqualification upon my challenge for cause, and he

5     refused to hear the merits of my motion to vacate void judgment of

6     dismissal issued by Judge James A. Richman on July 1, 2005

7     granting ex parte application by PWB per CCP s.391.4, dismissing

8     Alameda County, Andrew Ross (staff attorney in District Attorney's Office)

9     and Jason Collom (police officer at UC Berkeley, where County and

10    Ross had not filed any Answer and their demurrer was never sustained in

11    more than three months after filing, and where I had up to July 18,

12    2005 to amend my complaint as to Jason Collom (on that July 18

13    I did timely filed amended complaint to state cause of action

14    as to Jason Collom).   Judge Roesch told me to appeal, and told me

15    not to move the trial court for reliefs again.  So I filed notice of

16    appeal, in what became Ha v. Ross, A117819 (1st DCA).

17        Defense counsel did not file opposition to my aforesaid motion.

18        Nor did defense counsel appear.  Nor did defense counsel

19    explain to the court the reason of why they would not appear or

20    fail to appear.

21        Defense counsel and defendants were properly served of notice

22    of aforesaid motion, and they had actual notice of said motion.

23

24

25

26

27

28

Ha v. McGuiness et al, C07-037777 SBA

1    Cause of Action #___ : Claim #___

2                            Reasons

3        Trial court was caused by Judge Roesch to shift the burden

4    of inspecting its own record for the absence of elements essential

5    to a valid judgment or order, to the court of appeal.   (See

6    definitions about void judgments and orders.)

7        Caused by Judge Roesch, the trial court's failure to inspect

8    its judgment roll or record for invalidity of judgment of dismissal

9    dated July 1, 2005 which was predicated upon "Order" declaring me

10    a vexatious litigant on Jan. 24 ,2005 in the same Ha v. Ross, et al,

11    2002074712 gaveme the right to appeal Judge Roesch's refusal to hear

12    my aforesaid motion on the merits, as principle of equity requires.

13        Within the purview of court's equitable jurisdiction, I

14    was in effect permitted by the Presiding Judge of superior court

15    in and for Alameda County per CCP s.391.7 to appeal Judge Roesch's

16    action on my aforesaid motion (which seeks to vacate void judgment

17    and void orders upon which the said void judgment was predicated).

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuine~ et al, C07-037777 SBA

1    Cause of Action #__ : Claim #_5_

2    <u>Table of Content</u>

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuiness et al, C07-037772 SBA

1    Cause of Action # A : Claim # 5

2    Nature of Claim

3    Violation of 14th Amendment (procedural and substantive due
     process, equal protection of law, privilege and immunity clause),
4    4th Amendment, 1st Amendment

5    Concise Statement of Claim

6    APJ McGuiness ignore the appellants' valid collateral attack on

7    the declarative "Order" branding them "vexatious litigants", and they

8    have ignored completely my collateral attack on Judge Richman's

9    "order" branding me a vexatious litigant" on January 24, 2005 in

10   Ha v. Ross, et al, 2002074172 (Alameda Sup. Ct.).

11

12   Parties

13   I, Hung Ha, and similarly situated class members assert this

14   claim against APJ and Clerk of Court of First District Court of Appeal;

15   in addision, all class members assert this claim against all clerks of

16   court and all Administrative Presiding Justices of Court of Appeal in

17   all appellate districts of California.

18   Jurisdiction also is based on Const. art. IV, sec.1 (full faith and
     credit clause).    @ Jurisdiction is based on RICO and related statutes.

19   Jurisdictional basis

20   Subject matter jurisdiction is based on 14th Amendment, 4th Amendment,

21   1st Amendment under 18 USC s.1331.

22

23   Reliefs Sought

24   --injunctions

25   --declarative reliefs

26   --any kind of equitable reliefs

27   Facts/Reasons Described

28   (As set forth in detail hereinafter)

Ha v. McGuiness, et al, C07-037777 SBA

1    Cause of Action # _ : Claim #__

2                        Facts

3        I collaterally attacked the declarative order of vexatious

4    litigant as early as May 2005, in my "application for oermission

5    to appeal or to file writ petition".

6        1. Ha v. Harrison, 2002077102, A109984 (5/2) Exh. #5

7        2. Ha v. Harrison, 2002077102, A110044 (5/9) Exh. #6

8        3. Ha v. Seth's, A110655 (July 15, 2005)      Exh. #7

9        4. Ha v. Ross, A111966 (11/22/05)             Exh. #8

10       5. Ha v. Ross, A112095 (12/5/05)              Exh. #9

11       6. Ha v. CUIAB, A113101 (3/9/06)              Exh. #10

12       7. Ha v. Harrison, A113192 (March 13, 05)     Exh. #11

13       8. Ha v. Ross, A114018 (6/16/06)              Exh. #12

14       9. Sullivan v. Ha, A114993 (9/27/06)          Exh. #13

15      10. Ha v. Harrison, A116354 (1/19/05)          Exh. #14

16      11. Ha v. Northside, A116777 (4/23/07)         Exh. #15

17      12. Ha v. Ross, A117819 (6/1/07)               Exh. #16

18      13. Ha v. Northside, A117820 (6/1/07)          Exh. #17

19       McGuiness had never addressed the substantive issues which

20   I raised and/or discussed in my "applications" to appeal or petition

21   for writs.  Reading his "orders" purporting to deny the "vexatious

22   litigant" appellant , one would have no idea that I had collaterally

23   been attacking the declarative order and prefiling order.

24       The only order which declares me a vexatious litigant, and the

25   only Prefiling Order which were served on me are those two executed by

26   Judge James A. Richman in Ha v. Ross, et al, 2002074172 (Alameda

27   Superior Court) on January 24, 2005.  Both Ha v. Ross, 2002074172, and

28   Ha v. Harrison, et al, 2002077102 (Alameda ) arose from the same

1    Cause of Action {__ : Claim #__

2    series or development of events which began at about 6:45 to 7:00 p.m.

3    on March 4, 2001, on the second floor of Dwinelle Hall on UC Berkeley.

4    The development of that initial event dated March 4, 2001 was split

5    into two strands, which became Ha v. Ross and Ha v. Harrison.

6         Both aforesaid cases were actually consolidated from the very

7    beginning although there was no formal order consolidating them.

8    Both cases were under the Honorable Patrick J. Zika, for case

9    management; His Honor presided at Dept. 135 from the beginning to the

10   time when both cases went to appeal by 2007.  I therefore allege that

11   it was no less in Ha v. Harrison than in Ha v. Ross, that Judge Richman

12   executed both aforesaid orders per vexatious litigant statute.of

13   California.

14        McGuiness completely ignored all my collateral attacks on

15   Judge Richman's declarative order and prefiling order before my

16   appeal in Ha v. Ross and my appeal in Ha v. Harrison were over.

17        In Ha v. Ross, I filed notices of appeal on Sept. 29, 2005,

18   Oct. 12, Dec. 2, March 16 and 22, 2006; in Ha v. Harrison, et al, A116354,

19   I filed timely and sufficient notice of appeal on Oct. 27, 2006.

20        In Ha v. Ross on appeal, I timely filed my appellant's OB on

21   Oct. 31, 2005 or Nov. 6, 2006.  I was allowed by court of appeal to

22   revise it, and Idid, submitting timely on Dec. 15, 2006 the amendatory

23   version under consolidated appeal number, A111966/A112095.  Both versions

24   concentrate on attacking the vexatious litigant orders as all the

25   jdugments of dismissal were predicated upon them.  On  multiple grounds

26   those orders executed on Jan. 24, 2005 are void and their voidness can

27   be disclosed upon inspection of records/judgment roll.  Later, I found

28   additional grounds of why said orders are void (e.g., violation of supoena

29   served on Judge Richman on 1/20/05).

Ha v. McGuine___ et al, C07-037777 SBA

1    Cause of Action #_._ : Claim #*6*

2    table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuin____, et al, C07-037777 SBA

1    Cause of Action #__ : Claim #_6_

2    Nature of Claim

3        Violation of 14th Amend,., and 4th Amend.

4    Concise Statement of Claim

5        APJ McGuiness has been unlawfully blocking the filing of my
     Petition for a writ of mandate in Ha v. Harrison, et al,
6    2002077102 (Alameda), A109984 (May 2, 2005) directing superior court
     to vacate "orders" striking my challenge for cause.

7    Parties

8        Hung Ha asserts this claim against APJ McGuiness and Herbert
     in the capacity of Clerk of Court.

9

10   Jurisdictional basis

11       42 USC s.1983 in connection with 14th Amend., 4th Amend., and
     1st Amend.

12

13   Reliefs Soughts

14       --injunctions

15       --declarative reliefs

16       --any other equitable reliefs or any number of equitable reliefs.

17   Facts/Reasons described

18                          Facts

19       On May 2, 2005, I timely submitted my petition for a writ of

20   review following April 20, 2005 on which trial court mailed to me

21   orders striking my challenges for cause.  My petition raised the

22   critical issue of whether I contrued correctly CCP s.170.4(b) or

23   the challenged judges construed it correctly when they evoked it

24   to strikemy challenge for cause.   That petition may be treated as

25   a pleading proposed to the presiding judge of a superior court

26   if CCP s.391.7 could be enlarged by court of appeal to encompass

27   writ petition for revliew of an interlocutory order.  I submitted

28   timely an application following Herbert's instruction.

     On the face of the application, my writ petition is proper,

                              p. 89

Ha v. McGuine~~, et al~~, C07-037777 SBA

1   Cause of Action # ⁻ : Claim # *6*

2                          facts

3       On the face of said "application", my petition was proper, valid,

4   legitimate. (Please see Exh. #18.)                                (E# 18 )

5       Along with my said application, I submitted my petition.  It was

6   received, but not filed, on May 2, 2005.

7       On May 5, 2005, APJ obstensibly issued order in name of court

8   denying my application, without discussing anything about my

9   petition.

10      To appel aforesaid Order of APJ McGuiness, I timely filed a

11  petition for review with the Supreme Court of California.

12      I believe and allege that Supreme Court acknowledged that my petition

13  for writ of mandate was clearly legitimate, in good faith, valid.

14  On June 6, 2005, the Supreme Court extended time in which to grant or

15  deny my petition for review to Aug. 11, 2005.

16      Subsequently, I directly attack the declarative order and Prefiling

17  Order executed on Jan. 24, 2005 by Judge Richman in Ha v. Ross,

18  2002074172 (Alameda), in my appeals Ha v. Ross, 2002074172, A111966,

19  A112095, A114018, A117819 (1st DCA).   I filed timely my Opening

20  Brief on Oct. 31 or Nov. 6, 2006, and amended timely with leave of

21  court on Dec. 15, 2006, in connection with A111966, A112095, and

22  A114018. They are Mark Rhoden and Jason Collam.

23      Ha v. Harrison, 2002077102 and Ha v. Ross, 2002074172 arose from

24  the same occurrence: what happened in about two minutes between

25  approximately 6:45 p.m. and 7:00 p.m. on March 4, 2001, Sunday, on

26  the second floor of Dwinelle Hall on UC Berkeley, between two UCPD

27  officers and me.

28      Trial court judges continue using the illegal method so challenged
    in my aforesaid Petition which has not been filed, nor heard.

Ha v. McGuiness, et al, C07-037777 SBA

1    Cause of Action #__ : Claim #__
                    Relief Sought
2
     Injunction      Injunction be issued directing APJ McGuiness or
3
     Clerk of Court to file my aforesaid Petition.
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuine___ et al, C07-037777 SBA

1    Cause of Action # __ : Claim # 7

2    Table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

p. 92

Ha v. McGuiness, et al, C07-037777 SBA

1    Cause of Action #__ : Claim # 2

2    Nature of Claim

3        Violation of 14th Amend,., and 4th Amend.

4    Concise Statement of Claim

5        APJ McGuiness has been unlawfully blocking the filing of my
     Petition for a writ of mandate in Ha v. Harrison, et al,
6    2002077102 (Alameda), A110044 (1st DCA) ( directing trial court to
     set aside Judge Brick's void order denying purportedly my timely challenge.
7    Parties

8        Hung Ha asserts this claim against APJ McGuiness and Herbert
     in the capacity of Clerk of Court.

9

10   Jurisdictional basis

         42 USC s.1983 in connection with 14th Amend., 4th Amend., and
11   1st Amend.

12

13   Reliefs Soughts

14       --injunctions

15       --declarative reliefs

         --any other equitable reliefs or any number of equitable reliefs.
16

17   Facts/Reasons described

18       On May 9, 2005, I timely submitted an application required
     apparently (according to DCA) under CCP s.391.7 and along with it

19   my Petition for writ of mandate directing trial court to set aside

20   Judge Brick's void order denying my timely filed peremptory challenge.

21       On the face of my application, my petition was proper, legitimate,

22   made in good faith.  (Please see Exh. #__.)

23       My Petition was received, but not filed, on and since May 9,2005.

24       On May 24, 2005, an "order" of court was filed, denying my application,

25   and declaring that I failed to show a reasonable possibility that my

26   petition was meritorious.

27       I timely filed petition for review with Supreme Court.

28       Supreme Court acknowledge that my Petition for writ was legitimate.

p. 93

Ha v. McGuiness, et al, C07-037777 SBA

1    Cause of Action #__ : Claim #__

2    On July 25 -2005, the Supreme Court extended time in which to grant or

3    deny my petition for review to Sept. 1, 2005.

4        Judge Brick himself eventually granted on Sept. 23, 2005

5    my peremptory challenge, in Ha v. Harrison.  His Honor thus conceded

6    that I was correct in the beginning.

7        As of this date, the court of appeal of California for the

8    First Appellate District has not yet filed my aforesaid petition for

9    a writ of mandate directing trial court to vacate Judge Brick's

10   order denying on April 28, 2005 my peremptory challenge in

11   connection with May 2, 2005 hearing on demurrer of three defendants,

12   which Judge Brick illegally sustained without leave to amend

13   and dismissing them from the action, Ha v. Harrison.

14       Ha v. Harrison, et al, 2002077102 (Alameda) is still pending

15   at this time.  I have been recently filing papers in said case

16   in order to bring it to conclusion within five years following

17   Dec. 27, 2002 on which said action commenced.  I am trying to

18   move the court for entry of default and default judgment as to 15

19   defendants, if not more (Forster was erroneously deleted by clerk).

20

21

22

23

24

25

26

27

28

Ha v. McGuiness, et al, C07-037777 SBA

1    Cause of Action #___ : Claim #___

2                              Relief Sought

3    Injunctions          Injunction be issued directing Herbert or APJ

4    McGuiness not to continue blocking the filing of my aforesaid petition,

5    and directing Herbert to file aforesaid petition.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuine___, et al, C07-037777 SBA

1    Cause of Action #___ : Claim #8

2    Table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Cause of Action #__ : Claim #__

2  Nature  of Claim

3      violation of Amendment XIV (procedural due process), 4th  Amend.
   Concise Statement of Claim

4  APJ McGuiness et al of First appellate court of appeal and other

5  district courts of appeal refuse to file the "vexatious litigant"
   plaintiff-appellants' notices of appeal.

6  Parties

7      Hung Ha and similarly situated class members assert this claim as to:

8  Diana Herbert, the Honorable William E. McGuiness, and all the Clerks

9  of Court and Administrative Presiding Justices of all other district

10 courts of appeal of California.

11 Jurisdictional Basis

12     The Court has jurisdiction over this claim by reason of

13 28 USC s.1331 with 42 USC s.1983 for violation of 14th Amendment (due

14 Process of law), 4th Amendment,

15

16 Reliefs Sought

17     --injunction

18     --declarative

19     --any other and any number of equitable reliefs

20

21

22 Facts/reasons described

                        facts

23

24 In my appeals that arise after Jan. 24, 2005 except possible  exceptions

25 of Ha v.Ross, A111966 and A112095(1st DCA), APJ McGuiness and Herbert

26 have refused to file my notices of appeal., when they obstensibly are

27 implementing CCP s.391.7.  I allege that they refused to file my notice of

28 appeal which I filed on Dec. 2, 2005 in Ha v. Ross, 2002074172.

Ha v. McGuines, et al, C07-037777 SBA

1    Cause of Action #__ : Claim #__        (Facts cont)

2        I allege that in Ha v. Northside, A116777, McGuiness ordered,

after some deputy Clerk had filed my notice of appeal, that it be stricken

3    while he was requiring me to go through his CCP s.391.7 proceeding.

4        I allege that in all my appeals shown below, my notices

5    of appeal were not filed at the court of appeal.  Those cases are:

6    Hav. Ross, A114018 (notices of appeal were filed in trial court on

7    March 16 and 22, 2006, and Dec. 2, 2005), Ha v. Harrison, a116354,

8    Ha v. Harrison, A113102, Ha v. CUIAB, A113101,, Ha v. Seth's, A110655,

9    Ha v. Northside, A116777, Ha v. Northside, A117820, Ha v. Ross, A117819,

10   Sullivan v. Ha, A114993.

11       As to class, I allege that APJs and Clerks of Court of al

12   district courts of appeal similarly refuse to file appellants's

13   notices of appeals (which are transmitted by the trial courts to

14   the courts of appeals).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuiness, et al, C07-037777 SBA

1   Cause of Action #__ : Claim #__

2                                Reasons

3   Jurisdiction already vested

4         When, in trial court action, the"vexatious"plaintiffs  have

5   timely filed a sufficient notice of appeal and said notices of appeal have

6   become effective, the filing of said notices of appeal vests jurisdiction

7   in the appellate court, and divests the trial court of jurisdiction to

8   dispose matters embraced or affected by the jdugments appealed.

9   Whether the court of appeal's Clerks perform their ministrial function

10  of filing the transmitted notices of appeal is irrelevant to

11  the question of whether the courts of appeal have acquired subject

12  matter jurisdiction over the appealed matters.

13        There are neither statutory provisions or rules of court

14  to authorize an official of a district court of appeal to refuse  to

15  file any appellant's notice of appeal, which is sufficient and timely.

16

17  due process

18        That Herbert refuses to file my notices of appeal and that

19  APJ McGuiness orders clerk of court not to file my notices of appeal

20  deprive me of "life, liberty, and property without due process of law",

21  in violation of the 14th amendment.   They blcok the court of appeal

22  from assuming subject matter jurisdiction in my appeals, since my

23  notices of appeals do not appear in the record of the appellate court.

24  That failure is afailure of procedural due process.

25        As to class, the same applies as to all district courts of appeal.

26  4th amend

27        By occupying their strategic positions, Herbert and APJ McGuiness

28  subject my effects, papers to unreasonable search and seizure.
          As to class, the same applies to all district court's Clerks and APJs.

p. 99

Ha v. McGuiness _et al_, C07-037777 SBA

1  Cause of Action #__ : Claim #__

                           Reliefs Sought

2  injunctions

          Enjoin Herbert and APJ McGuiness from blocking the filing of my

3  notices of appeals in aforesaid blocked appeals.

4

          Enjoining aforesaid defendants/respondents from blocking my future

5  appeals.

6

          As to class, injunction be issued to enjoin clerks of court

7  and APJs of all district courts of appeal of California from blocking

8  the filing of "vexatious litigant" appellants' notices of appeal

9  provided that said notices are timely.

10

11

12  Declarative reliefs

13        In said appeals blocked by Herbert and APJ McGuiness, I am entitled

14  to have my notices of appeal be filed at court of appeal.  Any

15  order issued by APJ McGuiness striking a filed notice of appeal from

16  the record of the court of appeal is illegal and unconstitutional

17  under the U.S. Constitution.

18        As to class, the same is re-stated.

19

20

21

22

23

24

25

26

27

28

Ha v. McGuine____, et al, C07-037777 SBA

1    Cause of Action #__ : Claim # 9

2    Table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuine~ et al, C07-037777 SBA

1    Cause of Action #__ : Claim #__

    Nature of Claim
2
        Violation of 4th Amendment and 14th Amendment
3
    Concise Statement of Claim
4
        Herbert and McGuiness have been subjecting me to CCP s.391.7
5
    proceeding unconstitutionally in violation of 4th Amendment
6
    and 14th Amendment  where it is well established in Ha v. Ross
7
    and Ha v. Harrison in which Judge Richman executed the only known
8
    declarative order and prefiling order per CCP s.301 et seq on
9
    Jan. 24, 2005, I am an innocent victim of and innocent witness to
10
    violent crimes and white-collar coverup crimes committed by
11
    defendants to the aforesaid cases within the purview of Cal. PC
12
    s.679 et seq and Cal. Const. art. 1, sec. 28.
13

14
    Parties
15
        Hung Ha asserts this calim against Herbert and APJ McGuiness.
16

17
    Jurisdictional basis
18
        This District Court has SMJ on the basis of 4th Amendment and 14th
19
    Amendment in connection with which 42 USC s.1982 provides
20
    remedies under 28 USC s.1331.
21    Reliefs Sought

22        Injunctions; declarative reliefs; any other equitable reliefs
    Facts/reasons Described
23

24                          facts

25    No Answers

26        In Ha v. Ross, no defendants have ever filed any answer.

27        In Ha v. Harrison, no answer has ever been filed by Defendant.

28    In Ha v. Rhoden I, Ha v. Rhoden II, Ha v. Aranas, Ha v. Kochis, Ha v. Fry,

Ha v. McGuine~, et al, C07-037777 SBA

1   Cause of Action #__ : Claim #__

2   I myself served personally notices of the lawsuits on defendants or

3   at least their agents.  None of them appeared, and none of them

4   had ever filed an Answer to my complaints.  All of those cases were

5   related to the e-ent from which arose People v. Ha, 166802 (Alameda),

6   4529 (App. Dept.), Ha v. Ross, et al, Ha v. Harrison, et al.  And all

7   of them involve police officers of UC Berkeley (at 1 Sproul Hall,

8   Room 1199, Berkeley, CA 94720).
    Implied Rulings

9   Where the Superior court of California in and for Alameda County

10  was presided by the Honorable Patrick J. Zika (Dept. 135), the court

11  had ruled that(for case management purpose at least) on face of the

12  parties' pleadings, Hung Ha is an innocent victim of and innocent

13  witness to violent crimes committed by Ofc Rhoden and Ofc Collom

14  on March 4, 2001 although IHung Ha was tried to a jury in People v. Ha

15  and was convicted with appeal pending, and victim of related misdeeds

16  committed by defendants to the civil actions, Ha v. Ross et al and

17  Ha v. Harrison et al.  In both cases, the court ordered show cause

18  hearing as to why it should not dismiss the cases for failure to

19  comply with fast track rules.  I explained my situation, in which I

20  fell victim to violent crimes and cover up misdeeds.  The court

21  gave me two years in which to serve complaints and summones.  They

22  were served by the end of two years and proofs of services were filed

23  in December 2004.

24  In Ha v. Harrison, et al, the Honorable Judith Ford ruled at

25  hearing after oral argument on January 14, 2005 that on face of

26  the parties' pleadings, Plaintiff is an innocent victim of crimes and

27  wrongdoing of the defendants to the action. That proceeding was

28  reported by Susan Shepard, who has apparently disppeared for years

29  as of todate, making her transcript unavailable/inaccessible.

Ha v. McGuine~~ss~~ et al, C07-037777 SBA

1    Cause of Action #___ : Claim #___

2    Implied rulings (cont)

3         In Ha v. Ross, Judge Brick implied ruled that on face of pleading

4    I was the innocent victim of and innocent witness of crimes committed

5    by the key prosecution witnesses and complainants of People v. Ha,

6    166802, who are Ofc. Rhoden and Ofc Collom.   Indeed, Judge Brick

7    had personal knowledge that, though his knowledge was about

8    circumstantial evidence, my allegations of facts stated in my

9    complaints filed on Dec. 2, 2002 are ture.   That is why His Honor

10   suddenly recused himself on Jan. 20, 2005, when Justice Department's

11   vexatious litigant motion was compling up for hearing regularly

12   on his 2:00 p.m. calendar.

13        On Jan. 13, 2005, I filed a document.   In it, there is a certified

14   copy of Judge Brick's order granting my admission requests in

15   Ha v. Seth's, RG03116209 (Alameda) on Dec. 13, 2004.  (It is

16   in CT of Ha v. Ross, A111966 at p.350.)   The document was filed

17   in support of my opposition to defendants' demurrer and vexatious

18   litigant motions.

19        Thus, Judge Brick's recusal implied court's ruling that if it

20   were to brand me a vexatious litigant, such a ruling would miscarry

21   justice with significan, unacceptableprejudice tome.

22        Thus, JUstice McGuiness's orders denying my appeals and petitions

23   per CCP s.391.7 directly contradict prior ruling of the superior

24   court rendered in the vexatious litigant proceeding set for Jan. 20,

25   2005 on Judge Birck's 2:00 p.m. calendar.

26

27

28

Ha v. McGuines~~s~~ et al, C07-037777 SBA

1    Cause of Action #__ : Claim #__

2                              facts (cont)

      admissions
3    ~~    In Justice~~ Department of California's demurrer (which became

4    denied by operation of law eventually), it was argued that the

5    wrongdoing of the "state defendants" to the action was"absolutely

6    priviledged." That, too, was the conclusion of Judge Richman at

7    the hearing held on Jan. 20, 2005, in Department 31.  (See declarative

8    Order, in Exh. #__, p.2.)
      conduct  disclosing secret thought
9    ~~    In Ha v. Ross~~, A111966, I filed my RJN #1  on Dec. 15, 2006,

10   or in Ha v. Ross, A111966/112095, I filed  my RJN #10, by submitting

11   a true and correct copy of my appellant's OB in People v. Ha, 4529

12   (App. Dept. Alameda Superior Court).  (A copy of it is accessible

13   on internet, if one goes to Alameda  superior court's website,

14   retrieves Ha v. Ross, 2002074172, and finds RNJ #10 filed on

15   Jan. 30, 2007 among five RJNs filed on that day.)  My aforesaid  OB

16   explains that I am an innocent victim of and innocent witness to

17   violent crimes and lesser crimes committed by Rhoden and Collom

18   on March 4, 20021, in the event which was the subject of the trial.

19        On aforesaid Dec. 15, 2006, I submitted to the justices of div. 1

20   a collateral attack on their prior opinions, within the purview of

21   Cal. Const. art. 1, sec. 28, and Cal. PC s.69½ et seq.  The said

22   collateral attack argues that on face of the pleadings of my five

23   cases in which the justices of division 1 had denied my appeals, I

24   was an innocent victim of and witness to crimes of the defendants.

25   Those cases are Ha v. Alameda (petition that is part of Ha v. Ross),

26   Ha v. Aranas, Ha v. Rhoden II, Ha v. Kochis, Ha v. Fry).  Of course,

27   the aforesaid justices ordered in effect that my Dec. 15, 2006 amendatory

28   OB stricken off the record by order dated Dec. 20, 2006 in H a v. Ross
      A111966/A112095.  At its p.170, there is the aforesaid collateral attack.
29

Ha v. McGuiness et al, C07-037777 SBA

1    Cause of Action #__ : Claim #__

2                    Reasons

3        My rights under Cal. Const. art. 1, sec. 28 and Cal.

4    PC s.679 were sufficiently established.

5        These rules of law specifically impose duties on governmental

6    employees, and, emphatically, judicial officers and law enforcement

7    officials.

8        CCP s.391.7 does not override Cal. PC s.679 et seq. and

9    Cal. Const. art. 1, sec. 28.

10       It is criminal offense that judicial officers knowingly

11   disregard their duties imposed by Legislature via PC s.679 et seq.

12   McGuiness and other justices of 1DCA violate PC s.679.

13

14   4th Amend

15       That McGuiness and Herbert subject me to CCP s.391.7

16   violates the 4th Amendment because violation of Cal. PC s.679 et seq

17   and Cal. Const. art. 1, sec.28 makes their misconduct unreasonable

18   within the purview of the 4th.

19

20   due process of 14th

21       My rights conferred upon every similarly situated person in the

22   jurisdiction of California are within the meaning of the 14th

23   Amendment, section 1 in temrs of "life, liberty or property).

24       The CCP s.391.7 proceedings to which McGuiness et al have subjected me

25   to deprived me of my rights conferred by said PC and Cal. constittuitional

26   provisions is violation of 14th, depriving life, liberty and property

27   without due process of law.

28       Similarly, the CCP s.391.7 proceedings are merely a disguise for
     the purely personal decisions of judicila officers such as McGuiness.

                              p. 106

Ha v. McGuine et al, C07-037777 SBA

1   Cause of Action #__ : Claim #10

2   Table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuiness, et al, C07-037777 SBA

1    Cause of Action #__ : Claim #__

2    Nature of Claim

3        Violation of 4th Amendment, 1st Amendment (right to petition for
    a redress of grievances) and 14th Amendment

4

5    Concise Statement of Claim

6        Justice McGuiness cannot subject me to CCP s.391.7, even if

7    Court of appeal has the power to alter and enlarge greatly the Intent

8    and scope of CCP s.391.7 to encompass appeals and writ petition of

9    a pending case, where the order executed on Jan. 24, 2005 by Judge

10   James A. Richman in Ha v. Ross, et al, or Ha v. Ross/Ha v. Harrison,

11   2002074172/2202077102 and the Prefiling Order executed at the same

12   time by His Honor are void.

13

14

15   Parties

16       I, Hung Ha, assert this claim against APJ McGuiness, Chief

17   Justice George as Chairman of California Judicial Council.

18

19   SMJ

20       This U.S. Court has SMJ on the basis of aforesaid amendments to

21   the U.S. Constitution in connection with which 42 USC s.1983 provides

22   remedies (or equitable remedies) under 28 USC s.1331.

23   SOL

24       Respondents' wrongful acts are continuous for at least seven

25   years unless stopped, to Jan. 23, 2011.

26       The doctrine of judiciability tolled SOL as to acts occurring

27   before July 23, 2006.

28   Relief Sought
        --injunctions,   --declarative reliefs   --any other equitable reliefs

Ha v. McGuine___ et al, C07-037777 SBA

1    Cause of Action #___ : Claim # _//_

2    Table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuine~ et al, C07-037777 SBA

1    Cause of Action #___ : Claim #___

2    Nature of Claim

3        Violation of 4th Amendment, 14th Amendment

4        Violation of 42 USC s.1981 (discrimination on basis of race etc)

5

6    Concise Statement of Claim

7        As to the aforesaid amendments, APJ McGhiness's orders which

8    purport to deny Hung Ha's application to file petition for writs

9    or to file appellant's OB are void where Hung Ha's direct attack

10   on the declarative order and prefiling order executed on Jan. 24,

11   2005 have been continously through 2005 into 2007, in Ha v. Ross, et al

12   A111966,A112095, A114018, A117819, and Ha v. Harrison, et al, A116354.

13       Class assert claim that while their direct attacks on declarative

14   vex. lit. orders are under way, APJs may not subject them to CCP s.391.7.

     Parties

15   ~~Hung~~ Ha assert this claim against ALJ McGuiness, and Class

16   asserts this claim against all Administrative Presiding Justices of

17   all district courts of appeal of California.

18

19   Reliefs Sought

20       --injunctions  --declarative reliefs   --any other equitable

21

22   Facts/Reasons Described

23

24

25

26

27

28

Ha v. McGuines✦ et al, C07-037777 SBA

1    Cause of Action #__ : Claim #_12_

2    Table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuiness, et al, C07-037777 SBA

1    Cause of Action #__ : Claim #__

2    Nature of Claim

3        Violation of 4th Amendment, 1st Amendment (right to petition for
     a redress of grievances) and 14th Amendment

4

5    Concise Statement of Claim

6        Justice McGuiness cannot subject me to CCP s.391.7, even if

7    Court of appeal has the power to alter and enlarge greatly the Intent

8    and scope of CCP s.391.7 to encompass appeals and writ petition of

9    a pending case, where the order executed on Jan. 23, 2005 by Judge

10   James A. Richman in Ha v. Ross, et al, or Ha v. Ross/Ha v. Harrison,

11   2002074172/2202077102 and the Prefiling Order executed at the same

12   time by His Honor are          deemed reversed on teh basis of

13   the parties' briefs in Ha v. ross, A111966/A112095.

14

15   Parties

16       I, Hung Ha, assert this claim against APJ McGuiness, Chief

17   Justice George as Chairman of California Judicial Council.

18

19   SMJ

20       This U.S. Court has SMJ on the basis of aforesaid amendments to

21   the U.S. Constitution in connection with which 42 USC s.1983 provides

22   remedies (or equitable remedies) under 28 USC s.1331.

23   SOL

24       Respondents' wrongful acts are continuous for at least seven

25   years unless stopped, to Jan. 23, 2011.

26       The doctrine of judiciability tolled SOL as to acts occurring

27   before July 23, 2006.

28   Relief Sought
         --injunctions,   --declarative reliefs   --any other equitable reliefs

p. 112

Ha v. McGuiness, et al, C07-037777 SBA

1    Cause of Action #__ : Claim #

2    Table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. McGuiness, et al, C07-037777 SBA

1    Cause of Action #__ : Claim #__

2    <u>Nature of Claim</u>

3       violation of Amendment XIV (procedural due process) , 4th Amend.
    <u>Concise Statement of Claim</u>

4

5    Diana Herbert et al or all the clerks of court for all district
    court of appeal in and for California employ an illegal procedure which
    does not allow the vexatious litigant appellants to submit a proposed OB.

6    <u>Parties</u>

7       Hung Ha and similarly situated class members assert this claim as to:

8    Diana Herbert, the Honorable William E. McGuiness , and all clerks of

9    court and Administrative Justices of all district courts of appeal of

10    California.

11    <u>Jurisdictional Basis</u>

12       The Court has jurisdiction over this claim by reason of

13    28 USC s.1331 with 42 USC s.1983 for violation of 14th Amendment (due

14    Process of law).

15       (This part will be set forth more fully hereinafter.)

16    <u>Reliefs Sought</u>

17       --injunction

18       --declarative

19       --any other and any number of equitable reliefs

20

21    (This part will be set forth more fully hereinafter.)

22

23

24

25

26

27    <u>facts/reasons</u>

28       (Allegations of facts and description of reasons follow.)

p. 114

Ha v. McGuiness et al, C07-037777 SBA

1   Cause of Action #___ : Claim #___

2   facts/reasons

facts

3       The fact is that McGuiness, Herbert and others do not allow the
plaintiff-appellants who are dubbed "vexatious litigants" to

4

5   submit a "proposed" OB in support of his application for permission to

6   appeal.
problems of the illegal procedure

7   I allege that McGuiness et al give the appellants whom they make

8   subject to CCP s.391.7 on appeal ten days of the notices from the

9   Clerk of Court RE CCP s.391.7 procedure, in which to submit no more than three

10   pages explaining why (1) he believes that his appeal has merit and

11   (2) his appeal is not intended to harass and/or deley the opposing party.

    Herbert and McGuiness did not give me a chance to propose my

12

13   opening brief, or, in orther words, submit a proposed opening brief

14   which would show that I believe that my appeal is meritorious and

15   that my appeal is not intended to harass or delay the defendants.

16       I allege that to fulfill the requirements described explicitly in

17   the notice/letter of the Clerk of Court, I must have been given a

18   sufficiently complete record on appeal (CT and RT, plus judicially

19   noticed documents), sufficient time to review the record and

20   write the proposed OB, and submit the proposed OB to the Court of Appeal,

21   if the Court of Appeal demands from me a showing that I believe that

22   my appeal is meritorious and that my purpose of appealing is seeking

23   justice and due administration of law. That description is well illustrated

24   in Ha v. Ross, et al, A111966/A112095 (1st DCA).
illustration of problematic procedure

25       I allege the following in this paragraph. After Jan. 24, 2005,

26   I have prosecuted or attempted more than ten appeals. All of them have

27   been subjected by McGuiness, Herbert, and others to CCP s.391.7

28   (over my objections). All of them have been blocked by McGuiness, Mcquiness,

29   and others except Ha v. Ross, A111966/A112095, in which I was allowed

p. 115

Ha v. McGuine~ et al, C07-037777 SBA

1    Cause of Action #__ : Claim #__

2    to appeal because of a holding in People v. Harrison. In Ha V. Ross, A111966,

3    I received Clerk's Transcript of 2769 pages and four short Reporter's

4    Transcript, and I had less than two months in which to write my OB by

5    Oct. 31, 2006. On that date, I served and submitted my OB . It

6    was obviously incomplete. Its argument is 150 pages plus preliminary

7    pages. I had the court's permission to amend said OB by Dec. 16, 2006

8    (saturday). On Dec. 15, 2006, I submitted timely my revised OB. It

9    removed obviously many defects from the earlier version submitted

10   on Oct. 31, 2006. Nobody disputed that my appeal known as A111966/A112095

11   was meritorious and that it was seeking justice and due administration

12   of law. Said OB did support my explanation in A111966 and my

13   explanation in A112095 that I believed that my appeal was meritorious

14   and that my appeal was seeking social justice and due administration

15   of law. Justice Department was served with both OBs, and it would

16   not oppose my OBs, which attack directly the vexatious litigant

17   orders which were executed on Jan. 24, 2005 on motion of Justice

18   Department of California in said Ha v. Ross, et al, 2002074172.

19   Justice Department of California wrote a letter to the Court of Appeal

20   saying that it (former) was not going to submit any argument in opposition

21   of my OBs. Similarly, the remaining respondent, who was required to

22   submit its Reply brief by Dec. 6, 2006, submitted a motion to

23   dismiss on Dec. 6 instead. It was further required to submit

24   its Reply brief to my amendatory OB (DEc. 15) by Jan. 19, 2007, but

25   on Jan. 17, 2007, said respondent submitted a motion to dismiss

26   instead of Reply Brief.

27       I allege the following in this paragraph RE Ha v. Harrison, et al,

28   2002077102 (Alameda) A116354 (1st DCA). In that appeal, I am blocked

Ha v. McGuiness et al, C07-037777 SBA

1    Cause of Action #__ : Claim #__

2    by Herbert's and McGuiness's CCP s.391.7 procedure; they did not

3    give me a chance to receive my free copy of record on appeal, to which

4    I am entitled because my application for waiver of costs and fees was

5    granted, and they did not give me a chance to write and submit a

6    proposed OB.  In the trial court history of that case, my numberous,

7    many motions were unopposed by defense counsel and defendnats, and

8    the trial court judges evaded many, many, many issues which I had

9    discussed extensively in my papers, and raised in oral arguments.

10   On Sept. 23, 2005, the Honorable Steven A. Brick eventaully

11   granted my peremptory challenge which I made on April 25, 2005 and

12   amended as to its erroneous case number on April 28, 2005, per

13   CCP s.170.6.  Moreover, I timely moved for new trial.  And I timely

14   moved for entry of a new and different judgment.  In support of both

15   motions (related/interwined), I filed and served numerous papers, and

16   mnay of them were lengthly.  PWB failed completely to oppose both

17   motions of mine, which came up for hearing on Oct. 3, 2006.  In

18   addition, Judge Roesch was not at the judge who took the bench at the

19   Oct. 3, 2006 hearing.  Judge Roesch was the one who "granted"

20   PWB's motion on July 28, 2006, and acted on his own motion to dismiss

21   my action in its entirety, and the one who signed and  caused judgment

22   in favor of all named defendants to be entered on Sept. 7, 2006.

23   He was substituted or replaced (if tempotrarily) by Judge Wynne Carvill.

24   Judge Carvill's rulings on the motions of mine showed either completely

25   no reasoning or, if any, very little, on a hundred issues which I

26   discussed in my motion papers plus those brought up at the hearing.

27   Although PWB appeared at hearing, it presented no argument or discussion.

28   Judge Carvill  spoke only in broad, general terms, like sufficiency ,

Ha v. McGuiness et al, C07-037777 SBA

1    Cause of Action #__ : Claim #__

2    the concept that prior rulings merge into the final judgment.   Judge

3    Carvill interrupted me a nd quickly ended the "hearing" when I was

4    saying that the court had no jurisdiction in the fundamental sense

5    of the term under U.S. Constitution and California Constitution

6    prividing the right to silence in face of criminal penalty.    Further,

7    Judge Carvill "ordered" me that I shall not file any more motion or

8    papers except a notice of appeal, and any such paper shall be stricken.

9    But the problem is that there was no notice of suhca a motion, and

10   no authority was cited in support of such an "order".   Carvill provided

11   no ground on which such an "order" was made.   Neither I, the plaintiff,

12   nor the defense counsel, were given a chance to support or oppose

13   such a "order" before it was made final.   Carvill also failed

14   completely to address the question of whether federal created rights in

15   this action of mine could be so easily defeated by fashioning   such

16   a ruling.   Besides all that, said "order" shares one essential

17   similarity iwth Judge Richman's declarative order and prefiling order

18   executed on Jan. 24, 2005: i.e., the "order" sets up automatically

19   a barrier to my attempts to "attack" erroneous, even plainly void

20   (not merely voidable/reversable) rulings, orders, judgments.  Thus, when

21   McGuiness and Herbert block me from getting my free copy of the

22   record on appeal, block me from writing my appellant's OB,

23   block me from submitting it to the court of appeal, they block me

24   in essence from showing to the government (which investigate wrongdoing

25   and provides remedies)that my appeal in Ha v. Harrison, A116354 seeks

26   social justice and due administration of law, and that it is not

27   intended to harass or delay the defendants/their counsel.

28

1    Cause of Action #__ : Claim #__

2        I allege the following in this paragraph, Re Ha v. Northside, et al,

3    RG04183049 (meda), A116777 (1st DCA), A117820.  I had four motions set

4    for hearing earlier this year, 2007.  Defense counsel failed to

5    oppose them.  Trial court judge was the very same Honorable Steven

6    A. Brick who recused His Honor himself in Ha v. Ross, 2002074172

7    (on Jan. 20, 2005), and granted my peremptory challenge in Ha v. Harrison,

8    2002077102 (on Sept. 23, 2005, not to mention here His Honor's

9    role in other matters which reflect upon His Honor's failure to be

10   impartial and fair.  On appeal, McGuiness and Herbert block me from

11   submitting my appellant's OB or proposed OB to show that my appeal

12   is seeking justice and due administration of law.   Note that on appeal,

13   defense counsel failed completely to oppose my motion made in the court

14   of appeal, and my petition for review made to the Supreme Court of

15   California.  Nobody has ever demonstrated, by reasoning, that my

16   appeal were not proper.

17       I allege the following in this paragraph RE Ha v. Ross, 2002074172,

18   A117819 (1st DCA).  I renewed my previously dropped motion to vacate

19   void judgment of dismissal in trial court.  PWB failed completely

20   to oppose.  Though ordered by court to appear at hearing, PWB failed to

21   appear.  At hearing on March 1, 2007, Judge Frank Roesch brushed aside

22   by challenge for cause, and His Honor made statements which are plainly

23   incorrect upon inspection of the record.   In addition, His Honor

24   "ordered" that I shall not file any paper or motion except a notice of

25   appeal, and that if I file more papers or motions in the action, they

26   shall be stricken".  Again the same with Judge Carvill as mentioned/

27   alleged above, there was no proper procedure followed: no notice, no

28   discussion, no authorities cited.  On appeal, McGuiness et al refuse to

29   let me propose my appellant's OB.

P. 119

1    Cause of Action #__ : Claim #__

2    (facts, cont)
      class action
3         I allege the following in this paragraph RE class members.  Officials

4    of all district courts of appeal of California do not recognize that

5    the "vexatious litigant" appellants have a right to propose their

6    appellant's OB in support of a written explanation (of three pages

7    or less) that their appeals are intened to seek justice and due

8    administration of law, that their propose OB are within the bounds of

9    reason and ethics, that their appeals are not intended to harass or

10    delay the defendants/counsels, that their appeals are not intended to

11    abuse the legal system but seeking remedies for grievances.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Cause of Action #__ : Claim #__

2    <u>Reasons</u>

3    I make these assumptions to begin with.

4    (1)   Court of appeal of California has the power to enlarge or otherwise

5    alter the legislative Intent and explcit language of CCP s.391.7 to

6    encompass appeals and (made ina pending case) writ petitions

7    (e.g., petition to review a determination on challenge for cause).

8    (2)  CCP s.391.7 did not authorize trial court to permit or deny a

9    plaintiff to appeal.  In other words, concerning appeals and writ

10    petitions within a pending case, CCP s.391.7 created jurisdiction in

11    Court of appeal (even Supreme Court  of California), not in trial court.

12    I will suggest the proper procedure, and observe problems, below.

13    <u>proper procedure</u>

14    A vexatious litigant appellant is allowed to propose his appellant's

15    OB to the Presiding Justice of Court of Appeal, and explain in writing

16    that his appeal is seeking social justice and due administration,

17    and that his appeal is not intended to harass or delly the opposing

18    party, and that his appeal is not intended to abuse the legal system,

19    and that his appeal is within the bounds of reason and ethics.  Then

20    the Presiding Justice looks at his Proposed Ob to see if the explanation

21    tells the truth.  If yes, the Presiding Justice orders that the appeal

22    is allowed to proceed.  The Proposed OB of the appellant is allowed

23    to be filed.  Once it is filed, respondent then becomes obligat . to

24    file responsive papers.  By contrast, if the Presiding Justice finds

25    that the appellant's Proposed OB is not seeking justice and due

26    administration, that it is outside the bounds of reason and ethics, so

27    forth, His Honor denies application to appeal.  Respondent then

28    has no obligation to oppose appeal.  That is plainly a proper procedure.

1    Cause of Action # __ : Claim # __

2    equal protection of 14th Amend

3         There is no compelling state interest in denying the "vexatious

4    litigant" appellant the right to submit a proposed OB in the CCP s.391.7

5    proceeding.  Nobody is harmed where the pro per appellant submits

6    to the presiding Justice of a court of appeal, in support of his

7    explanation (written) that his appeal is exactly what appeals

8    are designed for.  "Law exists to promote justice; and courts of

9    appeals are provided to render justice doubly for sure."  People v.

10   Carpenter, 36 CA2d 760, 765 (1939).   Before the Presiding Justice

11   decies to allow the appeal to proceed, respondnet need not oppose the

12   appeal.   Moreover, Justices on court of appeal need not write any opinion

13   on a proposed OB (obviously).  If the proposed OB is well drafted, a look

14   at the table of content would be sufficient to tell whether the

15   appeal in question is well within the Intent (purview of) that creates appellate

16   courts.  Moreover, if the pro per appellant is sincere in seeking

17   justice and due administration of law, he will make the tremendous

18   effort to write his appellant's proposed OB.  This OB is merely a

19   proposed one; it is not yet to be filed for oral argument, appellate

20   opinion, and the like.  Here is an example; in Ha v. Ross, 2002074172

21   (Alameda), A111966, A112095,A114018, the CT contains some 2769 pages

22   plus at least five RTs (under 15 pages, as few as several pages).

23   I wrote a 170 page argument plus some 30 pages of preliminary

24   pages (charts, tables of content, indexes), which I submitted on

25   Dec. 15, 2006.  It supports the three written explanations which I

26   had submitted to APJ McGuiness (following Herbert's instruction).

27   The State of California had no compelling interest in refusing to let

28   me submit the aforesaid OB as a proposed OB in support of my aforesaid
29   explanations (which were actually submitted to APJ McGuiness).

1    Cause of Action #__ : Claim #__

2    (Equal protection, cont)

3        Here is the inequality.  The represented appellant has the right

4    to submit his appellant OB, without hindrance to be placed in

5    his path by the appellate court's officials, whereas the pro se

6    appellant is denied a chance to propose an appelliat's OB in

7    support of his written explanation under oath that his appeal is

8    well within the purview of appeal.  There is no compelling state

9    interest in creating, maintaining this vast difference or, in other

10   words, discrimination against the pro per appellants.
         The inequality leads to a simplistic approach in violation of EP clause.
11   I claim that upon close scrutiny, the vexaticus litigant

12   statute is not an acceptable statute, or it is seriously defective.

13   Why has a layman lost five cases in the preceding seven years?

14   I have my cases for evidence.  My cases were dismissed by case

15   management judges.  I personally served the defendants whom I could

16   locate, but  the law required that services to be made by one who

17   is not aprty to the action.  In addition, I was convinced that

18   that I was entitled to as many as two years in which to serve complaints

19   and summones  as long as the "delay" was well justified.  All excep t

20   one case management judges apparently rejected my position without

21   even bothering to present their reasoning.  As a lawyer, I

22   was trained to stick to my best judgment, which was that I could not

23   blindly do what I knew for sure was harmful to my clients.  A case

24   in point in Ha v. Rhoden, et al, 2002066008 (Alameda, filed on

25   Sept. 24, 2002). Judge Burr ordered me to serve complaint and summonses

26   by Oct. 24, 2003, on which His Honor dismissed my case with prejudice

27   for failure to obey said order. In similar manner, Ha v. Fry, Ha v. Kochis,

28   Ha v. Aranas, Ha v. Rhoden II were dismissed by case management judges.

1   Cause of Action # __ : Claim # __

2   Ha v. Berkeley Bowl Marketplace was dismissed in like manner, although

3   its case management judge was somewhat lenient:  again, another casualty

4   of the fast-track legislation and newly designed rules of court.

5   Ha v. Ross, 2002074172 (Alameda), and Ha v. Harrison, 2002077102

6   (Alameda) survied the fast-track legislation, because the case

7   management judge read my written explanation of why the cases should

8   not be dismissed where I did not serve the complaint and summones

9   at fast-track pace.  Enacted in 1986, the fast track legislation

10  of California is a cure that is worse than the disease which it

11  purports to cure.  It is as bad as cutting one's feet to be smaller

12  in order that the shoes would fit.  On the basis of my cases filed

13  in Alameda Superior Court, dismissed by case management judges, appealed

14  to the Supreme Court of California, the fast track legislation must be

15  repealed in furtherance of social justice and due administration

16  of law.  Said legislation is a huge blunder in the history of

17  California law.  I draw that conclusion on the basis of my cases (Ha v. Rhoden

18  Ha v. Rhoden II, Ha v. Aranas, Ha v. Kochis, Ha v. Berkeley Bowl Marketplace,

19  Ha v. EDD, Ha v. Alameda County [medical malpractice at Santa Rita

20  Jail]).

21     A layman has lost five cases in the past seven years because,

22  in addition, he had run into bad judges, who fail to measure up to

23  the standards set for court employees and standards set for judicial

24  officers.  As evidence in support of that conclusion/observation,

25  I refer to the records of People v. Ha, 4529 (App.Dept.), 166802

26  (Alameda 2001), Ha v. Ross, Ha v. Harrison, Ha v. Rhoden I, 2002066008.

27  In addition, I have some cases which are being blocked by the

28  Presiding Judge of Alameda Superior Court, Judge Herandez.  These

1    Cause of Action #___ : Claim #___

2    (equal protection, cont)

3    cases are: Ha v. Griffin, et al, Ha v. Sullivan, et al, Ha v. Kevin

4    Thompson, et al, Ha v. McGuiness, et al, Ha v. Frank Roesch, et al,

5    Ha v. Mayupao, et al.

6        A layman has lost his cases because the legal system is designed to

7    make lay persons lose their cases.

8        A lay person has lost his cases because the huge financial stakes

9    and serious consequences of judgments drive legal professionals to

10   engage in intrigues.

11       A lay person has lost his cases because the law is complex.

12       A lay person has lost his cases because he lacks the education,

13   or porfessional training, or resources, or guidance.

14       A lay person has lost his cases because in litigation, there

15   are dangerous pitfalls everywhere, or in other words, prosecuting

16   one's case is like groping one's way through a minefield.

17       A lay person has lost his cases because the legal system is hostile

18   toward self-representation, even if it is self representation by

19   lawyers or litigators themselves.  The hostility toward self-representation

20   is institutionalized.   There is an institutionalized hostility

21   toward self-representation by laypersons.

22       A lay person has lost his cases because social reality is complex.

23       Thus, the discrimination against pro se appellants cannot be

24   justified on the ground that he has been declared a vexatious

25   litigant subject to CCP s.391.7 proceeding.  That ground elevates

26   form above substance. (See, e.g. Cal. CC s.3528.)  To deny the

27   pro se appellant the right to submit a proposed OB in support of

28   his application for permission to appeal cannot be justified.

p. 125

1    Cause of Action #__ : Claim #__

2        The procedure of Respondents causes the pro se appellants'

3    constitutional and statutory rights to become flimpsy.  Such rights

4    are supposed to be the bedrock of society.  Merely branding

5    somebody a "vexatious litigant" makes it too easily to strip

6    him of such  quality of the law.

7        The defect of oversimplification violate Equal Protection clause.

8    Procedural due proccess

9        The proposed OB is the functional equivanet of , say, a

10    proposed complaint submitted along with an application to a presiding

11    judge.   Obviously, if a would-be plaintiff does not submit a

12    proposed complaint to the presiding judge, this evidence is not

13    being presented to the presiding judge of a superior court for

14    him to make an informed decision on the application to file a

15    new litigation.  The proposed complaint is the proposed pleading

16    proposed to be filed if the presiding judge permit the application to

17    file the complaint.  In comparison, the proposed OB is the functional

18    equivalent of "pleading" in the court of appeal, to be filed if the

19    Presiding Justice looks at it and finds it legitimate.  CCP s.391.7

20    plainly requires the vexatious plaintiff to submit his proposed

21    pleading to the presiding judge of the trial court, in order to be

22    considered.   Similarly, CCP s.391.7 require the appellant to submit

23    a proposed Opening Brief to the presiding justice in order to

24    have his new litigation (here, appeal) to be considered for filing.

25    Thus, where the Clerk of appellate court and its presiding justice

26    tell the vexatious appellant that he submit an application without

27    the proposed "pleading" (proposed to be filed), that procedure

28    violates the explicit language of CCP s.391.7.   That violation of CCP s.391.7

p. 126

1    Cause of Action #__ : Claim #__

2    Substantive due process

3        The illegal procedure, which is so in that the proper appellant

4    plaintiff is not allowed to propose a"pleading" (i.e., OB) to be

5    filed, creates a pretext under which APJ McGuiness easily deprives

6    me of life, liberty and property without due process of law.

7    My cause of action is my property.  My access to court is my liberty.

8    My health is an aspect of being alive within the meaning of "life";

9    it is imperiled by McGuiness et al via their illegal

10   procedure.

11       Class members suffer similar substantive deprivation of

12   life, liberty, and property without due process of law.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Cause of Action #__ : Claim #__

2                        Reliefs Sought

3    Injunction  Injunction to enjoin Herbert, APJ McGuiness from employing

4    the illegal procedure in that they must allow the plaintiff-appellants

5    to propose a "pleading" to be filed, i.e., to propose an OB to be

6    file, while submitting an application for permission to file the

7    proposed pleading (OB).

8        Injunctive relief enjoining APJ McGuiness and Herbert as Clerk

9    of Court from refusing to allow me to propose my appellant's

10   "pleading" (I.e., OB) to be filed along with my application for

11   permission to appeal, assuming that Judge Richman's declarative

12   order and prefiling order executed on Jan. 24, 2005 in Ha v. Ross,

13   2002074172 (Alameda) were not void on face of record, nor deemed

14   reversed by operation of law.

15       Injunctions enjoining APJ McGuiness and Herbert from continuing

16   to block my appeals in these cases: Ha v. Ross, A114018, Ha v. Ross,

17   A117819, Ha v. Harrison, A116354, Ha v. Northside, A116777, Ha v. Northside,

18   A117820, Ha v. Seth's, A110655, Ha v. CUIAB , A113101, Ha v. Harrison,

19   A113102, Ha v. Harrison, A110044, Ha v. Harrison, A109984.

20       Injunction enjoining APJ McGuiness  and Clerk Herbert from

21   blocking my future appeals, which they may not block by means of

22   denying me the right to propose a OB.

23

24       As to class,  injunction be issued enjoining all APJs and

25   Clerks of Court of all district court of appeals from denying

26   vexatious litigant appellants the right to propose Opening Brief

27   along iwth an affidavit that their proposed OBs are proper, legitimate.

28

Ha v. McGuiness, et al, C07-037777 SBA

1    Cause of Action #__ : Claim #__

2                          Reliefs Sought (cont)

3    Declarative reliefs

4         In a CCP s.391.7 proceeding at the court of appeal of California,

5    the pro se appellants are entitled to propose "new litigation", i!e.,

6    Opening Brief, for permission to have it filed, in the same way in

7    which a pro se plaintiff is required to submit a proposed pleading

8    to the presiding judge of a county superior court in order to obtain

9    permission to file a"new litigation."

10        As to Hung Ha individually, apart from class, declarative reliefs

11   be issued that in my blocked appeals, I have been entitled to propose

12   Opening Briefs along with an application supported by a declaration

13   for permission to file Opening Briefs.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Cause of Action #___ : Claim # 14

2    Table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Cause of Action #__ : Claim #__

2  Nature of Claim

3     violation of Amendment XIV (procedural due process) , 4th Amend.

4  Concise Statement of Claim

   McGuiness imposed a different, new procedural and requirement which

5  is different from that which is stated in Clerk of Court's CCP s.391.7
   notice, requiring "showing" that would satisfy his personal standard of proof.

6  Parties

7     Hung Ha and similarly situated class members assert this claim as to:

8  Diana Herbert, the Honorable William E. McGuiness, and in class action,

9  all clerks of court and Administrative Presiding Justice of all district

10  courts of appeal of California.

11  Jurisdictional Basis

12     The Court has jurisdiction over this claim by reason of

13  28 USC s.1331 with 42 USC s.1983 for violation of 14th Amendment (due

14  Process of law)., 4th Amend.

15     (This part will be set forth more fully hereinafter.)

16  Reliefs Sought

17     --injunction

18     --declarative

19     --any other and any number of equitable reliefs

20

21  (This part will be set forth more fully hereinafter.)

22

23

24

25

26

27  facts/reasons

28     (Allegations of facts and description of reasons follow.)

p. 131

1    Cause of Action # __ : Claim # __

2                              Facts

3        Herbert's letter or notice which informs me to apply for permission

4    to appeal within 10 days from the date of aforesaid letter instructs

5    me to do these tasks: (a) "Explain why the appeal/writ petition has

6    merit" and (b) "declare under penalty of perjuty that the information

7    I have provided on this form is true and

8    (1) I believe that my appeal or writ petition has merit and (2) I

9    am not seeking to file it for purposes of harassment or delay". (Exh. #19)

10       In APJ McGuiness's "Orders" which purport to "deny" my "application

11   for permission to appeal" is based on a different procedure. How

12   do  I know?  How does one know?  This is fact: in all those orders--

13   at least 11--there is always the same formula: "The  request for

14   permission to file a writ petiton [or, the request for permission to

15   appeal] is denied.  Mr. Ha has not shown a reasonable possibility

16   that his petition [or, his appeal] has merit. (See Code Civ. Proc.

17   s.391.7).

18       I allege, as I have done so ealsewhere in this pleading, that

19   Herbert and ADP apparently ordered trial court clerk of court to

20   stop preparing the record on appeal.  They also do not allow me to

21   propose a  pleading to accompany my written request for permission to

22   initiate a "new litigation" (CCP s.391.7).  Inevitably, as a result

23   of Herbert's and McGuiness's interference with trial court's

24   preparation of record on appeal, and their refusal to allow

25   the vexatious appellants to submit a proposed pleading (i.e.,

26   proposed OB), my "application for permission to appeal" in at least 11

27   appeals  was merely (on one single page) an explanation of what I am

28   thinking plus an affidavit/declaration (i.e. oath), without a written
     discussion of evidence (which is the record on appeal).

p. 132

1    Cause of Action #__ : Claim #__

2                    reason described

3    __My "applications"__

4    All of my "applications" explained why I believe that my writ petition

5    or appeal "has merit " and I was not seeking to file it for the purposes

6    of harassment or delay, in strict compliance with what the application

7    form says on its face.

8        These applications were submitted in the following matters.

9    Ha v. Harrison (May 2, 2005) A109984); Ha v. Harrison, (may 9, 2005)

10   A110044); Ha v. Seth's (7/15/05) A110655); Ha v.Ross (Nov. 22,2005)

11   A111966; Ha v. Ross, (12/5/05) A112095; Ha v. CUIAB (3/9, 2005)

12   A113101; Ha v. Harrison (March 13, 2006) A113102); Ha v. Ross, (6/16/06)

13   A114018; Ha v. Harrison, (19/07); Ha v. Northside (4/10/7) A116777;

14   Ha v. Ross, (6/1/07) A117819; Ha v. Northside (4/10/07) A117820;

15   Sullivan v. Ha (8/23/06) A114993.

16

17   __no perjury found__

18       In all APJ McGuiness's orders which purported to deny aforesaid

19   "applications", my explanations were accepted on face value.  There

20   is completely __no__ finding that my explanations might involve perjury.

21   In all his "orders" purportedly denying my applications, APJ did not

22   accuse me of perjury.

23   __faithful compliance__

24       My "applications" faithfully complied with the explicit

25   requirements of all the aforesaid application forms.  That is,

26   the explanation show that I believe my petition or  appeal  has

27   merits, under oath, intended to seek justice and due administration of law
              that I

28   but not to harass or dealy the opposing parties. (Please read item #2 and
     declaration/oath on the form, in Exh. #__.)                    (E#_)

                              p. 133

1    Cause of Action #__ : Claim #__

2                         Reasons (cont)

3    explain v. show

4         These two processes--explaining and showing--are different,

5    even if overlapping.  (See definitions, above.)

6         The application form requires the vexatious appellants to

7    explain (a) why his petition or appeal has merit and (b) why he

8    believes that his petition or appeal has merit.   Requirement #2

9    and (1) of Oath ask the appellant to disclose his thinking under oath.

10        If the explanation is proved to be false, the appeal may be

11   dismissed on the basis of the application.  In that event, the court of

12   appeal can legitimately dismiss the appeal and, if OB of the appellant

13   has been file, order it to be stricken on the basis of that application.

14        The application achieves the objective of showing that the

15   appellant is not abusing the legal system, but using it to seek

16   justice and due administration of law.

17        The application form does not say: Show why the appeal/writ

18   petition has merit.  It says something different:"Explain why the

19   appeal/writ petition has merit".  That means that the appellant

20   is require to disclose his intent, his state of mind, his purpose,

21   his belief about why he is appealling or seeking writ petition.

22   That explanation does not involve adjudication by court, of legal

23   issues, issues of law and issues of facts (record on appeal being

24   facts for purpose of appellate review).   The explanation requires

25   a layperson's assessment  of the applicatn's application.  When

26   Justice McGuiness read my application or somebody else's, His Honor

27   is not performing a judicial function, but purely an administrative one,

28   that a layperson (not a lawyer) can do.

p. 134

1    Cause of Action #__ : Claim #__   (Reasons, cont)

2    Explanation is not subject to standard of proof prescribed in

3    California Evidence code.  Cal. Evid. C. s.115 (see also s.110; s.190.)

4    Unless APJ McGuiness accuses or finds that the applicant

5    is shown, on face of the application form, committing perjury,

6    the applicant's explanation is sufficient to satisfy the court of

7    appeal's requirement that it is not being abused, but properly

8    used to seek truth and due administration of law, even if the applicant

9    thinks stupidly or erroneously.  One is constitutionally and

10   statutorily entitled to be stupid and,in good faith, erroneous,

11   in a well ordered society.

12

13   different process

14   APJ McGuiness imposes a fundamentall different procedure.  It is

15   similar to a show cause proceeding in which the applicant must

16   convince the court of why his application should not be denied.

17   In that procedure, the applicant has to produce evidence, which is,

18   here, record on appeal (CT, RT, so forth), and argues before the

19   court under application standard of review and standard of

20   proof.  That is what ismeant by "showing".  (See definitions, above.)

21   APJ McGuiness causes the application to be akin to a proposed

22   OB, to be written in ten days  of Clerk's notice, in a space of

23   no more than 3 pages, and without record on appeal (which is evidence)

24   for purpose of appellate review).

25   APJ McGuiness, in other words, converts/changes the application

26   process into a petition for a writ of prohibition made by the

27   respondent, in the disguise of being made by the court of appeal.

28   It becomes, in effect, an alternative writ of prohibition by respondent
29   being made on his behalf by APJ McGuiness.

p. 135

1    Cause of Action #__ : Claim #__    (Reasons, cont)

2    4th amendment violation

3    Because APJ McGuiness's decision is based on a fundamentally

4    different process, His Honor subject my liberty, person, effects,

5    papers to unreasonable search and seizure.

6

7

8

9

10    due process, procedural

11    For the same reason alleged/described above on this page, APJ

12    McGuiness deprives me and, in class action, class's life, liberty,

13    and property without due process of law.

14    There are no notice, no opportunity to be heard.

15    due process of 14th Amend, substantive

16    One's appeal or writ petition concerns one's First Amendment rights,

17    which are being subject to easy deprivation without due process of

18    law.

19    APJ McGuiness's process or the court of appeal's process as

20    described above is and can be easily entirely arbitrary, capricious,

21    whimsical.

22

23

24

25

26

27

28

1    Cause of Action #__ : Claim #__

2                    Reason Described (cont)

3    Doctrine of absolute immunity Not Applicable

4        The Doctrine of absolute immunity is not applicable to shield

5    the Administrative Presiding Judges from being held accountable

6    in such contexts.

7        For the application process does not involve adjudication of

8    legal issues.  It is not within the scope of judicial function, but

9    it is purely a ministrial one.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

p. 137

1    Cause of Action #__ : Claim #__

2                        <u>Reliefs Sought</u>

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Cause of Action #___ : Claim #15

2    Table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Cause of Action #__ : Claim #__

2    <u>Nature of claim</u>

3         Violation of 14th amendment RE equal protection of law.
     <u>Concise Statement of Claim</u>
     In all his orders denying my appeals and writ petitions except Ma v. Ross, et al
4    2002074172, A111966 and A112095, McGuiness discriminate those who are stupid,
     or not smart enough, who lack education, expertise, experience, guidance,
5    resources, but clearly seek social justice and due administration of law
     as he/she understand  such issues involved in his/her case.

6

7    <u>parties</u>
          Plaintiff Hung Ha and similarly situated class members assert
     this calim against McGuiness et al, including all the clerks of court
8    and Administrative Justices of all district courts of appeals in and for
     California.

9

10   <u>Jurisdictional basis</u>
          This court of U.S. has jurisdiction  on the basis of 42 USC s.1983
11   in connection with 14th Amendment (regarding equal protection of law ,
     and  due process in both procedural aspect and substantive aspect).

12

13   <u>Relief sought</u>
          --injunctions

14        --declarative relifs

15        --any other equitable relifs, and any number of said relifs.

16

17   (This part will be set forth more fully hereinafter.)

18

19   <u>facts/reasons described</u>

20                    <u>Facts</u>

21        On all my applications for permission to file writ petitions and

22   appeals, I explained sincerely what I believe to be meritorious

23   petitions and appeals.

24        I explained why I believed my petitions and appeals to be

25   meritorious, in the sense of seeking truth and, by way of due administ-

26   ration of law, social justice.

27        My explanations of aforesaid matters <u>did not appear</u> to me to be

28    irrational, unreasonable, illogical, but did appear to be appropriate.

                         P. 140

1    Cause of Action #__ : Claim #__

2                        Facts (cont)

3        When APJ McGuiness issued his "orders", he asserted without

4    any explanation or reasoning at all that my applications failed to

5    show a reasonable possibility that my writ petitions and appeal had

6    merits.    There is not the slightest explanation of why he thinks

7    that my explanations failed to advance a valid argument which the

8    law recognize as a valid one.

9        McGuiness did not say that my explanations were delusional,

10   illogical, irrational, unreasonable, farpfetched, insane, crazy (or

11   words to that effect).    He did not accuse me of perjury, nor did he

12   even hint that I were committing injury.  He did not charge me of

13   contempt of court, nor had he indicate the possibility that I would

14   be accused of contempt of court.  Nor had he ever reported me to

15   the state bar of California for disciplinary action in connection with

16   those some 13 petitions and appeals.

17       Nobody in the trial court actions have ever explained to me, inopen

18   courts, that my petitions for writs and appeals were improper use

19   of the appellate courts (including courts above court of appeal).

20       The explanations in my applicaitons are consistent with what

21   I had been saying in trial court hearings and my trila court motion

22   papers.  Nobody had ever presented a reasoned discussion of why they

23   thought my thinking were irrational, out of teh ball park.

24   Instead, opposing counsels were evasive, and trial court judges were

25   evasive and/or elusive.  The often used the technique of silence; maybe

26   I were wrong/incorrect and they did not want to tip me of errors in

27   my understanding of law (since they had no obligation to help me

28   understand correctly the law).

                            p. 141

1    Cause of Action #__ : Claim #__

2                              Reasons Described

3    My "Stupidity"

4        Maybe I were so stupid such that when I was completely

5    convinced that I was correct, I were actually far-fetched, incorrect,

6    ignorant of some law, so forth.

7        It is of course possible that I did not know the law on

8    certicular issues, or apply the wrong rules or legal authorities.

9        Maybe the law that I relied on had ceased to be good law.

10       Maybe I failed to find the applicable law on particular

11   issues.

12       There are numberous causes of an unpersuasive argument which I

13   was attempting to present to the court of appeal.

14       Justices of court of appeal and theri research attorneys are

15   supposed to be much better than I am.  They have experience.

16   They are better educated.   They are far more resourcesful than I am.

17   They are far, far better trained than I am.   They are supposed to be

18   more intelligent than I can be, in the world of their profession.

19       They are the real professionals.  I am not;  I never earn a paycheck

20   as a lawyer since I left NYU School of Law in 1992, I earned my income

21   solely by doing labor.

22       Before these legal giants, the  best I could do is to present

23   valid arguments which are stupid.in the understanding of aforesaid giants,

24   14th amend

25       Even stupid appellants are entitled to be heard.

26   4th Amend

27       Stupidity is not a valid ground to subject his person, liberty,

28   property, effects, papers to unreasonable search and seizure,

                              p. 142

1    Cause of Action #___ : Claim # 16

2    Table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Cause of Action #__ : Claim #__

2    <u>Nature of Claim</u>

3        violation of Amendment XIV (procedural due process), 4th Amend.

    <u>Concise Statement of Claim</u>

4        McGuiness et al split one single case into two distinct cases, and

5    disregard statute and case law as to A114018.

6    <u>Parties</u>

7        Hung Ha and similarly situated class members assert this claim as to:

8    Diana Herbert, the Honorable William E. McGuiness

9

10

11    <u>Jurisdictional Basis</u>

12        The Court has jurisdiction over this claim by reason of

13    28 USC s.1331 with 42 USC s.1983 for violation of 14th Amendment (due

14    Process of law) , 4th Amendment.

15        (This part will be set forth more fully hereinafater.)

16    <u>Reliefs Sought</u>

17        --injunction

18        --declarative

19        --any other and any number of equitable reliefs

20

21    (This part will be set forth more fully hereinafter.)

22

23

24

25

26

27    <u>facts/reasons</u>

28        (Allegations of facts and description of reasons follow.)

p. 144

1    Cause of Action #___ : Claim #___

2    <u>Fact/Reasons Described</u>
          facts (plus RJN)
3        McGuiness et al had no authority to split one single case, Ha v. Ross,

4    2002074172 (Alameda) into more than one case, in order to

5    achieve the purpose of denying my statutory right to review of

6    the illegality of JaMes A Richman's "Order" declaring me a

7    "vexatious litigant" and Prefiling Order issued in the same

8    aforesaid case.  I will explain what that mean by the following allegations.

9        In said caSe, I filed complaint on Dec. 2, 2002.  On that date,

10   Ha v. Ross, et al, commenced.

11       Notwistanding the final judgment rule, I was compelled by

12   CRC , rule 2 to file what turned out to be multiple appeals

13   instead of waiting to the one single final judgment (if any to be

14   rendered) filing them on Sept. 29, Oct. 12, and Dec. 2, 2005 and

15   March 16 and 22, 2006.

16       Although trial court clerk failed to scan my original notice of

17   appeal into computer, and failed to stamp "filed" on that notice

18   of appeal, it was lodged and filed with the court of appeal,

19   and Respondent received notice of said notice of appeal via Herbert's

20   letter and Justice McGuiness's "Order" dated Dec. 19, 2006.  That

21   appeal notice was assigned with A111966.

22       My notice of appeal filed by trial court clerk of court on

23   Oct. 12, 2005 appealing judgment of dismissal"ordered"  on

24   July 1, 2005 was filed within 90 days of July  14, 2005 on which I

25   filed and served my first noticed motion attacking the judgment

26   of dismissal "ordered" on July 1, 2005, within purview of CRC,

27   rule 3, subpart (2), or inthe alternative, within 30 days of

28   Oct. 5, 2005 on which Judge Ford issued final orders denying my

Cause of Action #__ : Claim #__

1

2    two motions first/originally noticed on July 14, 2005.  (See

3    Clerk's Transcript the following:  motion for reconsideration

4    with motion reservation number of 503299 at CT, p.983, p.1263;

5    motion to vacate void order issued on Jan. 24, 2005, with motion

6    reservation number of 503299, at CT p.987, CT p.1266).

7        These two motions were initially set by me for hearing to be

8    held on Sept. 22, 2005, but after rescheduing, were argued on

9    Oct. 4, 2005, with final orders denying said moitons issued on

10    the next day, Oct. 5.

11        My notice of appeal filed by trial court clerk on Oct. 12,

12    2005 amended the original notice of appeal filed without service

13    on Sept. 29, 2005, in addititon to rule 3 extension based on

14    Judge Ford's orders issued on Oct. 5, 2005 as mentioned above.

15        In addition, on Dec. 2, 2005, I filed noitce of appeal

16    appealing two orders issued by Judge Lee: one on Rhodne's demurrer

17    , substainign it (but failing to state her intent to dismiss

18    complinat as to him without leave to amend, and one granting

19    obstensibly Jason Collom's moitonm to strike my First Amended

20    Complaint on the ground that his motion for dismiss based on

21    plaintiff's "failu`re" to post $10,000.00 security was"granted".

22    I allege that on July 18, 2005, I timely filed my amended complaint

23    per Judge Richman's April 1, 2005 order granting to plaintiff

24    leave to amend original complaint ot state couse of action as to

25    Jason Collom.  I allege that there is a order issued by Judge Richman

26    on which July 18, 2005 was the last day by which plaintiff was to

27    amend complaint to state cause of action against Jason Collom.

28    Henc e, judicial noitce may be taken that dismissal as to Collom

Cause of Action #__ : Claim #__

1  could not be final within CCP s.577 till Judge Lee "ordered" stricken my

2  First Amended Complaint (filed on July 18, 2005 with leave of court). To

3  the extent that either or both of above two orders of judg Lee's

4  was directly appealable, my notice of appeal filed on Dec. 2, 2005

5  was timely under rule 2, since Judge Lee issued on Nov. 18, 2006.

6  (See CT, p.1970 and 1975m Minutes of hearing.)

7       I allege, in addition, on March 16, I filed ans served notice

8  of appeal as to Judge Lee's Order sustaining defendants' demurrer

9  without leave to amend and dismissin g them from action. (Ct p.2405.)

10  I allege that on March 22, 2006, I refiled said March 16 2006

11  notice of appeal as a new notice of appeal, although it in effect

12  amended the original notice of appeal dated Sept. 29, 2005. (CT p.2408.)

13       I allege the following:  as to my original notice of appeal

14  filed or submitted for filing on Sept. 29, 2005, Court of Appeal assigned

15  to it the appeal number of A111966; as to the first amendatory  notice of

16  appeal, court of appeal assigned to it A112095; as to my Dec. 2,

17  2005 amendatory notice of appeal, Court of Appeal failed to assign

18  to it a appeal number; as to my notices of appeal filed twice--once

19  on March 16, 2006 and once on March 22, 2005--court of appeal assign

20  to it A114018; my Dec 2, 2005 notice of appeal was included in

21  my March 16 and 22, 2006 notices of appeal.  I allege that my

22  Dec. 2, 2005 notice of appeal was either included in appeal number

23  A112095 or A114018.

24       I allege that my two notices of appeal filed on March 16 and 22,

25  2006 were filed within 60 days of Jan. 24 to 27, 2006, appealing

26  Judge Lee's judgment(s) of dismissal (as to A ex Yao and Sean Aranas).

27  Judicial notice may be taken that said notices were timely per Rule 2.

28

p. 147

1   Cause of Action #__ : Claim #__

2       I allege, thus, that as of Dec. 19, 2005, I had filed notices of

3   appeal on Sept. 29, Oct. 12, and Dec. 2, 2005 in Ha v. Ross, 2002074172.

4   I allege further, in connection with the foregoing, that I was compelled

5   to file notice of appeal as to any and each and every appealable order

6   or judgment within the time frame prescribed by CRC, rule 2 and  (for

7   extension) rule 3, and the well established rule in California Courts

8   that the time in which a notice of appeal is to be filed is "jurisdiction"

9   so much so that trial court cannot extend time to file notices of

10  appeal, nor do court of appeal of California possess power to extend such

11  time.  Namely, as of Dec. 19, 2005, I had three notices of appeal.

12      On Dec. 19, 2005, McGuiness issued an "order" in the name of

13  Court with regard to Ha v.Ross, A111966.  That order says that although

14  "Hung Ha has previously beenfound to be a vexatious litigant and is

15  subject to a prefiling order", "Mr. Ha need not obtain permission to

16  proceed with the appeal" "[b]ecause the original vexatious litigant order,

17  filed on January 24, 2005, arises out of the same underlying  superior

18  court action".  (Please see Exhibit 20 , a true and correct copy of

19  the originnl Order.)  In that order, McGuiness cites People v. Harrison

20  (2001) 92CA4th 780, 785, fn.6; In re Bittaker (1997) 55 CA4th 1004,

21  1008.

22      I allege further, likewise, that on the same said Dec. 19, 2005,

23  McGuiness issued an order in connection with Ha v. Ross, 112095, saying

24  the same thing described in the preceding paragraph, and citing the

25  same authorities as described above.

26      I allege that, however, McGuiness did not similarly issue an

27  Order to the same effect described above, as to my Dec. 2, 2005 notice of

28  appeal.

Cause of Action #__ : Claim #__

1

2       As to my two additional notices of appeal filed on March 16 and

3   22, 2006, I allege that on June 5, 2006, they were transmitted by

4   trial court to court of appeal and were filed by the latter court.

5   On the same day, Herbert mailed a notice or letter to me informing

6   that I was required to apply for permission to appeal.  I allege that

7   I followed her instruction, filing a response on June 16, 2006.  On

8   July 24, 2006, McGuiness issued an order,  in co-nection with A114018.

9   I allege that said order was postmarked July 25, and it was not delivered

10  to my P. O. box 367, Berkeley, CA 94701 on the next date, but on the 27th

11  of July.  That order was filed on July 26, 2006, by trial court's

12  clerk of court in Ha v. Ross, 2002074172.   I allege that on July 26,

13  2006, after 4:00 p.m., Department 31 of Alameda Superior Court

14  published the tentative ruling issued by Judge Frank Roesch in

15  Ha v. Harrison, et al, 2002077102, purportedly granting defense's

16  motion to strike my Fourth Amended Complaint without leave to amend

17  and, on Judge Roesch's own motion, dismissing the entire action,

18  Returning to McGuiness's "Order" regarding A114018, I allege that in

19  said "order", McGuiness said: "Nor does the fact that the original

20  vexatious litigant order, filed on January 24, 2005, is currently on

21  appeal in Case Nos. A111966 and A112095 [,] excuse Mr. Ha from

22  the requirement that he obtain permission to pursue the instant appeal

23  (Please see Exh. 2), a true and correct of the copy which I received.)

24  (I notice that on said order, the date blank is not filled in; but

25  remains blank.)   Siad order pertaining to A114018 drops the rule

26  relied on in the previous two orders dated Dec. 19, 2005, that is,

27  because the original vexatious litigant order arises out of the same

28  underlying superior court action (i.e., in the relevant context, Ha v. Ross),

p. 149

1    Cause of Action #___ : Claim #___

2    the pro per plaintiff-appellant is not required by CCP s.391.7 to

3    apply for permission to appeal  a judgment or the final judgment and/or

4    the original vexatious litigant order.  This third order drops the

5    authorities cited in the previous two orders: People v. Harrison ,

6    and In re Bittaker. (Please see Exhibits 20, 21, and 22.)

7        I allege that in the said third order, that pertaining to

8    A114018, McGuiness changed the title or name of the case: Ha v. Collam, et al,

9    instead of Ha v Ross, et al, although a judicially noticed fact

10   remains the same: Ha v. Ross, et al, 2002074172, commenced on

11   Dec. 2, 2002.

12       I allege that by the third order, McGuiness split Ha v. Ross, et al,

13   2002074172 (Alameda 2001) into two distinct cases, on his own motion

14   or action, such that the one single case commenced on Dec. 2, 2002

15   became Ha v. Ross, 2002074172 with A111966 and A112095, and Ha v. Collam,

16   et al, 2002074172, with A114018.

17       I allege that McGuiness et al impliedly determined that my

18   two notices of appeal filed on March 16 and 22, 2006 were timely and

19   sufficient as to Judge Lee's Orders issued on Jan. 24 to 27, 2006, under

20   rule 2; i.e., within 60 days of Jan. 24 and 27, 2006.  Judicial notice may

21   be taken that on the basis of such timely notices of appeal, the

22   "original vexatious litigant order"  issued/filed on Jan. 24, 2005

23   in the same "underlying superior court action" may be reviewed, whether or

24   not the plaintiff-appellant directly attack Judge Lee's Jan. 24-27, 2006

25   judgment of dismissal.

26       In connection with the preceding paragraphs, I judicial notice may

27   be taken that under California law, the "original vexatious  litigant" order

28   is not directly appealable under CCP s.904.1, but is reviewable when

Cause of Action #__ : Claim #__

1  the pro per plaintiff (dubbed "vexatious litigant" in the "underlying

2  superior court action") appeals something appealable under CCP s.904.1,

3  supra, such as an order of  dismissal judgment.  Further, judicial notice

4  may be taken of the California law that Court of appeal may re-characterize

5  an appeal as a petition for review of the Koriginal vexatious litigant

6  order" in the same underlying action, only if at least one notice of

7  appeal is timely, where the pro per plaintiff-appellant seeks review

8  of the "original vexatious litigant order" but does not directly attack

9  a judgment or the final judgment in the same underlying action.

10      I allege the procedural fact that Judge Lee's orders dated

11  Nov. 18, 2005 and Jan. 24 and 27, 2006 favoring defendants are necessarily

12  void if or because the "original vexatious litigant order" was void by the

13  aforesaid dates of Nov. 18, 2005 and Jan. 27,2006. The procedural fact

14  to be judicially noticed is that Judge Lee's orders favoring defendants

15  are predicated upon Judge Richman's Orinal vexatious litigant order"

16  executed and filed on January 24, 2005 (not on Jan. 20, 2005).

17      Judicial notice may be taken of the procedural fact that

18  when Judge Lee dismissed Rhoden on Nov. 18, 2005, terminated my action

19  against Collom on Nov. 28, 2005, and dismissed my action as to Aranas and

20  Yao by Jan. 27, 2006, the action Ha v. Ross, et al, 2002074172 was

21  disposed of in entirety--unless such orders of dismissals are void and on

22  inspection of record voidness of such said orders becomes known.

23      Judicial notice may be taken of the procedural fact that in

24  Ha v. Ross, et al, 2002074172, there was really one single notice of

25  appeal which was, however, fragmented by CRC, rule 2  and the rule that

26  time in wich to file notie of appeal under rule 2 and rule 3 cannot be extened

27  and court has no power to relief an appellant from default of filing a notice

28  of appeal ate (even late by one single day).

p. 151

Cause of Action #__ : Claim #__

1  I allege that as a result of the "Order" issued by McGuiness on

2  July 24 or 25, 2006, they considered that Ha v. Ross, et al, 2002074172,

3  A114018 ended.  I allege that said "Order" gave the justices of

4  the court for the first appellate district a "ground" for refusing to

5  consider my appeal of Judge Lee's January 2006 dismissal judgment

6  and the "original vexatious litigant order".

7     McGuiness's court, however, did not issue an order dismissing

8  my appeal with which A114018 is associated.  I allege that between

9  July 25, 2006 to the present, court of appeal for First Appellate

10  District has not issued an order dismissing my appeal with A114018,

11  nor had said Court issued a remittitur.  Judicial notice may be

12  taken of the rule that a judgment is necessary to dispose an action.

13  JN may be further taken that dismissal of an appeal by the court of

14  appeal is a judgment.   JN may be taken, in addition, the filing of

15  a valid notice appeal in a timely manner vests the court of appeal

16  with subject matter jurisdiction.  JN may be also taken of the rule

17  that where there is no ground to dismiss an appeal, the court of

18  appeal retains jurisdiction; the appeal is not over.

19     I allege that by June 6, 2006, the record on appeal was complete,

20  after the trial court had transmitted additional portion of CT (from pp.

21  1092 to p.2769) and RT of Jan. 6, 2006 hearing to the Court of Appeal,

22  except that on June 28, 2006, the amended page 12 of RT of Jan. 20, 2005

23  hearing on Justice Department's motion for vexatious litigant orders

24  was filed by the court of appeal.  (That is indicated in Register of

25  Action under A112095.)   I allege that said record on appeal

26  was sufficiently complete for all my notices of appeal filed on

27  Sept. 29, Oct. 12, Dec. 2, 2005 and March 16 and 22, 2006, under A111966,

28
29  A112095, and A114018.