1    Cause of Action #___ : Claim #___

2       I allege that as of July 24 or 25, 2006, there were in the case of

3    Ha v. Ross, et al, 2002074172, A111966, A112095, and A114018, a lot of

4    record in the hand of the court of appeal: CT of 2769 pages including

5    documents up to April 14, 2006, various reporter's transcripts

6    (dated Jan. 20, 2005, April 1, 2005, Oct. 4, 2005, Jan. 6, 2006),

7    my three "explanations" filed on Nov. 22, 2005 under A111966,

8    Dec. 5, 2005 under A112095, on/about June 15/16, 2006 under A114018,

9    my civil case information statement filed on/about Dec. 28, 2005 under

10   A111966/A112095.   I allege, in addition, that on the said civil

11   case information statement, item B.4 states that I filed three notices

12   of appeal on Sept. 29, 2005, Oct. 12, 2005, and Dec. 2, 2005 amending

13   the previous ones.  I allege that said item indicates that

14   respondent(s) did not file cross appeal, and CT indicates the same.

15   I allege, moreover, on April 17, 2006, I filed my first Request for Jud-

16   icial Notice in support of my appeal.  I allege that it was

17   served on Justice Department as well as on Patton Wolan & Boxer.

18   Said RJH concerns Judge Richman's disqualification with regard to

19   Justice Department's vexatious litigant proceeding dated Jan. 20, 2005.

20   I allege that said RJN consists primarily of my memo of points and

21   authorities, my civil subpoena on Judge Richman (with two different

22   proofs of services effected by different persons), a verified

23   statement of challenge for cause as to the qualification of Judge Richman.

24   (Please see exhibit 27 .)  I allege that neither PWB nor Justice

25   Department oppose said RJN, which was first of more than ten RJNs

26   of mine filed and submitted but not filed, by the court of appeal.

27       I allege that CT contains my third notice of appeal filed on

28   Dec. 2, 2005 as to Judge Lee's two orders issued on Nov. 18, 2005,

1   Cause of Action #___ : Claim #___

2                    appearing at CT 2002. I allege that those two orders

3   were included explicitly in my fourth and fifth notices of appeal,

4   filed on March 16 and 22, 2006. JN may be taken of the rules that the

5   defects in those two orders can be (easily) cured so that they vest

6   jurisdiction in the court of appeal.

7       I allege that on basis of such record described above, McGuiness

8   et al had known already by July 24 or 25, 2006 thatthe "Order" declaring

9   me a "vexatious litigant" was shown to be void and, aside fromvoidness,

10   clearly reversable, and all the rest of rulings, orders, judgments

11   predicated upon said "original vexatious litigant order" would fall.

12   I allege that the record completed as of July 25, 2006 showed to McGuiness

13   et al that trial judges lik eJudgeRichman, Judge Brick, their research

14   attorneys, and defense counsels and defendants were engaged in gross

15   foul play.

16       I allege that when McGuiness issued his order on July 24/25, 2006

17   as to Ha v. Ross, 2002074172, A114018, he and other conspiractors

18   desired to keep the "original vexatious litigant order" from being

19   reversed by court of appeal (or, in the alternative, being dissolved

20   by an impartial trial court judge if one comes along). I allege that

21   an objective/goal of the game plan of McGuiness and others was to use

22   the original declarative Order and prefiling order executed by Judge

23   Richman on Jan. 24, 2005 to block (illegally) my appeals, particularly

24   my forseeable appeal in Ha v. Harrison, et al, 2002077102, involving

25   the same claim as does Ha v. Ross, et al, 2002074172. I allege that

26   in the hands of McGuiness et al, the CCP s.391.7 proceedings are purely

27   a pretext,involving totally no adjudicative functions.

28       I allege that as of July 25, 2006, it was clear, certain to McGuiness

1    Cause of Action #__ : Claim #__
     (facts. cont)

2    et al that I was an innocent victim of violent felonies committed by

3    Rhoden and Collom on March 4, 2001, the trial of People v. Ha, 166802

4    was within the meaning of white collar cirmes, and Justice Department's

5    motion for vexatious litigant orders was within the meaning of cover-up

6    white collar crimes.

7         To complete more of the whole picture for sense to be made out of

8    McGuiness's Order dated July 25, 2005 as to Ha v.Ross, A114018, I allege

9    the following.  On Oct. 31, 2006, I timely submitted my AOB in

10   connection with A112095.  It was filed on Nov. 6, 2006 after my application

11   for leave to file a 170 page OB was granted without Respondent's objection

12   (although by mistake, I mistated the page number from 150 to 170).

13   Respondent's Opposition Brief was due by Dec. 6, 2006.  On that

14   Dec. 6, 2006, Respondent did not file their Brief, but filed instead

15   a motion to dismiss or, in the alternative, to strike my OB without

16   leave to amend.  I timely filed my opposition on Dec. 21,

17   2006 (within 15 dyas), after (and in addition to the fact that) on

18   Dec. 15, 2006, I timely submitted my OB of 170 page long in argument

19   and an application to file anoversized OB, in connection with A111966

20   and consolidated appeal numbered A111966/A112095 (since on Dec. 11,

21   2006, my motionfor consolidating those two numbers was granted).

22   On Dec. 20, 2006, the justices of division one struck my OB of Dec. 15, 2006

23   off the record, and ordered that my OB of Nov. 6, 2006 be the consolidated

24   OB.  On Jan. 17, 2007, respondent filed essentially the same motion to

25   dismiss without a valid proof of service (i.e., no actual service),

26   attacking my Oct. 31, 2006 OB (filed on Nov. 6). Plaintiff-appellant had

27   15 days in which to respond to the second, repeated motion to dismiss/strike,

28   from Jan. 17, 2006 plus five days extension per CCP s.1013.  Jan. 19, 2007

Cause of Action #__ : Claim #__

1   the due date for respondent's Brief in opposition to my consolidated OB.

2   On that Jan. 19, 2007, Respondent failed to submit their Brief.  Clerk of

3   Court issued on Jan. 22, 2007 rule 17 notice to respondent.  On the next

4   day, Jan. 23, 2007, Justices of Division one caused the court to issue

5   an order, which purported to grant respondent's Nov. 6  2006 motion to

6   dismiss made on the ground that my Oct. 12,2005 notice of appeal was filed

7   after more than rule 2's 60 days had elapsed since July 11, 2006

8   (judgment of dismissal was served on me on July 6, and proof of service

9   was filed five days later, on July 11).  Thus, the justices of division 1

10  refuse to hear the appeal of the "original vexatious litigant order"

11  on the meritsThe justices could consider the question of whehter my

12  notices of appeal filed on Sept. 29 and Oct. 12, 2005 were filed

13  within rule 3's extension, where I filed some seven noticed motions in

14  the time between July 14 and Sept. 9,2006 attacking the order of dismissal

15  dated July 1, 2005.  Judicial notice may be taken of the proposition

16  that the judgment of dismissal dated July 1, 2006 was void as to Alameda

17  County and Andrew Ross because their demurrer was denied with prejudice by

18  operation of law, and I filed my Amended Complaint on July 18, 2006

19  as to Jason Collom with leave of court; for those reasons, the judgment

20  of dismissal dated/issued on July 1, 2006 could not be final judgment

21  within CCP s.577.  S question is wheter, if not void, the judgment of

22  dismissal ordered on July 1, 2005 on ex parte application of Alameda,

23  Ross, and Collom became final, in connection with rule 3 extension.

24  Court of appel did not raise that question.  Moreover, court of appeal

25  did not discuss or address the question of whether my third notice of appeal,

26  filed on Dec. 2, 2006 could be a basis on which to review the "original

27  vexatious litigant" order.  Court of Appeal did not discuss or address the

Cause of Action #__ : Claim #__

1   my notices of appeal associated with A114018 vested it with jurisdiction

2   to review the "original vexatious litigant" order issued in the same

3   "underlying superior court action", i.e, Ha v. Ross, et al, 2002074172

4   (Alameda 2002). The court of appeal did not discuss or address the

5   issue of whehter the appeal numbered A111966/A112095, A114018 should be

6   re-chareacterized as a writ petition for order directing trial court

7   to vacate the "original vexatious litigant" order. Court of Appeal did

8   not discuss or address the question of whehter the defects, if any, in

9   my Dec. 2, 2005 notice of appeal, could be (easily) cured either by

10  itself or on remand by trial court, so that the court of appeal would

11  have jurisdiction on basis of such notice of appeal from

12  which to review the original vexatious litigant order. That, above,

13  sufficiently compelte the picture of what McGuiness's July 26, 2006

14  order terminating A114018 appeal.

15      I return to the content of that order. (See exh.22) I allege

16  that it says: "absent a stay or reversal on appeal, the vexatious litigant

17  order continues to govern all other new litigation that Mr. Ha

18  may wish to initiate". I allege that what it was inteneed to achieve

19  was not so clear on/about July 25, 2006, but became quite clear by

20  January 23, 2007, with the"order" rendered by division one justices who

21  are the very ones who determined against me in H a v. Alameda (petition

22  for relief from tort claim procedure), Ha v. Fry, Ha v. Aranas, Ha v.Rhoden II,

23  which were the only evidence relied on by Justice Department for vexatiou

24  litigant order, plus Ha v. Rhoden, et al, 2002066008, and others which weere

25  alike dismissed because I did not blindly comply with case management

26  judges' orders to serve formally complaints and summons under the fast

27  track legislation and local rules. That is why the third order dropped the rule

28  under which A111966 and A112095 were entitled to proceed as matter of course.

29

P. 157

1    Cause of Action #__ : Claim #__

2    facts/reasons

3                              Reasons

4    total clear absence of jurisdiction

5         As of July 25, 2006, record available to McGuiness et al

6    showed clearly that Judge Richman's declarative order declaring Hung Ha

7    a "vexatious litigant" must be void on face of record and, aside

8    from that voidness, certainly reversable.  Research attorneys and

9    justices of the court of appeal certainly must know better than I do,

10   and there are reasons of why said order must be void and aside from that,

11   voidable/reversable unknown to me but known to theose experts.

12   My OB that I submitted on Dec. 15, 2006 to that court was not an

13   exhaustive understanding of the matter.  Those experts must know better

14   than I do.  Thus, the court had no jurisdiction to subject my

15   appeal under A114018 to CCP s.391.7,  even if we assume for sake of

16   discussion that employees of court of appeal had the power to alter

17   and enlarge the legislative intent and scope of CCP s.391.7 to encompass

18   writ petition and appeals.

19   total absence of jurisdiction

20        Nobody has the power to split somebody's case into two actions or

21   more.  Ha v. Ross, 2002074172 is one single case that commenced on

22   Dec. 2, 2002.  It was disposed of by the combined actions of Judge

23   Richman and Judge Lee on July 1, Nov. 18 2005 and Jan. 27 2006. Rule 2

24   forced any litigant to file a notice of appeal as to any appealable

25   order that is appealable under CCP s.904.1.  I could not wait till my case

26   arrived at its deadend and then file one single notice of appeal.  Had I

27   waited till Judge Lee dismissed the last major defendants from the action,

28   it would be too late for me to appeal Judge Richman's July 1,2005 dismissal.

1  Cause of Action #__ : Claim #__

2  It was inevitable that I would file multiple notices of appeal depending

3  on the judges' rulings on defense's motions.  Note that I had no control

4  over the motions which defendants's counsels would decide to file. They controlled

5  what motions to file, when to file, so forth. They indirectly controlled

6  how many notices of appeal I would file.   Since I was the only one

7  plaintiff in Ha v. Ross, et al, 2002074172, there was only one single

8  notice of appeal which was fragmented into multiple ones under rule 2

9  and rule 3.

10      Besides, the doctrine of res judicata (claim preclusion and issue

11  preclusion) would be greatly helpful.  First, let us be clear

12  about something: my first notice of appeal (dated Sept. 29,2005) was

13  assigned with A111.966, my second notice of appeal was assigned with (dated Oct. 12, 2005)

14  A112095, my fourth and fith notices of appeal (dated March 16 and 22, 2006)

15  were assigned with A114018, and my third notice of appeal dated Dec. 2,

16  2005 came under A114018.  As to A111966 and A112095, July 1, 2005

17  dismissal was appeable under CCP s.904.1, involving Alameda, Ross, and

18  Collom.  As to my Dec. 2, 2005 notice of appeal, the order sustaining

19  Rhoden's demurrer would be directly appealable once Judge Lee's

20  failure to state her intent to dismiss was cured, and the order striking

21  my amended complaint was in effect judgmetn for Collom because

22  Judge Richman's dismissal as to him was prematurely ordered on July 1, 2005

23  (when I had up to July 18, 2005 to amend my complaint to state cause

24  of action as to Collom).  As to my two March notices of appeal, the judgment

25  in favor of Aranas and Yao was directly appealable.  Now this: all these

26  controversies between me and Alameda County, Ross, and Collom

27  between me and Mark Rhoden, between me and SEan Aranas and Alex Yao

28  arose from the same set of facts. Thus, res judicata doctrine was applicable.

Cause of Action #__ : Claim #__

1   This doctrine does not allow a litigant to split his claim into

2   a number of claims and have multiple actions proceed to multiple trials.

3   No judge can split a litigant's one single claim into multiple claims.

4   McGuiness split the portions of my single action into that which

5   consists of County, Ross, and Collom, and that which consists of  Collom,

6   March Rhoden, Sean Aranas, and Alex Yao.

7       McGuiness was no more than an administrative official, not a

8   judicial officer who adjudicates controversies between parties.

9   In that capacity, McGuiness split A114018 (based on Dec. 2, 2005 and

10   March 16 and 22, 2006 notices of appeal) away from Ha v. Ross, gave

11   a new case a new name (Ha v. Collom, et al).

12       Why did he do that?  Answer: the notices of appeal on which A114018

13   was based were plainly filed within 60 days of the appealable orders

14   as mandated by CRC, rule 2.  My Sept. 29 and Oct. 12, 2005 notices of

15   appeal were filed within rule 3's extension periods, but beyond

16   rule 2's 60 days.  Responden'ts motion to dismiss was based on the ground

17   that my Oct. 12, 2005 notice of appeal was filed after rule 2's 60 days

18   had elapsed.  Sure, that was correct, but respondent did not say that

19   perhpas said notices of appeal were timely under rule 3. That is showing

20   Responden'ts motion to dismiss to be fraudulent.  Justice McGuiness's

21   action described above was the heart of a <u>criminal</u> fraud; Justice McGuiness

22   was committing very serious crimes. Taht is why.  McGuiness paved the

23   way for respondent's fraudulent motion to dismiss to be made and "granted",

24   so that Judge Richma's order declaring a victim of violent crimes and

25   cover-up crimes was not reversed on appeal, under the pretext that my Oct. 12,

26   2005 notice of appeal was not filed within 60 days of rule 2 (60 days

27   of July 11, according to respondent's argument).

28

p. 160

1    Cause of Action #__ : Claim #__

2    <u>The law cannot be disregarded</u>

3    A pro per plaintiff-appellant is entitled as a matter of

4    statutory right to seek reversal of the order branding him/her a

5    "vexatious litigant" by <u>direct</u> appeal under CCP s.906. The court of appeal

6    for the first appellate district has acknowdged that in Ha v. Ross, et al,

7    2002074172, A111966 and A112095, plaintiff-appellant need not apply

8    for leave to appeal where the order branding the plaintiff a "vexatious

9    litigant" per CCP s.391 et seq. was executed in the same action under

10   People v. Harrison, 92 CA4th 780, 785, fn.6. (See Exh. 20; exh. 21.)

11   McGuiness had no authority to take a portion of the same underlying

12   action, which is identified by A114018, out of the purview of CCP s.906

13   and the precedentail case of People v. Harrison, supra.

14   As long as I had one single notice of appeal that was timely filed

15   as to an appealable order (appealable under CCP s.904.1) in the entire

16   action (commenced on Dec. 2, 2002) with the case number of 2002074172

17   in Alameda Superior Court, CCP s.906 and the precedent of People v. Harrison

18   were applicable tothe question of whether I was entitled to appellate

19   reveiw of the "original vexatious litigant order" rendered in teh same

20   "underlying action" in which aforesaid notice(s) of appeal was/were

21   timely filed.

22   On Dec. 19, 2005, the court of appeal had already determined that

23   the "original vexatious litigant order" was issued in the same"underlying

24   superior court action", i.e., Ha v. Ross, et al, 2002074172, such that

25   I need not apply under CCP s.391.7 for permission from the presiding

26   justice of the court of appeal to appeal, in connection with A111966

27   and A112095.  Therefore, That determination governs A114018, with

28   respect to my noticesof appeal dated Dec. 2, 2005 and March 16 and 22, 2006.
29   A court has jurisdiction to determine if it has subject matter jurisdiction.
30   authorized by CCP s.391.7, assuming that it may be enlarged to encompass appeals

p. 161

1   Cause of Action #__ : Claim #__

2   rule making

3       McGuiness was engaged in rule making, when he split A114018 from

4   Ha v. Ross, et al, giving it a new case name: Ha v. Collom, et al. He

5   brushed aside CCP s.906 and People v. Harrison,  He brushed aside

6   the dotrine of res judica, and brushed aside statue of limitation.

7   Note, Ha v. Ross, et al, A111966/A112095 commenced on Dec. 2, 2002.

8   What about Ha v. Collom, et al, A114018?  Did it commence on July 24,

9   2006, on which McGuiness's third order at issue was purportedly filed?

10  The underlying facts of"Ha v. Collom et al" , A114018, occurred on

11  March 4, 2001, and People v. Ha, 166802 produced a jury conviction of me

12  on Jan. 4, 2002 with  pronouncement of sentence made on Jan. 9, 2002.

13  Judge Lee came into the case in 2005, after it was assigned out of the

14  regular law and motion department (dept. 31) because of my challenges

15  for causes to its judges.  2005 would be too late for me to file action

16  that is based on state torts under shorter statutes of limitation (e.g.

17  one year).  July 24, 2006 would be too late to commence action against

18  Collom, et al, on basis of state torts that are governed by shorter

19  statutes of limitation..

20      As to McGuiness's third order, in connection to A114018, he

21  was engaging in rule making, as though he was exercising legislative

22  function and executive function of the governor of California (who signs

23  a bill after it had been passed by both houses of Legislature).

24      The District Court of U.S. can examine the matter without

25  reviewing how a rule is being applied in the state court.  As to A114018,

26  McGuiness was not applying CCP s.904.1 and s.906 and People v. Harrison,

27  but his own person rule.   Nor did McGiness apply the ruling made by

28  the court in the two prior orders dated Dec. 19, 2005 as to A111966 and A12095.

1    Cause of Action #___ : Claim # PT

2    <u>Table of Content</u>

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Cause of Action #___ : Claim #___

2   <u>Nature of Claim</u>

3       violation of Amendment XIV (procedural due process), 4th Amend.

4   <u>Concise Statement of Claim</u>     (same)

5       In splitting A114018 from the "underlying superior court action",
    McGuiness et al were using state procedural rules to defeat federal rights,

6   <u>Parties</u>

7       Hung Ha asserts this claim against:

8   Diana Herbert, the Honorable William E. McGuiness

9

10

11  <u>Jurisdictional Basis</u>

12      The Court has jurisdiction over this claim by reason of

13  28 USC s.1331 with 42 USC s.1983 for violation of 14th Amendment (due

14  Process of law).

15      (This part will be set forth more fully hereinafter.)

16  <u>Reliefs Sought</u>

17      --injunction

18      --declarative

19      --any other and any number of equitable reliefs

20

21  (This part will be set forth more fully hereinafter.)

22

23

24

25

26

27  <u>facts/reasons</u>

28      (Allegations of facts and description of reasons follow.)

1    Cause of Action #__ : Claim # 18

2    Table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Cause of Action #__ : Claim #__

2    Nature of Claim

3        Justice McGuiness's orders at issue are void in violation of
4th Amendment, 14th Amendment, 1st Amendment.

4

5

6    Concisde Statement of Claim

7        My appeal in Ha v. Ross, et al, 2002074172 (Alameda) A111966/A112095

8    , A114018 is still pending and, probably, the challenged vexatious

9    litigant orders may be deemed reversed by operation of law, where

10   all of my notices of appeal were timely and sufficient as filed on

11   Sept. 28, 2005, Oct. 12,2005, Dec. 2, 2005, and March 16 and 22,2006,

12   within the time allowed by CRC, rule 2 and rule 3 (extension).

13

14   Parties

15       Hung Ha asserts this claim agaiinst APJ McGuiness, four justices

16   of division one who had crafted the opinions in my prior appeals

17   in Ha v. Alameda (petition) and the case management dismissal cases.

18

19   SMJ

20       The U.S. Court has SMJ on the basis of aforesaid amendment in

21   connection with which 42 USC s.1942 provides remedies  under 28 USC

22   sec.1331.

23   Remedies Sought

24       --injunction,  --declarative reliefs

25   Facts/Reasons Described

26

27

28

1    Cause of Action {__ : Claim # _19_

2    Table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Cause of Action #___ : Claim #___

Concise Statement of Claim

2  ——————                        Respondents block illegally my 11 appeals and 2 petitions,

3  in violation of Amendment XIV (procedural & substantive due process);

4  in  Violation of 4th Amendment;  and

5  in Violation of First Am (right to freedom of expression, to press, to petitioning government for a redress of grievances)

6  Parties

7  Hung Ha  Ⓚ                              assert this claim as to:

8  Diana Herbert, the Honorable William E. McGuiness

9  Nature of Claim

10      Violation of 14th Amendment, 4th Amendment, 1st Amendment for which violation remedy may be granted under 42 UCS sec. 1983.

11  Jurisdictional Basis

12     The Court has jurisdiction over this claim by reason of

13  28 USC s.1331 with 42 USC s.1983 for violation of 14th Amendment (due

14  Process of law) and other amendments incorporated into the 14th Am.

15

16  Reliefs Sought

17      --injunction

18      --declarative

19      --any other and any number of equitable reliefs

20

21

22

23

24

25

26

27  facts/reasons

28      (Facts are alleged and reasons are described hereinafter in some detail.)

p. 168

1    Cause of Action #__ : Claim #__

2    facts/reasons

                        unlawful acts
3    Herbert, APJ McGuiness et al have been blocking some 13 cases or

4    matters of mine, which consist of two petitions for review within a

5    pending case (Ha v. Harrison, et al, 2002077102), ad 11 appeals in

6    some six different cases, by use of CCP s.391.7 and their

7    procedure(s).

8        Said respondents had refused to file my papers except what they

9    called "applications for permissions to appeal" or "applications

10   for leave to petition for a writ".  They had refused to file my

11   briefs in two petitions in Ha v. Harrison, A109984 and A110044; they

12   had refused to file my applications for waiver of filing fees in

13   said two petitions.   Similarly, they had refused to file my notices

14   of appeals in 12 appeals pertaining to six different cases.

15        --There are six cases.

16   The said six cases are the following: Ha v. Seth's, RG03116209,

17   A110655;  Ha v. Ross, 2002077102, A114018, A117819; Ha v. Harrison,

18   2002077102, A109984, A110044, 113012, A116354; Ha v. CUIAB,

19   2002068505 (Alameda), A113101; Ha v. Northside, et al, RG04183049

20   (Alameda), A116777 and A117820; and Sullivan v. Ha, GB06251784 (Berkeley

21   in Alameda County), A114993.

22        --There are two petitions and 11 appeals.

23   Ha v. Ross, 2002074172       A111966
     same                         A112095
24   same                         A114018
     same                         A117819
25   Ha v. Harrison, 2002077102   A109984 (petition)
     same                         A110044 (petition)
26   same                         A113102
     same                         A116354
27   Ha v. Seth's, RG03116209     A110655
     Ha v. CUIAB, 2002068505      A113101
28   Sullivan v. Ha, BG 68251784  A114993
     Ha v. Northside, RG04183049  A116777
     same                         A117820

                        p. 169

1    Cause of Action # B : Claim # 1

2    Table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Cause of Action #__ : Claim #__

2    <u>Nature of claim</u>

3          Violation of the 8th amendment incorporated into the 14th.Amend.
      ~~Concise Statement of Claim~~
      ~~McGuiness et al have been~~ inflicting cruel and unsual punishment  on
4    Hung Ha,  as he et al have joined Mark Rhoden, Jason Collom, Sean Aranas,
      Alex Yao, Victoria Harrison others in UCPD at UCBerkeley, Andrew Ross,
5    Thomas Orloff and others in District Attorney's office in and for Alameda
      County, Judge Thomas Reardon, Judge Winton McKibben, and other judges of
6    Alameda Superior Court, Amy Lo, Tyler B. Pon, and other in the Justice
      Department of California, Jeffrey and others in the law department of
7    the University of California, Robert L. Gaumer, Richard E. Winnie and
      others in the law department of Alameda County, four justices of division
8    one of the first appellate court of appeal, et al.

9    <u>parties</u>
            Hung Ha asserts this claim as to Diana Herbert, William E.
10   McGuiness,

11

12
     <u>Jurisdictional basis</u>
13
     This federal District Court has subject matter jurisdiction on the
14
     basis of 42 USC s.1983 in connection with Am. VIII.
15

16

17
     <u>Reliefs soughts</u>
18
            --injunctions
19
            --declarative felifes
20
            --any other and any number of other equitable relifes
21

22

23
     <u>facts/reasons described</u>
24

25

26

27

28

p. 171

1    Cause of Action # _C_ : Claim # _1_

2    Table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Cause of Action #__ : Claim #__

2    Nature of Claim

3        Violation of 14th Amendment, 4th Amendment, 1st Amendment

4    Concise Statement of Claim

5        Defendants/respondents fraudulent "ordered" to be stricken my

6    notices of appeal filed in Ha v. Ross, et al, A111966, A112095,

7    A114018 on Sept. 29, 2005, Oct. 12, and Dec. 2 in trial court, under

8    the desiguise of "granting" respondent's invalid motion to dismiss

9    which was made on ground that my notices of appeal in the entire

10   action were untimely, where every one of my notices  of appeal was

11   timely.

12

13   Parties

14       Hung Ha asserts this claim against Justice McGuiness, Justice Stein,

15   Justice Swager , Justice Margulies, Justice Marchiano, their

16   research attorneys.

17

18   Jurisdiction

19       This court has subject matter jurisdiction on teh basis of

20   42 USC s.1942 in connection with which are 14th Amendment, 4th Amend-

     ment, 1st Amendment, under 28 USC s.1331.

21

22   Reliefs Soughts

23

24       --injunctions,
         --declarative reliefs
         --any other and any number of equitable reliefs

25

26   Facts/reasons  Described

27   (As set forth more hereinafter.)

28   footnote: see also previous cause #__, Claim #__ at p.__.

1    Cause of Action #__ : Claim #__

2              Facts/REasons

3    Notices of appeal

4        In connection with Ha v. Ross, et al, 2002074172 (Alameda), I

5    had filed notices of appeal on three dates in connection with said

6    notices of appeal are the appellate numbers, A111966 and A112095.

7    It was on Sept. 29, 2005, Oct. 12, and Dec. 2, I filed three separate

8    notices of appeal, as I was acting within the scope of CRC, rule 2

9    and rule 3(extension of rule 2 time). (These are old numbering

10   system, superseded in 2007.)

11       On Dec. 19 or so, 2005, APJ McGuiness ordered that my appeal

12   known as A111966 and A112095 to be allowed to proceed.

13       On Jan. 23, 2007, or as of that date, Justices of Divison one

14   and Justice McGuiness struck my aforesaid notices of appeal off

15   record, for all practical purpose, by orders dated Dec. 20,2006

16   and order dated Jan. 23, 2007 plus other"orders".   They did not

17   directly or explicity say that they were directing clerk of court

18   to strike my aforesaid notices of appeal.  But the practical effect

19   of their actions were really such a move.

20       Thus, these justices refused to file or allow the clerk of court

21   to file my aforesaid notices of appeal, causing them to be treated

22   as though non=existent, where these notices of appeal were timely

23   within the purview of CRC, rule 2 and rule 3.

24       My aforeaid notices of appeal vested subject matter jurisdiction

25   inthe court of appeal.  Aforesaid justices refused to acknolwedge

26   that fact by ignoring the fact that SMJ has been vested in the court

27   where they control the offices. They cause the court unable to exercise

28   its jurisdiction in Ha v. Ross, et al, A111966 and A112095.

1     Cause of Action # D : Claim # 1

2     Table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Cause of Action #2 : Claim #___

2    Nature of Claim

3         Violation of 4th Amendment, 14th Amendment

4

5    Concise Statement of Claim

6         Respondent illegally, in violation of U.S. Constitution,

7    maintains the Prefiling Order executed by Judge James A. Richman

8    on January 24, 2005 in Ha v. Ross, et al, 2002074172, (Alameda),

9    A111966/A112095, A114018, A117819 (or, in consolidated case,

10   Ha v. Ross, et al and Ha v. Harrison, et al, 2002077102, A116354),

11   and district it to all superior courts and district courts of

12   appeal of California throughout California, and a declarative order

13   branding Hung Ha a "vexatious litigant" executed on the aforesaid

14   date by the same aforesaid judge, where said orders are void  and

15   they may be deemed reversed by operation of law.

     SMJ
16   The Court has SMJ on basis of 42 USC s.1983 RE aforesaid amendments.

     Parties
17        Hung Ha asserts this claim as to the Honorable Donald M.

18   George on behalf of Judicial Council of California,

19

20

21   Relief Sought

22        Injunction enjoining Respondent from keeping aforeaid orders of

23   Judge Richman from its list of vexatious litigants;

24        Declarative relief that Hung Ha is entitled to removal of his name

25   from Respondent's list of vexatious litigant;

26        Injunction enjoining Respondent from enforcing the

27   unconstitutional statute CCP s.391.et seq, the vexatious litigant

28   statute;  decree invalidating vexatious litigant statute.

p. 176

1    Cause of Action #__ : Claim #__

2    Fact/Reasons Described

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Cause of Action # E : Claim # 1

2    Table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Cause of Action # E : Claim #__

2    Nature of Claim

3        Violation of 14th Amendment, 4th Amendment, 1st Amendmnet

4

5    Concise Statement of Claim

6        Sweeten and her deputies at appeal unit of Alameda Superior

7    Court  and Diana Herbert, who is the Clerk of court of Court

8    of Appeal for the First Appellate District, deny me of my free

9    copies of Clerk's Transcript in 5_ appeals, Ha v. Ross,

10    A117819, Ha v. Harrison, A16354, Ha v. CUIAB (or Ha v. EDD I),

11    A113101, Ha v. Northside, A116777/A117820, Sullivan v. Ha, A114993.

12    (In each of the above appealed case, the denial is a separate claim

13    or cause of action.)  I seek equitable relif that Sweeten provide

14    my free copies of said appeal, even if Herbert refuses to lodge transmital.

15    Parties

16        I, Hung Ha, assert this claim against Pat  Sweetn and her deputy

17    clerks at the appeal unit of Superior Court in/for Alameda

18    County.

19

20    SJM

21        The U.S. Court has SMJ on the basis of 14th amendment (equal

22    protection, due process, priviliege and immunity pertaining a California

23    licensed lawyer) in connection with which 42 USC s.1993 provides

24    equitable remey, under 28 USC s.1331.

25    Statute of limitation

26        Only one had denial occurred over one year as of 7/23/07: Ha v. EDD,

27    in which denial occurred in March 2006.  But issue/controversy was

28    unripe then since appeal affecting vexatious litigant order was under way.

1    Cause of Action #__ : Claim #__

2                    Facts  (cont)

3        In each and every one of said appeals, the Clerk of Court

4    issued what purportedly order which stayed purortedly trial court's

5    preparation of records on appeal, including, of  course, the

6    preparation of Clerk's Transcript.

7        I was entitled to my free copy of Clerk's Transcript in each and

8    every one of aforesaid appeal.

9        Sweeten's deputies refused to do their job because I was not

10   paying them to prepare the Clerk's Transcripts.  So they asked Herbert

11   to order them not to prepare the record on appeal, in particular, and the

12   Clerk's Transcripts.

13       All the dismissals of my appeals are void.

14

15                    Reasons

16       Clerk of Court of Appeal has no authority under any statute

17   or ule of court"staying"  trial court's preparation of Clerk's

18   Transcript, to which the appellants are entitled, whether or not

19   they pay out of their pockets or have obtained order granting

20   application for waiver of Clerk's transcripts, transmittals, for

21   appeal.

22

23   discrimination without compelling state interest

24       The respondents discriminate  against me because of my indigent

25   status.  Sure, it is difficult to prepare the record on appeal, but

26   it is irrational to blame me where opposing counsels' misconduct

27   and/or judicial misconduct have made the appeal inevitable or necessary

28   for me to pursue.

p. 180

1    Cause of Action #__ : Claim #__

2    <u>Reliefs Soughts</u>

3         Equitable relief be granted so that Sweeten or her deputy

4    clerk provide to me free copy of aforesaid appeals, such as that of

5    Ha v. Harrison, et al, A116345.  (Of course, if I win my cases, they

6    will get reimbursement, so the copies of CTs are not really free.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Cause of Action # F : Claim # 1

2    Table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Cause of Action #1 : Claim #__

2    Nature of claim

3         Violation of 14th Am with respect to equal protection of law.
     Concise Statement of Claim
4         In the language of CCP s.391.7, the requirement that the new
     litigation "has merits" is unconstitutional insofar it ("has merits")
     means that the new litigation, such as a complaint, can survive a
5    demurrer without leave to amend or a motion to strike the entire
     pleading (e.g., complaint) without leave to amend, under the equal protection
6    scrutiny of the 14th Am.

7

8    parties
          Lead plaintiff Hung Ha and similarly situated class  members
9
10   assert this claim against McGuiness of first appealte court of appeal,

11   all district courts of appeal, and all counties' superior courts

12   throughout California.

13

14   jurisdictional basis

15        The district court of U.S. has jurisdiction on the basis of

16   42, USC s.1983 in connection with the equal protection clause of the 14th.

17

18   Relifs soughts

19        --injunctions

20        --declarative reliefs

21        --any other and any number of euqitable reliefs.

22

23

24   facts/reasons described

25

26

27

28

p. 183

1    Cause of Action #6 : Claim #1

2    Table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Cause of Action #___ : Claim #___

2   Statement of the Case

3       The Presiding Judge of San Francisco County Superior Court of

4   California and its Clerk of Court failed and have failed to file my

5   civil action, Ha v. Board        , which I presented for filing

6   on/about Nov. 15, 2005, and again resubmitted the complaint on/about

7   July 14, 2006, where I had shown that the vexatious litigant orders

8   are void on face of record, and my subsequent appeals in Ha v. Ross, et al,

9   2002074172 (Alameda 2002), A111966, A112095, A114018, A117819 (1st DCA)

10  demonstrate that said orders are void upon inspection of record and,

11  besides voidness, reversable upon appeal (where all of my notices

12  of appeal in those appeals of one single action were timely and sufficient

13  as filed on Sept. 29, 2005, Oct. 12, Dec. 2, and March 16 and 22, 2006).

14      This cause of action seeks not monetary damages, but merely

15  equitable reliefs to the effect that I, Hung Ha, am entitled to

16  have said complaint filed effective on and since Nov. 15, 2005.

17      (Please see Exh. #1, Nov. 1⁴, 2005 complaint.)                (E#1)

18  Parties

19  Petitioner Hung Ha, in my personal capacity, asserts this claim as to

20  the presiding judge of Superior Court of California in and for San

21  Francisco County, and its Clerk of Court.

22

23  Jurisdiction

24      This Court of U.S. has subject matter jurisdiction under 42 USC s.1983

25  in connection with 14th amendment (procedural and substantive due

26  process), 4th Amendment (unreasonable search and seizure), First Amend.

27  right to petition for redress of grievances, 14th amend as to

28  equal protection of law.

1    Cause of Action #__ : Claim #__

2    Nature of Claim

3        Violation of 14th Amendment (procedural and substantive), 4th Amend.,
     First Amendment (right to petition for redress of grievances).

4

5    Concise Statement of Claim

6        The Presiding Judge and Clerk of Court of Superior Court in and

7    for San Francisco have been illegally failing to file my case, H av. Bd.

8    presented on Nov. 14, 2005, in violation of aforesaid Amendments, while

9    they apparently have been waiting for the outcome of Ha v. Ross, et al,

10   2002074172 (Alameda), A111966/!112095, A114018, A117820) (1st DCA).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Cause of Action # H : Claim # 1

2    Table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Cause of Action # H : Claim #__

2  Statement of the Case

3      The Presiding Judge of San Francisco County Superior Court of

4  California and its Clerk of Court failed and have failed to file my

5  civil action, Ha v. Richman, et al, which I presented for filing

6  on/about Nov. 21, 2005, and again resubmitted the complaint on/about

7  July 14, 2006, where I had shown that the vexatious litigant orders

8  are void on face of record, and my subsequent appeals in Ha v. Ross, et al,

9  2002074172 (Alameda 2002), A111966, A112095, A114018, A117819 (1st DCA)

10  demonstrate that said orders are void upon inspection of record and,

11  besides voidness, reversable upon appeal (where all of my notices

12  of appeal in those appeals of one single action were timely and sufficient

13  as filed on Sept. 29, 2005, Oct. 12, Dec. 2, and March 16 and 22, 2006).

14      This cause of action seeks not monetary damages, but merely

15  equitable reliefs to the effect that I, Hung Ha, am entitled to

16  have said complaint filed effective on and since Nov. 21, 2005.

17      (Please see Exh. # 3, Nov. 21, 2005 complaint.)        (E# 3)

18  Parties

19  Petitioner Hung Ha, in my personal capacity, asserts this claim as to

20  the presiding judge of Superior Court of California in and for San

21  Francisco County, and its Clerk of Court.

22

23  Jurisdiction

24      This Court of U.S. has subject matter jurisdiction under 42 USC s.1983

25  in connection with 14th amendment (procedural and substantive due

26  process), 4th Amendment (unreasonable search and seizure), First Amend.

27  right to petition for redress of grievances, 14th amend as to

28  equal protection of law.

p. 188

1   Cause of Action #___ : Claim #___

2   <u>Nature of Claim</u>

3       Violation of 14th Amendment (procedural and substantive),  4th Amend.,
    First Amendment (right to petition for redress of grievances).

4

5   <u>Concise Statement of Claim</u>

6       The Presiding Judge and Clerk of Court of Superior Court in and

7   for San Francisco have been illegally failing to file my case, <u>Ha v. Richman</u>

8   presented on Nov. 21, 2005, in violation of aforesaid Amendments, while

9   they apparently have been waiting for the outcome of Ha v. Ross, et al,

10  2002074172 (Alameda), A111966/!112095, A114018, A117820) (1st DCA).

11

12

13

14

15              <u>Facts/Reasons Described</u>

16

17

18

19

20

21

22

23

24

25

26

27

28

p. 189

1    Cause of Action #$I$ : Claim # $1$

2    Table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Cause of Action #__ : Claim #__

2   Nature of Claim

3       Necessary consequence of the doctrine of absolute immunity as to
    judicial offiers and the holding that a judicial officer is absolutely
    immune from civil suit for damages regardless of malice, oppression,
4   curruption, as long as there is no entire absence of jurisdiction to act
    in a case in which the harmful act occurs.

5

6   Concise Statement of Claim

7       Unless Justice McGuiness et al voluntarily assumes the moral

8   obligation of paying off all or most of the debts that I owe to

9   credit card companies such as B of A and WaMu Bank), B of A

10  extinguishes all the obligation which it claims from me

11  in connection with my credit card account ending in 8025(with

12  file no. of 07316113 per Mr. Henry's Oct. 3, 2007 letter), where

13  Justice McGuiness et al prevent me from winning Ha v. Ross and Ha v. Harrison.

14  Parties

15      I, Hung Ha, assert this cause of action as to Bank of America's

16  credit card division.

17

18  SMJ

19      This U.S. Court has SMJ by reason of diversity of citizenship

20  and aggregated amount of exceeding $75,000.00.

21

22  Relief Sought

23      Said obligation be extinguished per Cal. CC sec. 1511, subpart 1,

24  and subpart 2 (STANDARD p.223 [civil], supra), or s.1521([id., p.224]),

25  or some federal law, unless decalrative relief be granted that Justice

26  McGuiness et al have a moral obligation to remedy their wrongdoing.

27  Facts/reasons Described

28

1    Cause of Action # J : Claim # 1

2    Table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Cause of Action # 1 : Claim #___

2   Nature of Claim

3       Necessary consequence of the doctrine of absolute immunity as to
    judicial offiers and the holding that a judicial officer is absolutely
    immune from civil suit for damages regardless of malice, oppression,
4   curruption, as long as there is no entire absence of jurisdiction to act
    in a case in which the harmful act occurs.

5

6   Concise Statement of Claim

7       NYU is obligated to extinguished all the debts that I owe to

8   it, in the amount of $ ___   (NDSL, scholarship of about $7000.00

9   for each of six semesters, and stipden of $400 per week for 52 weeks),

10  where Justice McGuiness et al prevent me from winning my cases,

11  Ha v. Ross, et al, 2002074172 (Alameda) and Ha v. Harrison, et al,

12  2002077102 (Alameda), whether or not I might have financial resources

13  from somewhere else with which to fulfill my financial obligation to

14  NYU School  of Law.

15

16  SMJ

17      This District Court has jurisdiction by reason of diversity and

18  aggregated amount of over $75,000.00.

19

20  Parties

21      I, Hung Ha, asser this cause of action affecting NYU or NYU

22  School of Law.

23

24  Reliefs Sought

25      Declarative relief be issued either that Justice McGuiness et al

26  pay the full amount of indebtedness to NYU School of Law, or it

27  extinghuished all aforesaid indebtedness.

28  Facts/reasons Described

p. 193

1    Cause of Action # K : Claim # 1

2    Table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Cause of Action # K : Claim #__

2    Nature of Claim/cause of action

3       This is Hung Ha's petition for a writ of prohibition in the
      form of an alternative writ directed to the U.S. Department of Justice
4    as to why Hung Ha may be declared free from prosecution of
      bank fraud in connection with his debts owed to Bank of America
5    on credit account the account number of which ends in 8025.

6    Concise Statement of COA

7       I, Hung Ha, seek a writ of prohibition in the form of alternative

8    writ directed to U.S. Department of Justice and B of A, prohibiting

9    them to prosecute me for the federal crime of bank fraud,

10   where I have accumulated over $110,00.00 on my B of A credit

11   card account (I have only one B of A credit account, though B of A

12   changed it several times in past  several years) and then ask the

13   bank to extinguish the entire balance that it claims owed by me.

14

15   Xartoes

16      I, Hung Ha, assert this cause of action as to U.S. Department

17   of Justice and B of A's credit card division/company.

18

19   SMJ

20      This court has jurisdiction on the basis of RICO and 18 USC s.1344

21   (bank fraud).

22   Reliefs Sought

23      Declarative relief be issued that Hung Ha has not been swindling

24   B of A.   Further, alternative writ be issued that my past conduct

25   will be no ground for B of A and U.S. Department to prosecute me for

26   felonies in connection with said balance which B of A claims owed by me.

27   Facts/Reasons Dewcribed

28   Justices of First Appellate Court of appeal and Alameda Superior court
     judges have been fraudulently destroying my causes of action, property.

p. 105

1    Cause of Action # _L_ : Claim # __

2    table of content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Cause of Action # _L_ : Claim # _l_

2   Nature of Claim

3       Necessary consequence of the doctrine of absolute immunity as to judicial offiers and the holding that a judicial officer is absolutely immune from civil suit for damages regardless of malice, oppression,

4   curruption,as long as there is no entire absence of jurisdiction to act in a case in which the harmful act occurs.

5

6   Concise Statement of Claim

7

    If Justices of the court of appeal and the Supreme Court of

8   California, officials of the Judicial Council of California act in

9   concert to frustrate my civil actions for damages in Ha v. Ross, et al,

10  2002074172 (Alameda Superior court) and Ha v. Harrison et al

11  2000277102 (Alameda), by taking advantage of the doctrine of

12  absolute immunity for judicial officers, then I should be relieved

13  of contractual obligation, if any, which the U.S. Department of

14  Education is authorized by federal law to enforce, and I would be

15  entitled to removal of restriction on my application for U.S. Passport.

16  Parties

17      Hung Ha asserts this claim as to U.S. Department of Education,

18  U.S. State Department (which issues U.S. Passports), the lenders whose

19  claims of Hung Ha's educational loans are enforced by the U.S.

20  Department of Education.

21

22  SMJ

23      Congress has enacted law that suspends statute of limitation on

24  education loans guaranteed by the U.S. government, and authorize the

25  U.S. Department of Education to put restriction on borrowers'

26  application for U.S. passports, which restrict is enforced by the

27  U.S. State Department (?).

28      This Court also has SMJ by reason of diversity of citizenship

1  Cause of Action #__ : Claim #__

2  and controversy over $75,000.00 either by the claims of the clients

3  of U.S. Department of Education alone, or by aggregated.

4      The lenders of my law school GSL (?) are citizens of other states

5  which are not California where I reside.

6

7  Reliefs Sought

8      The U.S. Department of Education and U.S. State Department

9  remove the restriction on my application for a U.S. passport,

10  unconditionally.

11      The U.S. Department of Education removes me from default list.

12      The lenders of GSL loans (guaranteed by U.S. Government)

13  extinguish entire amounts of their claims against me; these are

14  evidenced by promissory notes which I made when I was attending

15  college in California and NY).

16

17  Facts/Reasons Described

18                  facts

19      I am the plaintiff to Ha v. Ross, et al, 2002074172 (Alameda)

20  and Ha v. Harrison, et al, 2002077102 (Alameda).

21      My Ha v. Ross, et al/Ha v. Harrison, et al are really one action

22  which is split into two cases as purely a clerical, ministrative,

23  or administrative matters.  That superficial distinction helps me

24  avoid confusion about the different strands of develpment of the

25  same underlying,cause of action.

26      Said case seeks up to $50 million dollars in damges or what the

27  Court of California will consider fair, reasonable, equitable.

28      I estimate that the bottom line amount would be no less than one million.
    dollars.

p. 198

Cause of Action #__ : Claim #__

## Facts (cont)

Except one or two judges at the superior court of Alameda county, its judges deliberately rendered erroneous rulings, orders, judgments in favorof defendants and their lawyers, in both Ha v. Ross, et al, and Ha v. Harrison, et al. One can access the documents filed in those cases via internet at www.co.alameda.ca.us/courts. Take a look at orders issued in the name of Judge Richman, Judge Brick, Judge Lee, Judge Roesch, Judge Carvill. Not all the problematic judges were equally obvious. Some of their acts or omissions to act do not appear to be obviously problematic, but are part of the whole pattern of behavior. Judge Zika, by contrast, treats me fairly, with justice. Judge Ford was not perfect, but was willing to give me a fair hearing, but still Her Honor was under the prevailing influence of other judges and the research attorneys of, in particular, Department 31, and the Presiding Judge's department.

The worst jduges deliberately made void orders and void judgments of dismissal in favorof defendants, against me. So I took the matters to the court of appeal.

Justices of court of appeal for the first appellate district refuse to hear my appeal (plus two petitions for writs) on the merits. Instead, they get rid of my appeals on mere technicalities. In Ha v. Ross, et al, A111966/A112095, A114018, the justices are saying that my notice of appeal filed on Oct. 12, 2005 appealing July 1/2005 dismissal were untimely because it was not filed within 60 days of 7/1/05. I say it was timely because of rule 3 extension, and I filed timely and sufficient notice of appeal on Dec. 2, 2005 (defects are curable) and filed and refiled timely notice of appeal on March 16 and 22, 2006 incorporating Dec. 2, 2005 notice of appeal.

p. 109

1    Cause of Action #__ : Claim #__  facts (cont)

2        In Ha v. Harrison, et al, A116354, APJ McGuiness blocked my

3    appeal by use of CCP s.391.7.

4        In both cases, records show that defense counsels were

5    filing fraudulent motion papers, and there was connivance between

6    them and certain judges such as Judge Richman, Judge Brick,

7    Judge Roesch, Judge Carvill, Judge Lee. (Of course, to state

8    facts showing said connivance would take up a lot of space plus

9    my explanation.)

10       An example is the motion for order declaring me a vexatious

11   litigant, and Prefiling order, plus an order for security, being

12   made by and in the name of the Justice Department of California

13   on behalf of Judge Winton McKIbben, Judge Thomas Reardon, and

14   the State of California.   Taht motion was made in Ha v. Ross,

15   being file on Dec. 12, 2004 for hearing set for Jan. 20, 2005 at

16   200 p.m. before the Honorable Steven A. Brick.  Judge Richman

17   took the bench to hear the motion on Jan. 20, granted it, and,

18   on Jan. 24, executed the declarative order and prefiling order.

19   That was probably the most important event in the history of both

20   Ha v. Ross and Ha v. Harrison.  Those orders ensure that trial

21   court judges were free to made void rulings, orders, jdugments,

22   as appeals by me would be blocked by use of CCP s.391.7, except

23   that there was a loophole made by People v. Harrison.  . . .

24   Justices of division one closed that loophole by fraudulently

25   dismissing Ha v. Ross, A111966/A112095, by order dated Jan. 23, 2007.

26       I have submitted many papers to the trial court, court of

27   Appeal and the Supreme Court, describing very blatant "errors"

28   in the acts and failures to act by judges and those justices.

1   Cause of Action #__ : Claim #__

2                          Facts (cont)

3        There is a parallel development in the conflict between me

4   and judicial officers, in criminal litigation.  I was appealling

5   the judgment of conviction rendered in People v. Ha, 166802 (Alameda),

6   4529 (A-pp. Dept.)  Judgement was procounced on Jan. 9, 2002,

7   and on Sept. 7, 2006 (on which Judge Roesch entered or caused to be

8   entered final judgment against me in Ha v. Harrison et al), appellate

9   department mailed to me the record on appeal, which was NOT

10  paginated, and without phtocopies of photographs, some of which weere

11  vital to appeal, which could be easily zeroxed and enclosed with

12  the record on appeal in compliance with rules of court. There were

13  about a thousand pages in Clerk's Transcript and they are not paginated.

14  I had a few days given in which to write my OB.  How could one

15  possibly do that? No way.  A new Counsel would absolutely have no

16  idea of how  to write the appellant's OB.  Without copies of

17  exhibits, the appeal was doomed already.  I applied for extension

18  and I applied for order directing clerk of court to prepare a record

19  that would comply with the critical requirements of Judicial Council

20  of California.  You know aht happened?  Judge Burr, Presiding

21  Judge of the appellate Department, deliberately placed me in

22  the default of failing to submit OB by due day, when he denied

23  both applicaitons on Oct . 30, 2006, and directed Clerk not to

24  send to me notice of pending dismissal which would be required

25  by rule 190, and, instead, instructed Clerk  to prepare dismissal

26  order to be entered as soon as possible.  I got the message just

27  in time so I stayed up all night on Nov. 1-2, to write-  my OB from

28  scratch, from ground zero. I wrote it in 12 hours, and served it and
29  filed it by 12:20 p.m. the next day, Nov. 2, 2006. Still, Judge Burr

p. 20 (

Cause of Action #___ : Claim #___

1    ordered on apparently Nov. 17, 2006 dismissal of my appeal on the

2    ground that after rule 102(b) notice, my OB was not infile, where

3    my OB was in file as of Nov. 17 and beyond.  On Nov. 20,

4    2006, appellate department dismissed my appeal on the gorund

5    that my OB was not in file where it was actually in file.   I filed

6    motions, and they were not heard, or appeared to be denied.

7    REmittitur was issued on Dec. 20, 2006  So, that was the end of my

8    appeal in People v. Ha.

9        Well, one must know something about the Honorable Kenneth Mark

10   Burr.  He replaced the commissioner who was the inital case

11   management judge in Ha v. Rhoden, et al, 2002066008 (Alameda),

12   which was assinged to a department located in Rene C. Davidson

13   Courthouse.   He dismissed on Oct. 24, 2003 my case with prejudice.

14   I appealed dismissal, and judge Birck's orders denying my motions.

15   Divison one justices addressed a couple issues in my 200-page long

16   OB, and ignored the rest under the excuse that the rest were

17   without merits.  I petition to Supreme Court for review, which

18   denied my petition.

19       So that was the end of Ha v. Rhoden I.   That case throws light

20   on Judge Burr, as to what he is really thinking about my cases,

21   including People v. Ha.

22       The U.S. Supreme Court has ruled that unless judgment of

23   conviction is overturned, one who is convicted cannot sue under

24   42 USC s.1983.  Since Ha v. Alameda (petititon) was deneid by

25   Judge Richman (on June 11, 2003), Alameda county can be held

26   liable only under federal law.

27       Judge Burr's dismissal also profoundly affect in other ways

28   Ha v. Ross and Ha v. Harrison or, in particular, the question about

th                            p.  W2

1 Cause of Action #__ : Claim #__

2 nvalidty of Judge Richman's 1/24/05 declarative order and prefiling

3 order, because of Cal. Const. art. 1, sec. 28, and Cal. PC s.679 et

4 seq.  APJ McGuiness's actions plays with the inference that Hung Ha

5 must be lying in the trial of People v. Ha, because of his importance.

6  Let me turn to something else, as I am running short of time.

7  These judicial officers  have been making their blatant

8 "errors" because they know that under the doctrine of absolute

9 immunity for judicial officers and a fairly recent ruling that

10 unless there is clear absence of all jurisdiction, judicial

11 officers cannot be sued for money damages, reglardless of how

12 wrongful their judicial acts are.

13  The U.S. SUpreme Court has opened the Pandora's Box, and I

14 would have to do the best I can under the circumstances.  We would

15 have to live with the flood of evil or evil flying all around,

16 for a very long time to come. The constitutions and statutes are

17 no longer the same. They are abolished already by judicial branch.

18  As a result, I am deprived of my property over one million

19 dollars; one's causes of action for damages is one's property

20 within the protection of 14th Amendment.

21  As a result of the deprivation of my property without due process

22 of law, I am deprived of money with which I would have been able to

23 pay off my GSL which is enforced by U.S. Department of

24 Education.

25  The U.S. Government which creates the doctrine of absolute

26 immunity that destroys my right under tort law and constitutional law

27 would be obligated to terminates U.S. Department's authority to

28 enforce GSL loans against me.

1    Cause of Action # _M_ : Claim # _1_

2    Table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Cause of Action #_M_ : Claim #__

_Nature_     Violation of 18 USC sec. 1961 et seq.    Violation of s.1961(1)(A)
2    in connection with murder (attempted murder), kidnapping, bribery, which
     are chargeable under California law and punishable by imprisonment
3    for morethan one year, and (sec.1961(1)(B) in connection with
     18 USC s.1341 (mail fraud), s.1343 (wire fraud), s.1510 (obstruction
4    by bribery of criminal investigation), s.1512(a)(1) (attempt to
     kill), s.1512(b)(1), sec.1512(b)(2)(A), s.1512(b)(2)(B), s.1512(3)
5    s.1512(c)(1), sec.1512(c)(2), s.1512(c)(2), s.1512(c)(3), s.1512(c)(4),
     s.1513(a)(1), s.1513(a)(2), s.1952.

6
         s.1961(a)(A)
7            --attempted murder
             --kidnapping,
8            --bribery

9        s.1961(1)(B)
             --s.1341
10           --s.1343
             --s.1510
11           --s.1512(a)(1)
             --s.1512(b)(1)
12           --s.1512(b)(2)(A)
             --s.1512(b)(2)(B)
13           --s.1512(c)(4)
             --s.1513(a)(1)
14           --s.1513(a)(2),
             --s.1952
                         RE portion known as Ha v. Collom, et al, A114018
15
     McGuiness et al (Diana Herbert, Justice Stein of Division one at
16   first District Court of appeal, Justice Swager, Justice Margulies,
     Justice Marchiano, and others) have been blocking my appeals and
17   writ petitions of cases related to People v. Ha, 166802 (Alameda),
     4529 (App. Dept.), all of which are related to an event that occurred
18   on March 4, 2001 on the second floor of Dwinelle Hall onUC Berkeley,
     between about 6:45 p.m. and 7:00 p.m., blocking, in particular,
19   Ha v. Ross, et al, 2002074172 (Alameda) and Ha v. Harrison, et al,
     2002077102 (Alameda), in violation of RICO statutes of the U.S, as
20   will be set forth herein in detail... McGuiness, et al violated
     RICOin splitting portion of Ha v. Ross, et al to be separate one, A114018.
21   _Parties_
         Hung Ha asserts this claim against McGuiness, Stein, Swager,
22   Margulies, Marchiano

23

24   _Reliefs Sought_
             --injunction
25           --declarative reliefs
             --any typs of equitable reliefs and any number of them
26   (Reliefs sought will be set forth in greater detail hereinafter.)

27   _Facts/Reasons Described_
     Allegations/desciption in greater detain will be set forth hereinafter.)
28    (Note: I will apply for leave to amend this part.)

1    Cause of Action # N : Claim # 1

2    Table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Cause of Action #*N* : Claim #__

2    Nature of Claim

3        Enforcement of California criminal law

4

5    Concise Statement of cause of Action

6        Petitioner Hung Ha, individually and as representative of

7    Class E or Californians who expect society to be free and just under

8    secular law) seeks writ of mandate in the form of alternative

9    writ directing Jerry Brown, current Attorney General of California,

10    to initiate grand jury investigation of high crimes being

11    committed on widespread scale by high profile governmental

12    officials,in cluding judges of superior court, justice of court

13    of appeal, justices of the Supreme Court of California, the

14    district attonrey in and for Alameda County, attorneys in his own

15    Department of Justice, attonreys of law departments of

16    governmental entites (e.g., Alameda County, the University of Cali-

17    fornia).

18

19    Parties

20        Hung Ha, as an individual and as the representative of Class E,

21    asserts this cause of action as to respondent Jerry Brown, and the

22    real parties of interest include APJ McGuiness, Justice Stein, Justice

23    Swager, Justice Margulies, Justice Machinao, Supreme Court Justice Moreno,

24    Chief Justice Donald M. George, Judge McKibben, Judge Thomas Reardon,

25    Judge Kenneth Mark Burr, Judge James A. Richman, Judge Steven A.

26    Brick, Judge Roesch, Judge Wynne Carvill, Judge __ Lee, Judge William

27    McKinstry, Judge George Herandez, Thomas Orloff (District Attonrey),

28    Jeffrey Blair (General Counself [?] for UC), Richard E. Winnie (County

Cause of Action #___ : Claim #___

counsel), Patton Wolan & Boxer/Patton Wolan & Carlise, LL.P.

(law firm, at 1814 Franklin Street, ste 501 Oakland, CA 94612)

Amy W. Lo of Justice Department, Tyler B. Pon (of Justice Department),

research attorneys at Alameda Superior Court, research attorneys

forjustices involved in my cases, Mark Rhoden("officer"at UCPD),

Jason Collom (ofc), Sean Arans (ofc), Alex Yao (Sgt), William Cooper
(retired captain), Victoria Harrison (Chief, UCPD on UC Berkeley), et al.

Jurisdiction

The U.S. COurt has jurisdiction by reason of supplemental

jurisdiction, in connection with RICO statutes.


Relief Sought

Writ of mandate directing Jerry Brown to impanel grand jury

for investigation of high crimes that amount to treason and

coup by judicial branch of California government.



Facts/Reasons Described

(Blank for now)

1    Cause of Action # _0_ : Claim # _1_

2    <u>Table of Content</u>

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Cause of Action #2 : Claim # 1

2   Nature of COA

3      Enforcement of federal criminal statutes by U.S. Department of
Justice

4

5   Concise Statement of COA

6      Petitioner Hung Ha as an individual and as the representative

7   of Class E (Californians) and Class F (U.S. population) seeks a

8   writ of mandate in the form of alternative writ directing U.S.

9   Attorney General to begin investigation of California high

10  profile officials and others for possible com-ission of high crimes

11  and treason against the state of California and treason against

12  the U.S. government, and to impenal grand jury for indictment of

13  such persons.

14

15  Parties

16     I reallege the foregoing RE Jerry Brown, except substituting

17  U.S. Attorney General for California Attorney General.

18

19  Jurisdiction

20     This Court has jurisdiction on the basis of federal criminal
statutes such as RICO, ___   (treason).

21

22  Reliefs Sought

23     Writ of mandate in form of alternative writ, directing
U.S. Attorney General to begin investigation and impanel grand jury.

24

25  Allegations

26     My evidence consists of my cases filed in California State courts

27  since March 6, 2001 up to the present, plus my testimony.

28  Note: I will apply for leave to amend complaint and this part, and amend it.

1  Cause of Action # 0 : Claim # 1

2  Duty

3      The government has an affirmative duty to protect its citizens,

4  and to protect them from violent crimes and white collar crimes

5  which are carried out to cover up violent crimes.

6      The government has an affirmative duty to preserve our

7  constitutional form of government, against usurpation, treason,

8  soup which is being carried out by deception.

9      The U.S. Attorney   is authorized by 18 USC s.1864(b) to

10  enforce the RICO statutes.

11

12  no ther choice

13      Petitioner has no plain, speedy, and adequate remedy in the

14  ordinary course of law, other than the relief sought in this

15  petition, in that we don't have power to and/or resources to elimiante

16  directly these criminals, who hold positions of power throughout

17  the state government of California, and who control sheriff departments

18  and police departments throughout California.  We don't have the military

19  for support.  We have no chice but go to our federal governemnt,

20  which is supported by the U.S. Army.  The use of military as back up

21  if not in the first instance is necessary in dealing iwth high

22  crimes of  such magnitude as evidenced in the records ofmy

23  state court cases filed on and since March 6, 2001.

24  Irrepairable injuries

25      Unless the federal government takes appropriate to contain

26  abuse of power by powerful officials throughout California government,

27  I as an individual and I as Class E will continue to suffer

28  irreparable, serious injur.

p. 211

1    Injuries, Obligations, Indebtedness, Damages, Losses

2    Table of Content

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Indebtedness, obligation, injury, damages, losses

1

2   Drastic departure from

3       This described below, is the situation from which reality has

4   drastically departed from.  Under "normal" circumstances, the trial of

5   People v. Hung Ha, 166802 (Alameda 2001) would have acquitted me of all the

6   charges  (which were made by Mark Rhoden, Jason Collom and, to a less

7   extent Sgt. Alex Yao [see, e.g., his handwritten arrest/crime report

8   dated March 4, 2001, not the typewritten one dated March 5, 2001], and then

9   I would have successfully prosecuted a civil action against them and others.

10      That, above, would be the end of the violent felonies and

11  lesser crimes which Rhoden and Collom committed against me on

12  March 4, 2001, Sunday, and their attempt to cover up their crimes by

13  fabricating totally false charges against me.

14      I allege that trial records show clearly that I was the

15  prevailing party and the judgment of conviction is a thoroughly

16  fraudulent document within the scope of Gov. C. s.6200, Cal. PC s.134

17  (see also PC s.153 [compounding and concealing crimes]).

18

19

20

21

22

23

24

25

26

27

28

Indebtedness, obligation, injury, damages, losse

Since Sgt. Alex Yao declined my request that he order release of me at about 7:05 p.m. (approx.) and left it up to Rhoden and Collom to decide whether I would be released upon the scene without charges, on 3/4/01, a deadly misfortune has fallen upon me, except that its deadly effect is alleviated when I chanced to meet two or three persons, whose  assistance, though apparently trivial, has enabled me to have an income and an office of my own.  In this open-ended period that has already lasted over 6½ years, I have experienced every day extreme mental, emotion-al, physical stress.  (Example: while I have been losing a lot of hair, the hair on my temples have turned mostly white in this period, in which I have continuously working through legal problems in my cases relating to the aforesaid event of March 4, 2001.)

As my credit cards are running up to their maximum credit line, and as others' generosity is running to its natural end, I face imminent fall back into a deadly trap.

Unless Justice McGuiness et al are stopped, they are stretching the aforesaid period of deadly misfortune beyond the 6½ years, beyond, possibly through the rest of my life, and subject-ing me to the reasonable p ossibility that increased exposure to dangers will successfully kill me (if they have not yet doomed me to extinction).  A truth of the matter is that life is fragile, like a chicken egg.  Place it in one's palm and close palm into a fist, to see what will happen to the eggshell, which might be too thin

To the extent that the federal court has subject matter jurisdi-ction to fashion any equitable remedy, the Court should stop Justices McGuiness et al. My skull fortunately survived the smashing by Rhoden and Collom on March 4, 2001 between about 6:50 p.m. and 7:00 p.m.; should the thin skull of my life be smashed by Justice Mcguiness et al?

p. 214

Indebtedness, obligation, injury, damages, losses

## Pre-existing conditions

When APJ McGuiness et al have been blocking my writ petitions and appeals, they have been aggravating pre-existing conditions, which may be broken down to several periods indicated below.

--on and since May 15,1993;

--on and since March 13, 1993;

--on and since about 7:00 p.m. March 4, 2001, Sunday;

--on and since January 4, 2002;

--on and since January 24, 2005.

Indebtedness, obligation, injury, damages, losses

1

## Destructiveness of McGuiness

2

3    This, which is described below, is the possibility that

4    McGuiness et al have destroyed:  once the fraudulent judgment of

5    conviction in People v. Ha has been overturned/voided, and once the

6    fraudulent order "declaring me a "vexatious litigant" subject to

7    a Prefiling order is voided or reversed, I owuld be able to tell

8    my former employer, an excellent supermarket, that I was victimized

9    by governmental employees abusing the enormous power of their positions,

10   or, in the alternative, explain to a new employer, which is

11   another supermarket (e.g., Wholefood, Trader Joe, Andronical, so forth),

12   why I left Berkeley Bowl Marketplace and what I have  been doing  between

13   my last employment (at Berkeley Bowl) and the time of application

14   for employment with thenew,prospective employer.  Judicial record

15   that establishes aforesaid victimization would be absolutely

16   necessary for me to get back to the normal life.

17       Think of that in light of a fundamental justification of tort

18   law: to make the vicitm whole again.

19       That, above, is one perspective from which to look at the

20   harmfulness of the misconduct of McGuiness, et al.

21

22

23

24

25

26

27

28

Indebtedness, obligation, injury, damages, losses

## Destructiveness of McGuiness, et al

The misconduct of McGuiness et al forecloses a new possibility that a possitive development would become possible in connection with a career at Nuew York City Housing Authority.  Suppose that the fraudulent order declaring Hung Ha a vexatious litigant and the Prefiling Order executed on Jan. 24, 2005 in Ha v. Ross, et al, 2002074172 (Alameda) are voided or reversed, and suppose that the judgmen of conviction in People v. Ha is voided or reversed, I would be able to initiate <u>properly</u>  legal action, perhaps with the federal court, for a declarative judgment or some other types of equitable relief, on the basis that I allege that there was an employment contract between NYCHA and me that after I graduated from NYU Schhol of Law, my professional career as a lawyer would began there. Suppose also that <u>Ha v. Ross</u> and <u>Ha v. Harrison</u> proceed to trial, and that I win in both: I ask NYCHA to give my job back.

To be realistic, that possibility described above is not going to materialize when these people invent these fraudulent documents showing/evidencing that Hung Ha is an ex-convict and on top of that, a " vexatious litigant".  If those court documents were not fraudulent, what would judges of federal court think of me when I filed a lawsuit claiming that I was entitled to equitable reliefs on the basis of an enforceable contract with NYCHA?

Indebtedness, obligation, injury, damages, losses

1

lawsuit debts
Judgments rendered in favor of defendants in Ha v. Ross, 2002074172, and

2

3  Ha v. Harrison, 2002077102 are source of my debts.

4          Potential lawsuits by defendants to above two actions against

5  me (defamation, lalicious prosecution) are potential sources of my would-

6  be debts.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Indebtedness, obligation, injury, damages, losses

1   Credit card debts;

2       I have two credit cards: (1) Bank of America, and (2) Washington

3   Mutual.   I have accumulated on these cards about $15,000.00

4   which is increasing, primarily because of my litigation costs

5   incurred in prosecuting appeal of People v. Ha, 166802 , and my

6   related civil rights action (Ha v. Rhoden I, Ha v. Rhoden II,

7   Ha v. Fry, Ha v. Aranas, Ha v. Kochis, Ha v. Ross, Ha v. Alameda

8   [petition for relief from procedure in connection with Ha v. Ross],

9   Ha v. Harrison)

10       Before March 4, 2001, 6:45 p.m. approximately, I did not

11   forsee such debts, and as of that time, I had a savings account with

12   B of A.  By the time I left my part-time employment at Berkeley

13   Bowl Marketplace in July 2002 in order to defend myself in

14   People v. Ha, I had about $3,000 savings: balance in account and a

15   forthcoming paycheck. It is relevant to note the fact that I had

16   been trying to get a comparable job at a unionized market before

17   March 4, 2001, since employment at Berkeley Bowl Market was "at-will"

18   and part-time employment there did not have the fringe benefits

19   that are available at unionized supermarkets. I was and have been

20   an inactive member of AFL-CIO at local 6__ (Mission STreet, near

21   16th St. in SF, CA [my records are not computerized records, but

22   they are there, except that Union might not be able to find my

23   record of inactive status).

24       When I quitted my job at Berkeley Bowl on July 9, 2001, I had

25   oral promise from employer that when I came back for employment,

26   they would employ me, depending on what positions were opening.

27   That oral promise became written when they told EDD about it (Employment

28   Development Department of California).  So, those debts would not have

29   happened if . . . .   p. 219

30

1  <u>Indebtedness, obligation, injury, damages, losses</u>

2  <u>Destruction of a career as interpretor/translator</u>

3      In the current situation, I face insurmountable problem when

4  I am thinking about developing a career as a litigaiton interpretor

5  and translator, and a career as a translator of legal texts.  I know

6  English well, and I can acquire a mastery of my native language, Chinese.

7  I have a good foundation in the Chinese Language, and I will be

8  able to build on that basis.

9      I am trained to know the law. I'ms an inactive member of Cal. bar.

10      Thus, I am able to build a business in legal interpreation

11  and translation, although I don't have a license to be a courtroom

12  interpretor.  Generally, a courtroom interpretor is not a lawyer,

13  nor an English major.  I am both.

14      To be successful, or even to began an attmept in having such a

15  career, one must have a clean record.  For example, Superior Court

16  of California in and for Alameda County requires that its courtroom

17  interpretors not having a misdemeanor conviction.  I was charged

18  with felony assault and battery on peace officer Jason Collom

19  with very serious injry to his right hand knuckles (is he right-

20  handed or left handed?), and was "convicted" of misdemanor assault/battery

21  without inury (since illegal detention precludes, as matter of law,

22  felony assault and battery).

23      Now, as court records evidence, Hung Ha is a convict of all the

24  misdeanor charges in People v. Ha, 166902 (Alameda) and because

25  he has filed multiple lawsuits related to matters of People v. Ha,

26  has been found even by Court of Appeal to be a "vexatious litigant";
by the very same superior court of Alameda and

27  note that Supreme Court of California has rejected Hung Ha's multiple

28  petitions for review in said cases.

29  So much for my business! It is dead in the beginning!

p.
220

Indebtedness, obligation, injury, damages, losses

Breakdown of relation (with individuals and society)

Indebtedness, obligation, injury, damages, losses

1

2                        injury

3        This is a peculiar type of injury: infliction of injry by way of

4   the wrongdoer's successfully projecting a positive, wonderful image

5   of himself/herself/itself.  Judges, Justices, so forth ahve a

6   great image with the public.  They project a wonder image about

7   themselves.  One looks at their case reporters, bar journals,

8   so forth, and one becomes convinced about how nice, wonderful people

9   they are.

10        What is real history, aside from bookish history?

11        Quite different, even the opposite.

12        Yet, the positive image raise the inference or assumption

13   that their conclusions (without disclosing substance) against me

14   were correct.  Thereby inflicting grievous injury upon me.

15

16               injury   RE People v. Ha

17        When this great man Presiding Justice claims in 13 instances and

18   on and on upon future occassions that Hung Ha were a vexatious litigant

19   and all his appeals and petitions for writs could not even show a reasonable

20   possibility of merits, what do people think of the judgmetn of

21   conviction against me in Peopl ev. Ha?  They would assume or infer that

22   Hung Ha was properly convicted of all charges at a jury trial, by

23   Hung Ha's own peers in Alameda County.

24        In truth, that is absolutely non-sense.  Nonetheless,

25   injury is being done, via deception, manipulation of the mind.

26

27

28

Reliefs Sought

Table of Content

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ha v. McGuiness, et al, C07-037777 SBA

1                           Verification

2    I am the Plaintiff/Petition or lead plaintiff/petitioner to this

3    action.  I have drafted and put togather this pleading, so I know

4    its content.  The statements of facts which are within my direct

5    , personal knowledge are true.   My statements of facts based on

6    information and inferences are true to the best of my knowledge

7    as of this time.

8    UNDER PENALTY OF PERJURY I declare the the foregoing is true and

9    correct, on the date of Nov.26, 2007, in Berkeley City, Alameda

10   County, California State, U.S.A.

11

12   _Hung Ha_ (signature)

13   Hung Ha

14   Plaintiff/Petition in Pro Per

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    <u>Index to Exhibits</u>

2    #0   p.226  (attached)

3    1    p 51     (not available at this time, Nov. 26, 2007, Monday)
     2    51
4    3    52:Line 7
     4    52
5    5 to 17  p.86
     18   90: 4
6    19   132:9
     20   148:18
7    22   149:23
     21   150:6
8    23   153:24

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

     Note: I will apply for leave to attach exhibits later.
25

26

27

28

                                        p. 225

Exhibit # ∅
(first appearing in text of pleading at p.___ : Line _____)

226

lant or defendants as to whom the
etermined.
Ref.: W. C.... .., "Actions" §§341, 342.

... while acting in propria persona,
... 's motions, pleadings, or other
... .iscovery, or engages in other
... us or solely intended to cause

... been declared to be a vexatious
... ederal court of record in any action
... n the same or substantially similar
... currence.

... an undertaking to assure payment,
... enefit the undertaking is required
... ne party's reasonable expenses,
... s and not limited to taxable costs,
... ction with a litigation instituted,
... d, or maintained or caused to be
... ous litigant.

... ns the person who commences,
... a litigation or causes it to be com-
... naintained, including an attorney
... a persona.

... ans a person (including corpora-
... ership and firm or governmental
... litigation is brought or maintained
... t or maintained. Leg.H. 1963 ch.
... 990 ch. 621, 1994 ch. 587.

... Pr., Ch. 174, "Costs and Attorney's
... .ctions" §§339–343; W. Cal. Sum.,
... 4; Rutter Civ. P. Before Trial, 1:914

**Require Security.**

... .ding in any court of this state, at
... grnent is entered, a defendant may
... e hearing, for an order
... .urnish security. The motion must
... .nd, and supported by a showing,
... .exatious litigant and that there is
... .bility that he will prevail in the
... .oving defendant. Leg.H. 1963 ch.
... 990 ch. 621.

... Pr., Ch. 174, "Costs and Attorney's
... .ions" §§341, 342.

**Furnish Security—
... .ount.**

... .vidence upon the motion, the court
... .ntiff is a vexatious litigant and that
... . probability that the plaintiff will
... .against the moving defendant, the
... .laintiff to furnish, for the benefit
... .ant, security in such amount and
... .e court shall fix. Leg.H. 1963 ch.

### §391.4.  Dismissal If Security Not Furnished.

When security that has been ordered furnished is not
furnished as ordered, the litigation shall be dismissed as
to the defendant for whose benefit it was ordered fur-
nished. Leg.H. 1963 ch. 1471.

Ref.: Cal. Fms Pl. & Pr., Ch. 174, "Costs and Attorney's
Fees"; W. Cal. Pro., "Actions" §§341, 342.

### §391.6.  Motion Stays Litigation.

When a motion pursuant to Section 391.1 is filed prior
to trial the litigation is stayed, and the moving defendant
need not plead, until 10 days after the motion shall have
been denied, or if granted, until 10 days after the required
security has been furnished and the moving defendant
given written notice thereof. When a motion pursuant to
Section 391.1 is made at any time thereafter, the litigation
shall be stayed for such period after the denial of the
motion or the furnishing of the required security as the
court shall determine. Leg.H. 1963 ch. 1471, 1975 ch.
381.

Ref.: W. Cal. Pro., "Actions" §§341, 342.

### §391.7.  Motion to Prohibit Filing of New Litigation.

(a) In addition to any other relief provided in this title,
the court may, on its own motion or the motion of any
party, enter a prefiling order which prohibits a vexatious
litigant from filing any new litigation in the courts of this
state in propria persona without first obtaining leave of
the presiding judge of the court where the litigation is
proposed to be filed. Disobedience of the order by a
vexatious litigant may be punished as a contempt of court.

(b) The presiding judge shall permit the filing of that
litigation only if it appears that the litigation has merit
and has not been filed for the purposes of harassment or
delay. The presiding judge may condition the filing of the
litigation upon the furnishing of security for the benefit
of the defendants as provided in Section 391.3.

(c) The clerk may not file any litigation presented by
a vexatious litigant subject to a prefiling order unless the
vexatious litigant first obtains an order from the presiding
judge permitting the filing. If the clerk mistakenly files
the litigation without the order, any party may file with
the clerk and serve on the plaintiff and other parties a
notice stating that the plaintiff is a vexatious litigant
subject to a prefiling order as set forth in subdivision (a).
The filing of the notice shall automatically stay the
litigation. The litigation shall be automatically dismissed
unless the plaintiff within 10 days of the filing of that
notice obtains an order from the presiding judge permit-
ting the filing of the litigation as set forth in subdivision
(b). If the presiding judge issues an order permitting the
filing, the stay of the litigation shall remain in effect, and
the defendants need not plead, until 10 days after the
defendants are served with a copy of the order.

(d) For purposes of this section, "litigation" includes
any petition, application, or motion other than a discovery
motion, in a proceeding under the Family Code or Probate
Code, for any order.

(e) The clerk of the court shall provide the Judicial
Council a copy of any prefiling orders issued pursuant to

... .ion (a). The Judicial Council shall maintain a
recor... of vexatious litigants subject to those prefiling
orders and shall annually disseminate a list of those
persons to the clerks of the courts of this state. Leg.H.
1990 ch. 621, 2002 ch. 1118 (AB 1938).

Ref.: Cal. Fms Pl. & Pr., Ch. 573, "Vexatious Litigants."

# TITLE 4

# OF THE PLACE OF TRIAL, RECLASSIFICATION, AND COORDINATION OF CIVIL ACTIONS

Chap. 1. Place of Trial. §§392-403.
Chap. 2. Reclassification of Civil Actions and Proceedings.
§§403.010-403.090.
Chap. 3. Coordination. §§404-404.9.

# CHAPTER 1
# PLACE OF TRIAL

Situs of subject matter. §392.
Where cause of action arose. §393.
Action against county or consolidation. §394.
Residence of defendant—Improper joinder to fix venue—
Dissolution or nullity of marriage—Contracts. §395.
Venue of action against executors, etc. §395.1.
Unincorporated association—Proper venue. §395.2.
Venue for corporations or associations. §395.5.
Transfer of action—Court lacks subject matter jurisdiction.
§396.
Venue requirements in actions involving installment or
automotive sales, consumer obligations, or unlawful de-
tainer. §396a.
Wrong venue—Transfer to appropriate court. §396b.
Change of venue—General grounds. §397.
Family Law proceeding—Both parties moved from county
rendering order. §397.5.
Designation of place of change. §398.
Order changing, transfer of pleadings and papers. §399.
Petition for writ of mandate. §400.
Actions against State, its officers, etc. may be commenced—
Where. §401.
Powers of superior court to specify venue by local rules. §402.
Motion to transfer action for coordination. §403.

### §392.  Situs of Subject Matter.

(a) Subject to the power of the court to transfer actions
and proceedings as provided in this title, the superior court
in the county where the real property that is the subject
of the action, or some part thereof, is situated, is the proper
court for the trial of the following actions:

(1) For the recovery of real property, or of an estate
or interest therein, or for the determination in any form,
of that right or interest, and for injuries to real property.

(2) For the foreclosure of all liens and mortgages on
real property.

(b) In the court designated as the proper court in subdi-
vision (a), the proper court location for trial of a proceed-
ing for an unlawful detainer, as defined in Section 1161,
is the location where the court tries that type of proceeding
that is nearest or most accessible to where the real property
that is the subject of the action, or some part thereof, is
situated. Otherwise any location of the superior court
designated as the proper court in subdivision (a) is a