**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

HUNG HA,

        Plaintiff,

  v.

WILLIAM E. MCGUINESS, et al.,

        Defendants.

No. C 07-3777 SBA

**ORDER**
[Docket No. 10]

This matter comes before the Court on plaintiff Hung Ha's second Application to Proceed *In Forma Pauperis* [Docket No. 10]. For the following reasons, the Court denies Ha's application, and dismisses the amended complaint, this time with prejudice.

## **BACKGROUND**

Plaintiff filed his initial *In Forma Pauperis* application on July 23, 2007. Docket No. 2. On October 24, 2007, the Court denied the application, holding that, to the extent the Court was able to discern any intelligible allegations within the complaint, the complaint failed to state a claim. Specifically, the Court noted that to the extent that Ha was seeking review of a prefiling order of the California Court of Appeal denying Ha's request to file an appeal in a state court lawsuit because he has been declared a vexatious litigant, such review was precluded in that Federal district courts may not exercise appellate jurisdiction over state court judgments. *See Worldwide Church of God v. McNair*, 805 F2d 888, 890-891 (9th Cir. 1986). Further, the Court noted that to the extent Ha was seeking that this Court declare the California Vexatious Litigant Statute, California Code of Civil Procedure §§ 391 *et seq.*, unconstitutional insofar as it encompasses appeals, this Court had previously analyzed this issue in depth and determined that it is not unconstitutional. *See Wolfe v. George*, 385 F.Supp.2d 1004, 1014 (N.D. Cal. 2005) (Armstrong, J.) (California Vexatious Litigant Statute does not violate the First, Fifth, Eighth or Fourteenth Amendments). The Court denied the application and dismissed the complaint, both without prejudice, and allowed Ha 30 days to file an amended complaint that "specifically sets forth each cause of action that Ha seeks to bring against each defendant and factual allegations sufficient to support each cause of action." *See* Docket No. 6.

1    On November 26, 2007 – after the 30-day period for which Ha had been granted leave to file an
2    amended complaint had lapsed – Ha filed his second Application to Proceed *In Forma Pauperis*, and
3    also filed a *224-page* amended complaint.

## **LEGAL STANDARD**

The benefit of proceeding *in forma pauperis* is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1121, 1231 (9th Cir. 1984). Pursuant to 28 U.S.C. § 1915(a)(1), "[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, the statute also authorizes the district court to dismiss a claim filed *in forma pauperis* "at any time" if the Court determines that: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

*Pro se* pleadings must be liberally construed. *Balisteri v. Pacifica Police Depot*, 901 F.2d 696, 699 (9th Cir. 1988). However, when reviewing a complaint the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("conclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim"); *Sprewell v. Golden State Warriors*, 266 F.3d 1187 (9th Cir. 2001); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim"). Leave to amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 659 (9th Cir. 1992). But if a plaintiff's complaint is found to be deficient and an amendment could possibly cure the deficiency, the complaint must be dismissed with leave to amend. *See Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

**ANALYSIS**

As an initial matter, the Court notes that Ha's amended complaint was filed 2 days after the 30 day period in which he had been granted leave to file the amended complaint had lapsed, and therefore the application can be denied on those grounds alone. *See Robert v. First Hawaiian Bank*, 1999 WL 109963, *1 (9th Cir. 1999) (finding no abuse of discretion in district court's dismissal of *pro se* plaintiff's claims where plaintiff failed to file an amended complaint within the prescribed 30-day period). Second, the Court notes that Ha's 224 page complaint runs afoul – egregiously afoul – of Federal Rule of Civil Procedure 8(a)'s requirement that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and can be dismissed on those grounds. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (finding no abuse of discretion in district court's dismissal pursuant to Rule 8, with prejudice, of an amended complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant."); Fed. R. Civ. P. 8(a).

However, even upon reviewing Ha's exceedingly prolix amended complaint, the Court determines that, to the extent it contains any intelligible allegations at all,[1] the amended complaint fails to state a claim upon which relief can be granted. Ha again requests that the Court review a prefiling order of the California Court of Appeal denying Ha's request to file an appeal in a state court lawsuit because he has been declared a vexatious litigant, which the Court cannot do, and again requests that this Court declare the California Vexatious Litigant Statute, California Code of Civil Procedure §§ 391 *et seq*.,unconstitutional insofar as it encompasses appeals, which this Court has previously declined to do. *See Wolfe*, 385 F. Supp. 2d 1004.

The amended complaint adds nothing to the original complaint that provides any further cogency or clarity to Ha's previous claims. The District Court is statutorily directed to dismiss a claim filed *in forma pauperis* if the Court determines that the action fails to state a claim. *See* 28 U.S.C. § 1915(e)(2).

---

[1] Ha's rambling, often incoherent amended complaint is even less cogent than its predecessor. For example, this time around it adds discussions related to, *inter alia*, "coup/treason" and "impenetrable armor," and also appears, about halfway through, to contain a brief requesting class certification.

1  Consequently, the Court concludes that Ha's amended complaint fails to state a claim, and is dismissed,
2  this time with prejudice.

### **CONCLUSION**

4      IT IS HEREBY ORDERED THAT Ha's second Application to Proceed *In Forma Pauperis*
5  [Docket No. 10] is DENIED. Ha's amended complaint is DISMISSED, this time WITH PREJUDICE.
6  The Clerk shall close the file and terminate any pending matters.

7      IT IS SO ORDERED.

9  Date:  2/26/08

                    Saundra B Armstrong
                    Saundra Brown Armstrong
10                     United States District Judge

4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

HUNG HA,

        Plaintiff,

  v.

WILLIAM E. MCGUINESS et al,

        Defendant.
                                              /

Case Number: CV07-03777 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 26, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Hung Ha
P.O. Box 367
Berkeley, CA 94701-0367

Dated: February 26, 2008

                                      Richard W. Wieking, Clerk
                                      By: LISA R CLARK, Deputy Clerk

5