Hung Ha
P. O. box 367
Berkeley, CA 94701-0367
1   E-mail address: jamesha@planet-save.com
    Plaintiff/Petitioner in Pro Per
2   Date: March 7, 2008; Fri.

FILED
MAR - 7 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

3   _____

4   UNITED STATES DISTRICT COURT

5   IN AND FOR THE DISTRICT OF NORTHERN CALIFORNIA

6   _____

7   HUNG HA
            Plaintiff/Petitioner           Case No.: C07-03777   SBA
8
            vs.                            EX PARTE MOTION FOR ORDER SETTING
9                                          ASIDE JUDGMENT OF DISMISSAL TO THE
    WILLIAM E. MCGUINESS, DIANA HERBERT,   EXTENT THAT IT IS VOID, AND
10  STATE OF CALIFORNIA, et al,            VACATING TO THE EXTENT THAT IT
            Defendants/respondents         IS MERELY VOIDABLE, AND
11                                         MODIFYING THE REMAINDER WHERE
    _____/      APPROPRIATE; MEMO OF POINTS
12                                         AND AUTHORITIES IN SUPPORT
                                           THEREOF
13

14  NOTICE TO OTHER PARTIES

15      Since complaint has not been served, and since no one else

16  other than me,Plaintiff/petitioner, has appeared in this action,

17  notice is not required by due process of the 5th and 14th Amendments.

18

19  Motion

20          I, Plaintiff/petitioner, respectfully move the court for an

21  order setting aside judgment of dismissal issued/filed on Feb. 26,

22  2008 to the extent that it is void, and/or vacating it to the

23  extent that it is merely voidable, and modifying the remainder of

24  judgment to the extent that it is appropriate to do so.

25  Authorization

26          This motion is authorized per FRCP rule 60(b), particularly

27  subpart (4) ½void judgment), and (6).

28  Basis   This motion is based on this notice, accompanying memo, and other
        documents in the case file, and additional materials which the court permits.

MOTION TO SET ASIDE, VACATE, MODIFY JUDGMENT OF DISMISSAL WITH PREJUDICE

Grounds

This motion is made on the following grounds:

I.  my amended complaint could not possibly be said untimely in any fatal sense. p.2 - p 3

II.  Judgment is plainly incorrect in finding that my amended complaint failed totally to improve the original complaint. p 4-8

III. THE FINDING THAT MY COMPLAINT ATTACKS THE CONSTITUTIONALITY OF CCP s.391.7 IS PLAINLY INCORRECT. P 9

IV.  OPINION OF JUDGE CONTAINS TOO LITTLE ANALYSIS TO MEET DUE PROCESS REQUIREMENT. p 10

V.  JUDGE DID NOT GIVE ME NOTICE OF COURT'S MOTION TO DISMISS WITH PREJUDICE. p 11

VI. THERE IS NO EFFECTIVE COMPLAINT TO BE DISMISSED WITH PREJUDICE. p 12

VII.  ROOKER-FELDMAN DOCTRINE IS INAPPLICABLE IN THIS CASE. p.13

VIII.  JUDGMENT IS UNCONSCIENABLE. P. 15 (not developed)

1   Table of Content
2   introduction          p. 0
3   statement of facts  p.1
4   ground I  p.2
5   ground II  p 4
6          III  p 9
7          IV  p 10
8          V.  p 11
9          VI  p . 12
10         VII  p 13 to p.15
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Introduction

Federal government has duty to protect its citizens. This duty is heightened where citizens are being thrown into the "snake's pit." Archie v. City of Racine, 847 F.2d 1211 (7th C. 1988). See, e.g., US v. Cruikshank et al, 92 US 542, 549 (1875).

It has been held by U.S. Supreme Court that the federal government has a duty to protect citizens from illegal actions of local and sate officials.

I come to the federal court for assistance to get out of a snake pit.

1        MEMORANDUM OF POINTS AND AUTHORITIES

2   <u>Statement of facts</u>

3        My occupation is that of a day laborer. On Sept. 12, 2007,
4   I submitted a fee waiver application and a proposed complaint for
5   filing.
6        On Oct. 19, 2007, I submitted to court a request to slow down
7   pace of litigation.
8        On Oct. 24, 2007, an order was filed, and mailed to me
9   on that Oct. 24. Order denying IFP application, with leave to amend
10  complaint, in 30 days.
11       In October, there are 31 days, rather than 30 days.
12       On Nov. 13, 2007, I submitted wirtten request to court
13  for order to extend by two weeks, or more as further as Jan. 31,
14  2008. My said application also incidates my understanding that the
15  30 day period of order commenced running on not earlier than
16  Oct. 25. up to Nov. 23, 2007.
17       In the declaration contained hereinafter, I called the
18  Clerk of the Judge on Oct. 19, Monday, 2007, to inquire about the
19  due date of my amended complaint; I was waiting for order on my
20  application for extension up to Oct. 21, Tuesday; I came to the
21  court on Friday Oct. 23, 2007 to file a document.
         Nov. 22 to 25, 2007 was Thanksgiving holidays, which courts observed.
22       On Nov. 26, Monday, 2007, I submitted my amended complaint,
23  and it obviously appeared to be much incomplete.
24       On Feb. 26, 2008, an order was filed; it denies my second IFP
25  application, and it dismissed my complaint with prejudice. There was
26  no prior notice of hearing on court's motion to dismiss with prejudice.
27       I respectfully file this motion ex parte, for order to pay
28  filing fee of my complaint, setting aside dismissal.

---

p.$^1$

memo in support of motion ex parte for order to

1  I.  TO THE EXTENT THAT ORDER AT ISSUE DISMISSES COMPLAINT ON GROUND
2      OF UNTIMELINESS, IT IS VOID ON GROUND THAT MY AMENDED COMPLAINT
       COULD NOT POSSIBLY BE SAID UNTIMELY IN ANY FATAL SENSE.

3  The issue is whether my amended complaint may be dismissed on
4  ground that it was untimely.
5      Answer: no. There was certainly substantial compliance with
6  the Judge's Order that initial complaint be amended in 30 days, and
7  probably the compliance was complete, where Order granting leave to
8  amend was filed on Oct. 24 and mailed to me on that date, 2008, where
9  the court observe the Thanksgive holiday of Nov. 22 to 23 plus weekend, and
10 where amended complaint was submitted on Nov. 26, 2008.
11     I assume, in addition, there rule __ applied to extend by three
12 days the period beginning from Oct. 22 or Oct. 25, where Order is
13 served by mail (to an address within California).
14     Here are some important facts, given that the order purports
15 to be signed on Oct. 22, 2007.
16 1)  The said order at issue was filed on Oct. 24, 2007, not on
17 Oct. 22, 2007; it was maled on that same date to me.
18 2)  there was a long weekend holiday period, from Nov. 22 to 25.
19 Courts closed on Nov. 23, Friday.
20 3)  On Nov. 13, 2007, I (respectfully) submitted a written
21 application for an extension of time amending complaint, in addition
22 to a previous request that the court slows the pace (filed on Oct. 19, 2007).
23 My Nov. 13, 2007 application indicates my understanding that the 30
24 day period starteded running on Oct. 25 and expired on Nov. 23, and
25 indicated that on Nov. 23, I might submit an incomplete version of
26 my revised complaint unless the court would extend the deadline.
27 4)  On Nov. 19, Monday, I called Clerk of Judge's, Ms. Clark, and
28 inquired about the latest due date for my projected amended complaint,

1  5)   On Nov. 23, 2007, I arrivaed at courthouse at about 4:45 p.m.,
2  trying to file a document.
3  6)   As submitted to the court on Nov. 26, Monday, my amended
4  complaint is quite thick (over 200 pages). It appears to be incomplete
5  to a great extent; I state for the record that the amended version
6  is much incomplete. It is probably beyond dispute that this
7  amended complaint must take a lot of time to write and it will take
8  a lot of time to revise. ( respectfully disagree with Judge's
9  characterization of my amended complaint.)
10
11      Thus, I meet my burden of showing by preponderance of evidence
12  that I was trying hard to comply with Judge's order in submitting
13  an amended version of my Complaint within 30 days of the effective
14  date of Judge's Order granting leave to amend.
15      Therefore, to the extent that the Judgement at issue purports
16  to dismiss my amended complaint on ground of being submitted on Nov.
17  26, Monday, judgment is void to that extent.
18
19
20
21
22
23
24
25
26
27
28

p. 3

**II.** TO THE EXTENT THAT JUDGMENT OF DISMISSAL HOLDS THAT MY AMENDED COMPLAINT FAILED TOTALLY TO IMPROVE THE ORIGINAL VERSION, SAID JUDGMENT IS VOID ON GROUND THAT IT IS PLAINLY INCORRECT.

Issue is whehher order of dismissal with prejudice is void to the extent that it purports to find my amended complaint improves nothing and if it changes anything, it changes the complaint for worse ("even less cogent than its predecessor" at p.3: L.25.5).

In my understanding, Order is void to that extent, while I want to note that my amended complaint is far from complete. Order is void within the purview of due process. See, e.g., Rochin v. California, 342 US 165 (52) ("evaluation basedon a disinterested inquiry pursued in the spirit of science").

a. a test is a default hearing.

Suppose that the amended complaint is properly served on all defendnats and respondents, that all of them knowingly fail to file any responsive pleading, adn that a default heairng is held on the amended complaint filed on Nov. 26, 2007.

Here is the question: if I prove the facts alleged in that amended complaint, would the jduge be able to grant reliefs?

Yes. How do I know? I know by imaging that I play the role of the judge. If I were the judge, what would I need to know before (or, in order to) grant some sort of reliefs?

The jduge would wnat to know if the venue i sproper (p.6); if the court has subject matter jurisdiction over a cause of action or claim (p.5 and individual pages of each claim); whether there is any applicable immunity as to a particular claim, such as the doctrie of absolute judicial immunity; what the legal theories are (pp.60 to p.209; if plaintiff has sustained injuires (p.212); what reliefs are being sought (p.223 plus relevant pages of individual claims.

b. <u>another test is a passive hearing in which defendants/respondents make a general appearance and listen passively.</u>

Suppose that defendants and respondents knowingly fail to file any responsive pleading, but appears at hearing or trial where they passively listen to me presenting my evidence and argument/explanation to the judge, on the basis of the amended complaint (perhps more fully developed if the court grants leave to fill out the blanks of 11/26/07 version).

Question is then this: would the court be able to grant reliefs on basis of the 11/26/07 version (or a more complete version)?

Yes, as I understand.

c. <u>a fundamental principle guides how original complaint was revised.</u>

I revised the original complaint on the principle that the amended complaint would help Judge avoid errors when Judge grants reliefs. Suppose that the judge grants some sort of reliefs; judge would like to be assured that his judgment is correct.

I make the amended complaint as clear as it should be, to the extent that I was capable of meeting that goal under the circumstances of my situation. An example is the use of table of content at p.1 and table of content for each claim (which is blank, not yet filled out). Anothe exmaple is the directory at p.3 (not yet complete). Another example is allegations about parties and their capacities. One might take a look at p.47. It clearly identifies Diana Herbert and William E. McGuiness, with their contact information, capacities, immunities which might be issues.

There are important issues of general nature: statute of limitation (p.7 to p 9), venue (p.6), ripeness/mootness (p.70), ~~immunities (p.10-11, p.12).~~

p. 5

1    There are devices helping Judge understand.  Thus, there is
2 a section on definitons (p.15 - p.25); a list of abbreviations used
3 (p.2); a statement of case (p.4),; the format of each claim (e.g., p.60
4 to p.72); in presenting legal theories, I use alphabets to
5 identify each and every cause of action and, within each of them, I
6 use numerals to identify each claim; for each claim, I use a table of
7 content (blank, not yet filled out), a "standard page priv$\overset{id}{\text{in}}$g one
8 with an idea of what one can expect to see/read in a claim (nature
9 of claim, concise statement of claim, parties to that claim,
10 jurisdictional basis, reliefs sought, facts/reasons described); at
11 end of complaint there are $\overset{a}{\text{section}}$ putting together injuries,
12 damages, so foth, and a section putting together reliefs requested.
13    In sum, my revised complaint was being revised on the principle
14 of aprising the Judge of the issues of facts and issues of law,
15 and to avoid errors when granting any relief.
16
17       d.   Another principle is to state a claim concisely.
18    In each claim, I state in plain, short, ordinary langue (excpet
19 inevitable use of essential terms) the claim (see, e.g., claim 1 of
20 cause of action A, at p.61: L.3-6 approximately).  For each of the
21 claim, I have a short statement describing the claim.  That statement
22 usually consists of one sentence, although the sentence might be
23 relatively long in comparison with sentences in ordinary writing.
24    Note that when read in the context of the "standard page"
25 (e.g., p.61), the concise statement of the claim is more meaningful,
26 as one knows the "nature of the claim" (primary guties), jurisdiction,
27 reliefs sought, and facts/reasons described.
28    Order is thus incorrect saying that my 1AC failed the
29 requirement of rule 8(a) ("short and plain statement"), at p.3:L.8-10.

p. 6

1   If, after having read the concise statement of claim, one is
2   not satisfied with the information contained therein or if one wants
3   to know more in detail, one can go on to read the facts/reasons described
4   section (e.g., p.61, plus63 to p.71).
5   In the fact/reasons described section, there are actually
6   two sub-sections: facts and reasons for liability (or justification
7   for reliefs). In reasons subsection, I explain or point out (as
8   I, the pleader, uderstand the facts) why there is liability or
9   why reliefs may be warranted. Take p.66 for example. The duty on
10  defendnats of that claim is traced to due process of the U.S.
11  Constitution, and along the two lines of procedural and substantive
12  due process. On the basis of facts alleged (in a mixed manner, but
13  improvement is certainly possible to be had), such duties have been
14  breached. In the reasons described subsection, I also deal with
15  defenses, if I can think of something (e.g., p.67, RE immunity;.p.69,
16  RE bar to injunction, and 11th amendment bar; potential defenses of
17  ripeness/mootness, or perhaps consideration which the Judge might
18  have atp.70).
19  It suffices to say that the pages following the "standard page"
20  (e.g., p.61) is to flesh out that particular claim. If one does not
21  want to read the rest, one is free to concentrate on the short
22  concise statement of the claim appearing on the "standard page" (e.g.
23  p.61, again).
24
25
26
27
28

      e.   A principle guiding revising complaint is to link a wrongful act/omission to act to particular defendant/respondent.

Take cause of action A, claim #1 (p.61) for example.

The act complained of is that defendnats enlarge the legislatie scope and plain language menaing of CCP s.391.7 to encompass matters in which court of appeal really has no subject matter jurisdiction. (P.61: L.3-6 appro.).

Who did/are doing that act?

It is Herbert and Justice McGuiness, and all other clerks of the court of appeals and their administrative justices (p.61: L.7-9).

Of course, plaintiff is identified as the one who is injured (p.61:L.7).

This claim (pp.61 to p.__) fairly aprise Herbert (Clerk) and Justice McGuiness of the issues of facts and issues of law which they will face in the development of the case.

Thus, Order filed on 2/26/08 is plainly incorrect. It plainly is incorrect in saying, for example, that my amended complaint "adds nothing . . . that provides any further cogency or clarity to [my original version of my complaint[". Order at issue, p.3: L.21-22. Order is greatly misleading in describing my 1AC as "rabling, often incoherent", "egregious afoul" (p.3:L.25.5, L.7).

To some extent the criticism is allright, as literary criticism. But even stupid people are entitled to petition government for a redress of grievances, and good faith evfort and substantial compliance are often held to be enough by courts. (Of course, a judge cannot ask a plaintiff to dmeasure up to a standard which his Honor, if being in the shoes of the plainitff, could not do himself.)

### IV. ORDER AT ISSUE IS VOID WHERE IT SAYS THAT I WERE ATTACKING THE CONSTITUTIONALITY OF CALIFORNIA'S VEXATIOUS LITIGANT STATUTE, ON THE GROUND THAT THIS FINDING IS PLAIN INCORRECT.

The issue is whether Order is void to the extent that it says: that I request that the court declare California's vex. lit. statute unconstitutional (Order, p.3: L.18-19).

Answer: order is void, which greatly misstate my claim and relief sought.

What is the pertinent claim and relief I am making and seeking? See, for example, cause of action A, claim #1 at p 61 to p.72.

One conclusin can be easily made: my complaint does not attack the constitutionality of CCP s.391.7.  My claim needs not attack its supposed constitutionality.

In concise statement of the claim, I say: "[defendants/respondents] alter and enlarge . . . CCP s.391.7 to encompass appeals . . . . violating separation of power doctrine". 1AC, p.61: L.3-6 appro).

Nowhere in my 1AC did I attack the constitutionality of CCP s.391 et seq.

What I am saying in my complaint, for that matter, is that Justice McGuiness does not have the legislative power to alter statutes, which are law passed by people by voting.

p. 9

IV. ORDER IS VOID ON GROUND THAT IT DISCLOSES TOO LITTLE OF COURT'S THINKING TO MEET DUE PROCESS REQUIREMENT.

The issue is whether the Opinion of the trial court judge is fatally lacking in substance such that the judgment predicated upon the former must be void.

I think that yes, the analysis of the Opinion is so greatly insufficient that it does not really demonstrate adjudication of the issues which must be adjudicated before my 1AC could be dismissed with prejudice.

Due process requires hearing. Rochin v. California (1952), supra. What is meant by hearing is important. A hearing must be such that its disposition must reflect an internal evaluation pursued in the spirit of science. Id.

An analysis of the court "should represent the end-product of an internal evluation by the court and its staff sufficient to ensure that the disposition reflects the correct legal result". Cal.Jur.3d appellate review, sec.707, at p.290. People v. Garcia, 97 CA4th 847 (2002) is cited as an example of sufficient analysis. Id.

Here, Judge's analysis is greatly difficient. What it comes down to is really assertions at p.3: Lines 15-20: "plaintiff asks the court to review a prefiling order of Court of Appeal of California and plaintiff asks the court to declare Cal. vex. lit. statute unconstitutional insofar as it encompasses appeals.

That analysis is plainly incorrect, but aside from that, the analysis of Judge is insufficient. Of course, Judge does say that my !AC is terrible. Well, what can I say? My objective evaluation of the qualifity of my1AC is that it is good, although it still has a lot of blanks to be filled out, and edited appropriately.

Thus, Judge did not really give me a true hearing, although I understnad the fact that a judge's job is very, very difficult.

V. Order at issue is void on ground that Judge did not give me a notice of court's own motion to dismiss with prejudice.

Judge dismissed my complaint without giving me notice and opportunity to be heard.

Due process requires that one is entitled to notice and opportunity to be heard before one is deprived of life, liberty, property interests.

Here, my causes of action are my property. Logan__, _ U.S. __.

I was not given notice to be heard, in defense of my 1AC against the charges alluded to (but insufficiently elucidated, if valid at all, in Judge's Opinion.

It has been often held that without notice, orders are void.

I believe that those case law applies to this situation.

Therefore, Order and judgment is void to the extent that it dismiss complaint with prejudice (such a dismissal operaates as a judgment for the defendnats/respondents).

1  VI. DISMISSAL WITH PREJUDICE IS VOID ON GROUND THAT IF FILING
2      FEE IS NOT WAIVED (NOR IS IT PAID), THERE IS NO EFFECTIVE COMPLIANT TO BE DISMISSED WITH PREJUDICE.
3
4      If filing fee is not waived, then the complaint filed
5  previously is merely received, not actually filed.
6      Thus, there is no valid complaint for judgment to be rendered
7  on the received complaint.
8      Likewise, because dismissal with prejudice operates as a
9  jdugment, the dismissal with prejudice here cannot operates as
10 a judgment because the court has no personal jurisdiction over any of
11 the defendants/respondents. The court can no more make judgment
12 against them as for them.
13     Thus, I conclude that the judgmetn is void. A dismissal
14 without prejudice is valid because it means the court's refusla to
15 hear the cause; that is not what Judge is doing here.
16
17
18
19
20
21
22
23
24
25
26
27
28

1   VII.   ORDER OF DISMISSAL WITH PREJUDICE IS VOID ON GROUND THAT
           TO THE EXTENT THAT IT RELIES ON ROOKER FELDMAN DOCTRINE, SAID
2          DOCTIRNE IS INAPPLICABLE IN THIS CASE AS FAR AS THE CAUSES OF
           ACTIONS ARE CONCERNED.

The issue is whehter rooker-feldman doctrine bar this court from having subject matter jurisdiction as to any or all of the causes of action, or any claim contained therein?

Answer: I don't see how Rooker-feldman doctrine could stop the court from exercising subject matter jurisdiction in this case.

Recently, the High Court has clarified the meaning of the so-called doctrine. In Lance v. Dennis, 546 US 459 (2006), the High Court said: ". . . we warned that the lower courts have at times extended Rooker-Feldman 'far beyond the contours of the Rooker and Feldman cases, overriding Congress' conferral of federal-court jurisdiction. . . ." Id. p.464. (See also Justice Stevens dissent, which criticised the R-F doctrine, but disagreed with majority in that His Honor believes that lower court's dismissal should be affirmed under preclusion principle, not under R-F doctrine).

It is clearly stated in both Exxon v. Saudi, 544 US 280 (2005) and Lance v. Dennis that the scope of R-F doctirne is very much limited.

In Exxon, the court held: "The rooker-feldman doctirne. . . is confined to cases of the kind form which the doctrine acquired its name: cases brought by state-court losers conmplaint of injuries casued by state court judgments rendered before the district court proceedings commenced and invitingdistrict court review and rejection of those judgments". 544 US at p.284.

Here, my causes of action are outside the scope (which is very "narrow") of R-F doctrine.

Take cause of action A, its claim #1 for example (p.61).

(1)   it has been held that CCP s.391.7 proceeding is not necessarily

P 13

1  judicial. (Citation not available at this time)   It is an
2  administrative proceeding.  Justice McGuiness is an administrative
3  official. so is Herbert (Clerk).
4  (2)   Justice McGuiness' Orders are not appealable  as a
5  final judgment, as these orders are not judgments or final determination.
6  (3)   I am not necessarily a loser injured by state court judgments.
7  In contrast, I am the winnder, but they00including Justice mcGuiness
8  are blocking the proceedings of state courts from reaching final
9  determination.
10  (4)   My cause attacks the procedure as applied to all vex. lit.
11  plaintiffs, and my cases show my standing to seek judicial
12  reliefs in this fed. court.
13  (5)   Many orders are absolutely void in the sense that they lack
14  jurisdiction in the fundamental sense, hence being outside the
15  scope of R-F doctrine. Orders void on their very face or upon
16  a close-up inspection of underlying records are utterly unenforceable.
17  That is well established in California and, according to CJS, all
18  jurisdictions of U.S. (Citations not available at this time)
19  (6) orders attacked in my complaint are fraudulent due to both
20  extrinsic and intrinsic fruad, although the extent of successful
21  proof by me is open to question.
22  (7) The Acts & omissions to not are within purview of state & federal criminal law. To state a long story short, the rationale of R-F doctrine is
23  that the US Supreme Court's appellate jurisdiction ousts district court
24  from exercising SMJ which is expressed granted by Congressional
25  statutes.  Justice Setvens is plainly correct. <u>Lance</u>, <u>supra</u>, 546 US
26  at p.467-8: "Rooker. . . correctly applied the simple proposition . . .
27  Feldman. . . was incorrectly decided  . . . . Last term. . . the
28  Court finally interred the so-called Rooker-Feldman doctrine.  And

today, the Court quite properly disapproves the District Court's
p.
resuscitation of a doctrine that has produced nothing but mischief for
23 years"

1   23 years". (I apologize for the imperfect quoting of the Justice.)

2

3   Therefore, it is clear and certain that Judge has mispplied the

4   R-F doctrine. My causes of action are far outside the narrow scope

5   of what has been improperly called a doctrine, which is really a

6   simple proposition as Justice Steven said, quoated above.

7   Thus, Judgement is void.

15  P.S. If Judge would accpet further elaboration of this topic, I would
16  gladly submit one; I would need at least couple weeks to write up
17  an amended section for this topic. Thank your Four Honor. I realize
18  that the case places a lot of work on your Honor and your staff. It
19  is very difficult to be a judge of federal court.
20

21  VIII.   JUDGMENT IS VOID ON GROUND THAT IT IS UNCONSCIENABLE.

22  For authorities, please see <u>Olivera v. Grace</u>, 19 Cal.2d 570 (42).

27  respectfullysubmitted byHung Ha on March 7, 2008

28  _____

p. 15