Hung Ha
P. O. box 367
Berkeley, CA 94701-0367
E-mail address: seasprout9@yahoo.com
Plaintiff/Petitioner in Pro Per
Date: July 1, 2008 (Tuesday)
Tracking no. of cert. mail: 7007 1490 0002 5197 5421

FILED
JUL - 2 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF NORTHERN CALIFORNIA

HUNG HA
    Plaintiff/Petitioner

vs.

WILLIAM E. MCGUINESS, DIANA HERBERT,
STATE OF CALIFORNIA, et al,
    Defendants/respondents

Case No.: C07-03777   SBA

LETTER TO COURT (RE clarification or amendment, filing fee payment, Rooker-Feldman Doctrine

(No proof of service)

Plaintiff respectfully submit to the court the following:
RE clarification/amendment
   Submitted to the court on March 7, 2008, my request that the court dispose the rest of the action is essentially a request that the court adjudicate the rest of the action other than that which asserts causes of action or claims as to William E. McGuiness, Diana Herbert, and the like. My use of the term, "dispose", is less than accurate. The term, "adjudicate", rather than "dipose", should have been more appropriate. If I may, I respectfully request that "Request that Court Dispose Rest of the Action, as to the Appended Equity Actions" be amended accordingly, substituting "adjudicate" for "dispose".

filing fee
   In support of my motion for leave to pay filing fee, which was submitted on March 7, 2008, I respectfully submit my personal check in the amount of $350.00 toward paymnet of said filing fee. As of June 23, 2008, Monday, I had $1,096.30 in my WaMu free checking account; I earned much of the money in May and June by doing day labor. If Courts slow down pace of litigation to allow me time to earn money, I am able to earn enough to pay my court fees.

(To assist the court in making informed decision, I submit these authorities: Ruth v. First National Bank of New Jersey, 410 F.Supp. 1233 [DC New Jersey 1976]; Franklin v. Murphy, 745 F.2d 1221 [9th cir. 1984]; Eldridge v. Block, 832 F.2d 1132 [9th Cir. 1987]).

Rooker-Feldman Doctrine
   I had done substantial amount of legal research after Marcy 7, 2008 (on which I submitted motion to vacate void dismissal order), up to about May 30, 2008. My conclusion based on additional reading is that the Court has subject matter jurisdiction notwithstanding said doctrine. I'd like to inform that Court that for the time being I am unable to submit additional argument, but I will do so in August if there is a chance.

LETTER TO COURT