**United States District Court**
For the Northern District of California

| | |
|---|---|
| HUNG HA, | No. C 07-3777-SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket Nos. 13, 14, 18] |
| WILLIAM MCGUINESS, *et al.*, | |
| Defendants. | |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

This matter is before the Court on Plaintiff's *ex parte* motions to set aside the Court's Order to Dismiss with Prejudice [Docket Nos. 13, 18] and to Set Aside the Court's Judgment [Docket No. 14]. For the reasons discussed below, the Court DENIES the motions.

**BACKGROUND**

On February 26, 2008, the Court denied plaintiff's application to proceed in forma pauperis and dismissed the complaint with prejudice for plaintiff's failure to state a claim for which relief could be granted. [Docket No. 12]. On March 7, 2008, the plaintiff filed *ex parte* motions to set aside the Court's Order to dismiss. [Docket Nos. 13-14]. A third *ex parte* motion to set aside the judgment was filed on October 20, 2008. [Docket No. 18]. In the interval between filing the pending motions, he paid the $350 filing fee, in spite of the fact that his complaint had been dismissed and the case closed. The dockets in two cases (also closed) before Judge Illston demonstrate a good deal of parallel activity, in spite of the Court's order that no further motions for reconsideration will be considered.

**LEGAL STANDARDS**

**A. Ex Parte Motions**.

Local Rule 7-10 authorizes a party to file an *ex parte* motion only if a statute, federal rule,

1 local rule or standing order authorizes it under the circumstances, the party has complied with the
2 applicable provisions in approaching the Court on an *ex parte* basis, and the *ex parte* motion
3 includes the citation of the statute, rule, or order which permits the use of an *ex parte* motion to
4 obtain the relief sought.

**B. Setting Aside an Order or Judgment.**

In order to set aside an order or judgment pursuant to Fed. R. Civ. P 60(b), the moving party must allege:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it was based on an earlier judgment that has been reversed or vacated; or applying it prospectively is longer equitable; or

(6) any other reason that justifies relief.

There are no fixed standards to determine the parameters of mistake, surprise, or excusable neglect under Fed. R. Civ. P. 60(b)(1). 47 Am. Jur. 2d *Judgments* § 686 (2008). The court's decision to set aside a judgment on any of these grounds turns upon the unique factual background of the particular case. *Id.* However, excusable neglect requires some justification for error beyond mere carelessness or ignorance of the law on the part of the litigant. *Id.* Excusable neglect must be neglect of a nature that would cause a reasonably prudent person under similar circumstances to act similarly. *Id.* at § 689. Surprise occurs when something contrary to the party's understanding or agreement with the adversary happens. *Id.* at § 688. A showing of exceptional circumstances and legal injury or detriment must be shown for surprise. *Id.* Absent plain error, a party must object at trial in order to seek relief on the basis of surprise under Rule 60(b). *Sadowski v. Bombardier Ltd.*, 539 F.2d 615, 618 (7th Cir.1976). In other words, "a party may not sit silently by, letting claimed

error occur and then seek relief if the result is unfavorable." *Id.*

## ANALYSIS

### I.     Ex Parte Motion

Under Local Rule 7-10, the plaintiff must state the statute, rule, or order which permits the use of an *ex parte* motion. Plaintiff cites Fed. R. Civ. P. 60(b) as the justification to file *ex parte* without giving notice to the 19 named plaintiffs.  Rule 60(b) does not provide a basis for filing *ex parte* motions and his *ex parte* motions are DENIED for failure to comply with Local Rule 7-10.

### II.    Setting Aside the Court's Order

The plaintiff moves to set aside the Court's Order dismissing his complaint under Fed. R. Civ. P. 60(b)(1), (4), (5), and (6).

Plaintiff contends there was excusable neglect and surprise regarding the filing fee because the Court failed to provide him with sufficient opportunity to pay.  This is an unavailing argument because Ha's complaint was not dismissed because he had not paid the fee.  On the contrary.  The Court found that he was unable to pay, and had his complaint stated a claim, he would have been granted in forma pauperis status in order to continue prosecuting his claims.  However, he was denied in forma pauperis status because his complaint was without merit.  The Order is clear about the reasons for dismissal and they do not need to be restated here *See* Order, Docket No. 12.  That the plaintiff later paid the filing fee is irrelevant to the dismissal of his case.  Had he paid the fee initially, the outcome would have been the same on an eventual motion to dismiss.  The Court undertook a 12(b)(6) analysis of the complaint and found it failed to state a claim, fee or no fee.

The plaintiff also argues he misunderstood the deadline for filing an amended complaint, and therefore, under Fed. R. Civ. P. 60(b)(1) and (b)(4), his failure to timely file should be excused and his amended complaint should be accepted by the Court.  Additionally, Ha believes his amended complaint improved the original complaint and therefore should be accepted by the Court.  The dismissal of Ha's complaint, as discussed, has nothing to do with timeliness.

Finally, the plaintiff contends the judgment against him should be set aside because it is void under the 5th Amendment because the issues are too complex for him.  Complexity of legal issues is not sufficient to dismiss the Order under Fed. R. Civ. P. 60(b).  Nor should the judgment be set aside

3

for alleged due process reasons. The plaintiff does not have an entitlement to a hearing before the Court on an application to proceed in forma pauperis. The Court found the submissions were complete and that resolution of the matter was appropriate without a hearing.

The Court dismissed the plaintiff's complaint for the failure to state a claim, and gave its reasons therein. Dismissal was proper as to all claims, and there are no Rule 60(b) reasons to support setting aside the order of dismissal and judgment.

## CONCLUSION

For the reasons stated above, the Court DENIES the plaintiff's motions. <u>No further motions for reconsideration will considered</u>.

IT IS SO ORDERED.

Dated: 2/23/09

                              Saundra Brown Armstrong
                              United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG HA, | Case Number: CV07-03777 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| WILLIAM E. MCGUINESS et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 23, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Hung Ha
P.O. Box 367
Berkeley, CA 94701-0367

Dated: February 23, 2009

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

5